Phil Telfeyan
California Bar No. 258270
Attorney, Equal Justice Under Law
601 Pennsylvania Avenue NW
South Building — Suite 900
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org
*Attorney for Plaintiffs Riana Buffin and Crystal Patterson*

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE STATE OF CALIFORNIA,<br><br>　　Defendants. | Case No. 15-CV-4959<br>(Class Action) |

## CLASS ACTION COMPLAINT

### Introduction

This case is about San Francisco's wealth-based pretrial detention scheme, which operates to jail some of San Francisco's poorest residents solely because they cannot pay an arbitrary amount of money. Named Plaintiffs Riana Buffin and Crystal Patterson were arrested within the past 48 hours and are currently imprisoned in the county jail solely because they are too poor to pay the amount of money generically set by the fixed "bail schedule" used by San Francisco.

In San Francisco, arrestees face two different outcomes depending on their wealth status. Wealthy arrestees purchase their freedom by paying an arbitrary amount set by the bail schedule. Poor arrestees must languish behind bars until the resolution of their case, simply because they cannot afford to pay a pre-determined sum of money. In Defendants' wealth-based detention scheme, the sole criterion determining whether a pretrial arrestee walks free or sits in jail is the amount of money she has.

On behalf of the many other arrestees subjected to the Defendants' unlawful and ongoing wealth-based detention scheme, the named Plaintiffs in this action challenges the use of a generic "bail schedule" that operates to detain poor arrestees while letting rich arrestees free. Defendants' wealth-based detention scheme has no place in a system that promises equal justice under law, and it violates the Due Process and Equal Protection Clauses of the Constitution.

By and through their attorneys and on behalf of themselves and all others similarly situated, the named Plaintiffs seek in this civil action the vindication of their fundamental rights, injunctive relief assuring that their rights and the rights of the other Class members will not continue to be violated, and a declaration that Defendants' wealth-based detention practices are unlawful.

## Nature of the Action[1]

1.  It is the policy and practice of the City and County of San Francisco to refuse to release arrestees from jail unless they pay a generic and arbitrary "bond" amount. That amount is determined by a fixed "bail schedule" set by San Francisco under direction of state law. Because this sum is set generically by reference to the alleged offense of arrest, no individualized factors are considered, and anyone who cannot afford to pay is held in jail for at least two days

---

[1] Plaintiffs make the allegations in this Complaint based on personal knowledge as to matters in which they have had personal involvement and on information and belief as to all other matters.

— and often longer — before any court appearance. Plaintiffs seek declaratory and injunctive relief.

### Jurisdiction and Venue

2. This is a civil rights action arising under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, *et seq.*, and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

### Intradistrict Assignment

4. Assignment to the San Francisco Division is proper pursuant to Civil L.R. 3-2(c). The events giving rise to this claim arise in the County of San Francisco.

### Parties

5. Named Plaintiff Riana Buffin is a 19-year-old resident of Oakland. She lives with her mother, whose only source of income is disability payments, and her three younger brothers. Her two youngest brothers, ages 9 and 10, suffer from disabilities. She represents herself as an individual and represents a Class of similarly situated people subjected to Defendants' wealth-based detention scheme.

6. Named Plaintiff Crystal Patterson is a 29-year-old resident of San Francisco. She lives with and is the primary caregiver for her grandmother. Her mother is unemployed and homeless. She represents herself as an individual and represents a Class of similarly situated people subjected to Defendants' wealth-based detention scheme.

7. Defendant City and County of San Francisco is a municipal corporation organized under the laws of the State of California. The City and County operates the San Francisco Sheriff's Department, county jail, and the Superior Court. The City and County enacts and

executes its bail schedule as directed under the laws of the State of California. *See* Exhibit 1, San Francisco Bail Schedule.

8. Defendant State of California requires the City and County of San Francisco to enact a fixed bail schedule, thereby creating a wealth-based pretrial detention scheme. *See* Cal. Pen. Code § 1269b. The State of California gives Plaintiffs a constitutional right to release pending trial, but conditions their release on their ability to afford a specified bail amount, thus tying their pretrial freedom to their wealth-status.

## Factual Background

**A.  The Named Plaintiffs' Arrests**

9. Riana Buffin is a 19-year-old resident of Oakland.

10. Ms. Buffin was arrested by San Francisco police on October 26, 2015. She was charged with grand theft of personal property and conspiracy.

11. Ms. Buffin was taken to jail and told that she would be released if she paid $30,000. She was told that she would be kept in jail unless she paid $30,000. *See* Exhibit 2, Declaration of Riana Buffin.

