UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANA BUFFIN, ET AL.**, <br> Plaintiffs, <br> v. <br> **CITY AND COUNTY OF SAN FRANCISCO, ET AL.**, <br> Defendants. | Case No. 15-cv-04959-YGR <br><br> **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING TELECONFERENCE** <br> Re: Dkt. No. 2 |

On October 28, 2015, plaintiffs filed their complaint and motion for a temporary restraining order and preliminary injunction. (Dkt. Nos. 1, 2.) Later that day, plaintiffs filed a class certification motion, set for hearing on December 8, 2015. (Dkt. Nos. 7, 12.) Defendants were served with the complaint and motion for a temporary restraining order and preliminary injunction yesterday. Having reviewed the papers submitted, the Court **DENIES** the motion for a temporary restraining order and **SETS** a teleconference to establish a briefing schedule on the motion for a preliminary injunction.

Plaintiff Rianna Buffin was arrested on October 26, 2015 and charged with grand theft of personal property and conspiracy. (Dkt. No. 1 ("Complaint") ¶¶ 9-10.) She could have secured pretrial release with a $30,000 bail payment pursuant to San Francisco's bail schedule, but is purportedly unable to afford the payment. (*Id*. ¶ 11.) Plaintiff Crystal Patterson was arrested on October 27, 2015 and charged with assault with force causing great bodily injury. (*Id*. ¶ 15.) Her pretrial release bail was set at $150,000 pursuant to the schedule, an amount she is also allegedly unable to pay. (*Id*. ¶ 16.) Both defendants were expected to be brought before a judge within 72 hours of arrest. (*Id*. ¶ 13.) Thus, they may have already been released from custody. The motion seeks to enjoin defendants from holding plaintiffs and those similarly situated in jail without offering release on unsecured bond or recognizance where they are unable to pay the applicable

bail amounts.  (Dkt. No. 2 at 24.)

Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,* 434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg lnt'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal citations omitted).  Whether seeking a temporary restraining order or a preliminary injunction, a plaintiff must establish four factors: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

As a preliminary matter, the Court notes that the instant motion seeks affirmative relief—namely, the immediate release, prior to a hearing or a response by defendants, of not only the named plaintiffs but of a large number of individuals from pretrial custody without imposition of the typical bail requirement.  "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted); *see also Stanley v. Univ. of S. California*, 13 F.3d 1313, 1320 (9th Cir. 1994) (noting mandatory injunctions, which go "beyond simply maintaining the status quo," are "particularly disfavored" and requests therefor should be denied "unless the facts and law clearly favor" the movant) (internal quotations and citations omitted); *Sosa v. Lantz*, 660 F. Supp. 2d 283, 290 (D. Conn. 2009) (denying motion for temporary restraining order seeking "affirmative relief *changing* the status quo" where prisoner sought a larger cell and a non-Muslim cellmate) (emphasis in original).  While the Court takes no position on the underlying merits of the claims, plaintiffs have failed to establish at this juncture that a temporary restraining order is in the public interest and granting it as requested would constitute a significant departure from the status quo.  The Court finds that, despite any intervening harm to plaintiffs, the equities favor maintaining the

status quo pending a response from defendants.  Moreover, the allegations of the complaint suggest named plaintiffs may have already been released from custody.

Therefore, the Court **SETS** a teleconference for **Monday, November 2, 2015** to set a briefing schedule on the motion for a preliminary injunction.  Counsel for plaintiffs shall meet and confer with defense counsel and agree upon a time for the call.  Plaintiffs shall inform the Court of the agreed upon time and dial-in number through the Courtroom Deputy.

**IT IS SO ORDERED.**

Dated: October 30, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**