12. Ms. Buffin is indigent. She survives on the income she makes working at the Oakland airport for $10.25 per hour. She lives with her mother, who has been diagnosed with disabilities and receives disability payments. She is also a caretaker for her three younger brothers, two of whom suffer from severe disabilities.

13. Ms. Buffin was not told when she would be brought to court and has not been brought to court for an initial appearance. Pursuant to Defendants' policy, Ms. Buffin may not be brought to court until 72 hours after her arrest, or even longer if she is rebooked.

14. Crystal Patterson is a twenty-nine year old resident of San Francisco.

15. Ms. Patterson was arrested by San Francisco police on October 27, 2015. She was charged with assault with force causing great bodily injury.

16. Ms. Patterson was taken to jail and told that she would be released if she paid $150,000. She was told that she would be kept in jail unless she paid $150,000. *See* Exhibit 3, Declaration of Crystal Patterson.

17. Ms. Patterson is indigent. She survives on the income she makes doing in-home care services for $12.50 per hour. She lives with her grandmother, who is unemployed. Because her mother is homeless and unemployed, Ms. Patterson is the primary caregiver for her grandmother, and her income goes to supporting her and her grandmother's basic necessities of life.

18. Ms. Patterson was not told when she would be brought to court and has not been brought to court for an initial appearance. Pursuant to Defendants' policy, Ms. Patterson may not be brought to court until 72 hours after her arrest, or even longer if she is rebooked.

**B.    Defendants' Policies and Practices**

19. The named Plaintiffs would be released from jail immediately if they paid the amount of cash generically set by Defendants' bail schedule.

20. The treatment of the named Plaintiffs and other Class members is caused by and is representative of Defendants' wealth-based pretrial detention policies and practices.

21. As a matter of policy and practice, when the San Francisco Sheriff's Department books a new arrestee at the county jail, county employees inform the arrestee at booking that she will be released from jail immediately if she pays money set by a fixed schedule. Exhibit 1, Bail Schedule. The arrestee is told that she will remain in jail if she is not able to make that payment.

22.	Those arrestees too poor to purchase their freedom are, as a matter of policy, detained for two-to-five days without ever having appeared in court.  An arrestee's first appearance in county court occurs at least two business days after arrest, not including weekends and holidays.

23.	After an arrest, San Francisco does not deviate from its bail schedule.

24.	In San Francisco, approximately 18,000 individuals are booked in county jail every year.  At any given time, approximately 85% of county jail inmates are being detained pretrial.

25.	On a typical day, approximately 50 new arrestees are locked in the county jail.  Although they have not yet been proven guilty of the crime for which they have been arrested, there are more than 100 individuals at any given time who are being detained solely because they cannot afford money bail.

26.	Approximately 90% of pretrial detainees are held due to probation revocation proceedings, imposition of a suspended sentence, or violation of terms of release.  Even discounting this percentage, more than 1,800 individuals are detained annually solely due to their wealth-status.  Such individuals would not be jailed were it not for Defendants' wealth-based pretrial detention scheme.

27.	Wealthy arrestees in San Francisco can purchase immediate release by providing the scheduled amount of cash.  Some remain detained for varying lengths of time until they or their families are able to borrow sufficient amounts of money or arrange for third-party payment.  Others, like the named Plaintiffs, who are too poor even to find anyone to pay the money bond for them, are kept in jail until the resolution of their case.

28. Defendants have numerous reasonable alternatives to wealth-based detention that would maximize public safety and court appearances. Many of Defendants' less restrictive alternatives are currently used for individuals released pending trial. For example, San Francisco currently utilizes electronic monitoring and SCRAM bracelets (for alcohol testing), among other conditions of release, when necessary to guard against a particular risk. Under San Francisco's supervised pretrial release program, individuals released pending trial can be required to report in-person daily, take substance abuse programs and classes, attend twelve-step programs for drug and alcohol (such as Alcoholics Anonymous or Narcotics Anonymous), batterer intervention programs, receive counseling, and take prescribed medication. San Francisco also has court-accountable homeless services and can operate its Navigator Program, which gives rides to court appearances for those unable to transport themselves. Courts can also impose other conditions to protect public safety, such as stay-away orders or home detention.

29. Many poor arrestees are promised under the laws of the State of California that they have a right to pretrial release, but this promise is purely hypothetical, and Defendants condition that right on an arrestee's wealth status; only those who can afford the arbitrary bail amount are permitted release.

## Class Action Allegations

30. The named Plaintiffs bring this action, on behalf of themselves and all others similarly situated, for the purpose of asserting the claims alleged in this Complaint on a common basis.

31. A class action is a superior means, and the only practicable means, by which the named Plaintiffs and unknown Class members can challenge the Defendants' unlawful wealth-based detention scheme.

32. This action is brought and may properly be maintained as a Class action pursuant to Rule 23(a)(1)–(4) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

33. This action satisfies the numerosity, commonality, typicality, and adequacy requirements of those provisions.

34. The Plaintiffs propose one Class seeking declaratory and injunctive relief. The Declaratory and Injunctive Class is defined as: all arrestees unable to pay for their release pursuant to Defendants' fixed bail schedule who are or who will become in the custody of the City and County of San Francisco.

### A.   Numerosity — Fed. R. Civ. P. 23(a)(1)

35. The San Francisco County Jail detains approximately 18,000 individuals annually. Of those, approximately 85% are detained pretrial. Each arrestee is presented with San Francisco's standard cash bond choice of pay or jail. Arrestees are held in jail for varying lengths of time depending on how long it takes them to make the cash payment that San Francisco requires for their release.

36. Some arrestees are able to pay for release immediately. Others are forced to wait several days (or longer) until they or family members can make the payment. Others are not able to pay or to find someone else to pay for them, and they are held in the county jail pursuant to Defendants' wealth-based detention scheme.

37. The number of current and future arrestees subjected to this policy — if it is not enjoined — is well into the hundreds.

### B.   Commonality — Fed. R. Civ. P. 23(a)(2)

38. The relief sought is common to all members of the Class, and common questions of law and fact exist as to all members of the Class. The named Plaintiffs seek relief concerning

whether Defendants' policies, practices, and procedures violate the rights of the Class members and relief mandating Defendants to change their policies, practices, and procedures so that the constitutional rights of the Class members will be protected in the future.

39. These common legal and factual questions arise from one central scheme and set of policies and practices: Defendants' wealth-based detention schedule. Defendants operate this scheme openly and in materially the same manner every day. The material components of the scheme do not vary from Class member to Class member, and the resolution of these legal and factual issues will determine whether all of the members of the class are entitled to the constitutional relief that they seek.

Among the most important, but not the only, common questions of fact are:

- Whether San Francisco has a policy and practice of using a fixed "bail schedule" to determine the amount of money necessary to secure post-arrest release;
- Whether San Francisco requires that scheduled amount of money to be paid up front before it will release a person from jail;
- What standard post-arrest procedures San Francisco performs on new arrestees.

40. Among the most important common question of law are:

- Whether a fixed "bail schedule" setting standard amounts required up front to avoid post-arrest detention violates the Fourteenth Amendment's Due Process and Equal Protection Clauses.
- Whether Defendants' scheme detaining indigent arrestees solely based on their inability to pay an arbitrary amount of money violates the Fourteenth Amendment's Due Process and Equal Protection Clauses.

C. **Typicality — Fed. R. Civ. P. 23(a)(3)**

41. The named Plaintiffs' claims are typical of the claims of the other members of the Class, and they have the same interests in this case as all other members of the Class that they represent. Each of them suffers injuries from the failure of the City to comply with the basic constitutional provisions: they are each confined in jail because they could not afford to pay the City's fixed cash bond amount. The answer to whether the City's scheme of policies and

practices is unconstitutional will determine the claims of the named Plaintiffs and every other Class member.

42. If the named Plaintiffs succeed in the claim that Defendants' policies and practices concerning wealth-based detention violate their constitutional rights, that ruling will likewise benefit every other member of the Class.

### D. Adequacy — Fed. R. Civ. P. 23(a)(4)

43. The named Plaintiffs are adequate representatives of the Class because their interests in the vindication of the legal claims that they raise are entirely aligned with the interests of the other Class members, who each have the same basic constitutional claims. They are a member of the Class, and their interests coincide with, and are not antagonistic to, those of the other Class members.

44. There are no known conflicts of interest among members of the proposed Class, all of whom have a similar interest in vindicating their constitutional rights in the face of their unlawful treatment by their local government.

45. Plaintiffs are represented by attorneys from Equal Justice Under Law, who have experience in litigating complex civil rights matters in federal court and extensive knowledge of both the details Defendants' scheme and the relevant constitutional and statutory law. Counsels' relevant qualifications are more fully set forth in the contemporaneously filed Motion for Class Certification.

46. The combined efforts of Class counsel have so far included extensive investigation into fixed money bail schemes over a period of months, including numerous interviews with witnesses, court employees, jail inmates, families, attorneys practicing in municipal courts throughout the region, community members, statewide experts in the

functioning of state and local courts, and national experts in constitutional law, post-arrest procedure, law enforcement, judicial procedures, criminal law, pretrial services, and jails.

47. Class counsel has a detailed understanding of state law and practices as they relate to federal constitutional requirements. Counsel have studied the way that these systems function in other cities in order to investigate the wide array of lawful options in practice for municipalities.

48. As a result, counsel have devoted enormous time and resources to becoming intimately familiar with Defendants' scheme and with all of the relevant state and federal laws and procedures that can and should govern it. Counsel has also developed relationships with many of the individuals and families most victimized by Defendants' practices. The interests of the members of the Class will be fairly and adequately protected by the Plaintiffs and their attorneys.

**E.   Rule 23(b)(2)**

49. Class action status is appropriate because Defendants — through the policies, practices, and procedures that make up their wealth-based detention scheme — have acted in the same unconstitutional manner with respect to all class members. Defendants have created and applied a simple scheme of wealth-based detention and release: wealthy arrestees can purchase their immediate release, while poorer arrestees must remain in jail. San Francisco releases those who can pay and detains those who cannot.

50. The Class therefore seeks declaratory and injunctive relief to enjoin San Francisco from continuing in the future to detain impoverished arrestees who cannot afford cash payments. Because the putative Class challenges Defendants' scheme as unconstitutional through declaratory and injunctive relief that would apply the same relief to every member of the Class,

Rule 23(b)(2) certification is appropriate and necessary.

51. Injunctive relief compelling Defendants to comply with these constitutional rights will similarly protect each member of the Class from being subjected to Defendants' unlawful policies and practices.  A declaration and injunction stating that Defendants cannot use a fixed cash "bail schedule" that jails indigent arrestees but frees arrestees with financial means would provide relief to every member of the Class.  Therefore, declaratory and injunctive relief with respect to the Class as a whole is appropriate.

52. Plaintiffs seek the following relief and hereby demand a jury in this cause for all matters so appropriate.

## Claims for Relief

**Count One: Defendant City and County of San Francisco Violates Plaintiffs' Rights by Jailing Them Because They Cannot Afford a Monetary Payment Prior to a First Court Appearance**

53. Plaintiffs incorporate by reference the allegations in paragraphs 1–52.

54. The Fourteenth Amendment's Due Process and Equal Protection Clauses have long prohibited imprisoning a person because of the person's inability to make a monetary payment.  Defendant San Francisco violates Plaintiffs' fundamental rights by placing and keeping them in jail solely because they cannot afford to pay the amount of cash set by the generic fixed bail "schedule" used by San Francisco.

**Count Two: Defendant State of California Violates Plaintiffs' Rights by Requiring Defendant City and County of San Francisco to Condition Pretrial Release on Monetary Payment Prior to a First Court Appearance**

55. Plaintiffs incorporate by reference the allegations in paragraphs 1–54.

56. The Fourteenth Amendment's Due Process and Equal Protection Clauses have long prohibited imprisoning a person because of the person's inability to make a monetary

payment. Defendant State of California violates Plaintiffs' rights by requiring Defendant City and County of San Francisco to adopt a bail schedule that results in detaining them solely because they cannot afford to pay an arbitrary amount of money.

### Request for Relief

WHEREFORE, Plaintiffs and the other Class members request that this Court issue the following relief:

a. A declaratory judgment that Defendants violate the named Plaintiffs' and Class members' constitutional rights by jailing them and keeping them in jail solely because they cannot pay a generically set amount of money to secure release after an arrest;
b. An order and judgment preliminarily and permanently enjoining Defendants from enforcing their unconstitutional wealth-based post-arrest detention policies and practices against the named Plaintiffs and the Class of similarly situated people that they represent;
c. A judgment individually compensating the individual named Plaintiffs for the damages that they suffered as a result of Defendants' unconstitutional and unlawful conduct, including damages resulting from her confinement in jail;
d. An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Phil Telfeyan*
Phil Telfeyan (California Bar No. 258270)
Attorney, Equal Justice Under Law
601 Pennsylvania Avenue NW
South Building — Suite 900
Washington, D.C. 20004
(202) 505-2058
ptelfeyan@equaljusticeunderlaw.org

*/s/ Katherine Hubbard*
Katherine Hubbard (California Bar No. 302729)
Attorney, Equal Justice Under Law
601 Pennsylvania Avenue NW
South Building — Suite 900
Washington, D.C. 20004
(319) 325-2788
khubbard@equaljusticeunderlaw.org
*Attorneys for Plaintiffs*