1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 WAYNE K. SNODGRASS, State Bar #148137
JEREMY M. GOLDMAN, State Bar #218888
3 Deputy City Attorneys
City Hall, Room 234
4 1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
5 Telephone: (415) 554-6762
Facsimile: (415) 554-4699
6 E-Mail: jeremy.goldman@sfgov.org

7
Attorneys for Defendant
8 CITY AND COUNTY OF SAN FRANCISCO

9

10 UNITED STATES DISTRICT COURT

11 NORTHERN DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13 RIANA BUFFIN and CRYSTAL PATTERSON, et al., | Case No. C15-04959 YGR |
| 14 Plaintiffs, | **SAN FRANCISCO'S NOTICE OF JOINDER IN THE MOTION TO DISMISS UNDER RULE 12(b)(6) BY THE STATE OF CALIFORNIA; NOTICE AND MOTION IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)** |
| 15 vs. | |
| 16 THE CITY AND COUNTY OF SAN FRANCISCO and THE STATE OF CALIFORNIA, | |
| 17 | |
| 18 Defendants. | Hearing Date: January 5, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor |

PLEASE TAKE NOTICE that Defendant City and County of San Francisco ("the City") joins in the motion to dismiss under Rule 12(b)(6) filed by the State of California ("the State") (ECF No. 20) to the extent that the motion seeks dismissal of this action pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). If the motion to dismiss based on *Younger* abstention is denied, the City moves in the alternative for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

The City does not separately brief the issue of *Younger* abstention, and simply joins in the State's motion to dismiss the action on that ground. If that motion is denied, however, the City seeks an order requiring a more definite statement of Plaintiffs' claim. Under the circumstances, this request is a modest one. Plaintiffs' complaint does not address the existence or operation of various provisions of California law that permit arrestees to apply for release on their own recognizance or for a reduction in bail, including before the initial appearance (depending on the offense charged). As discussed below, the failure to explain why those alternatives are inadequate leaves the legal basis or bases of Plaintiffs' claim fundamentally uncertain. Moreover, as discussed in the City's concurrently filed opposition to Plaintiffs' motion for a preliminary injunction, the City cannot tell what relief Plaintiffs are seeking. While Plaintiffs' attack is fundamentally directed at state law—they appear to have sued the City only insofar as it enforces state law as any other county—the City cannot meaningfully take a position on Plaintiffs' claim before it understands what that claim is and what relief it seeks.

## BACKGROUND

Plaintiffs Riana Buffin and Crystal Patterson have filed suit under 42 U.S.C. § 1983, claiming that California's bail schedule, as required by Section 1269b of the California Penal Code, violates the Due Protection and Equal Protection Clauses of the Fourteenth Amendment. Plaintiffs allege that they were arrested and are unable to pay bail in the amount on the schedule applicable to the offense(s) with which they were charged. (Compl. ¶¶ 9-18.) Plaintiffs contend that the bail schedule impermissibly discriminates against them and other arrestees based on their wealth. (Compl. ¶¶ 8, 54,

56.)  On the same day that they filed the action, Plaintiffs moved for a preliminary injunction and to certify a class of all arrestees unable to pay the applicable amounts on the bail schedule.  (ECF Nos. 2, 7.)  Plaintiffs seek injunctive and declaratory relief for themselves and the proposed class, damages for themselves, and an award of attorneys' fees.  (Compl. p. 13.)

**ARGUMENT**

**I.   THE COURT SHOULD DISMISS THIS ACTION UNDER THE *YOUNGER* ABSTENTION DOCTRINE**

The City joins in the State's motion to dismiss (ECF No. 20) to the extent it is based on the *Younger* abstention doctrine.

**II.   IF THE ACTION IS NOT DISMISSED, THE COURT SHOULD ORDER A MORE DEFINITE STATEMENT**

Under Federal Rule of Civil Procedure 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  The City is cognizant that motions under Rule 12(e) are generally disfavored.  *E.g.*, *Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. C 06-04538 WHA, 2006 WL 3290413, at *4 (N.D. Cal. Nov. 13, 2006).  However, it is entirely proper for a court to require a more definite statement where the nature of the claim is unclear and clarification would facilitate the progress of the case.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case"); *Harman v. Valley Nat. Bank of Ariz.*, 339 F.2d 564, 567 (9th Cir. 1964) (a motion for a more definite statement is preferable to a motion to dismiss a motion where vagueness or lack of detail makes it difficult to determine the legal sufficiency of the claim); *Hall v. Apartment Inv. & Mgmt. Co.*, No. 08-CV-3447 CW, 2008 WL 4415053, at *2 (N.D. Cal. Sept. 26, 2008) (Rule 12(e) motion is "appropriate where it is not clear from the complaint what the legal nature of the claim is").  Accordingly, courts in this district have not hesitated to order a more definite statement where the nature, scope, or sufficiency of the plaintiff's claim was unclear.  *See, e.g.*, *Stevens v. Nkwo-Okere*, No. C13-01974 HRL, 2013 WL 4565187, at *3 (N.D. Cal. Aug. 27, 2013); *Palmtree Acquisition*

*Corp. v. Neely*, No. C-08-3168 EMC, 2011 WL 3419493, at *2 (N.D. Cal. Aug. 4, 2011); *Dimmick v. N. Calif. Inst. for Research & Educ.*, No. C 04-4965 PJH, 2005 WL 2347116, at *7-8 (N.D. Cal. Sept. 26, 2005). The Court should order a more definite statement here because Plaintiffs' claim is, in key respects, fundamentally unclear, and the City is entitled to know what Plaintiffs' claim is before it should be required to respond to it.

Plaintiffs' complaint does not address any of the numerous provisions of California law that allow for pretrial release on one's own recognizance, on unsecured bond, or subject to numerous other potential conditions, including an individualized determination of the amount of bail. *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) ("In California, bail determinations are regulated by a comprehensive statutory scheme."). For all bailable offenses, California law provides for a bail reduction hearing in which both the defendant and the prosecution receive notice and an opportunity to be heard, and the defendant is entitled to appointed counsel if unrepresented. *See id.* § 1270.1. With exceptions for certain offenses, defendants may also apply to a magistrate to set the terms of pretrial release without a hearing under Section 1270.1. *See* Cal. Pen. Code § 1269c ("Except where the defendant is charged with an offense listed in subdivision (a) of Section 1270.1, the defendant, either personally or through his or her attorney, friend, or family member, also may make application to the magistrate for release on bail lower than that provided in the schedule of bail or on his or her own recognizance."); *id.* § 810(a) (requiring courts to establish a schedule for on call magistrate when court not in session to set orders for release from custody upon bail). And California law provides that counties may authorize programs for pre-arraignment interviews of arrestees to facilitate an order for release on their own recognizance, as San Francisco has done. *See id.* § 1318.1(a); ECF No. 22 ¶¶ 3-4.

By omitting any discussion of these provisions, Plaintiffs have not alleged that they do not furnish an opportunity for an individualized determination of appropriate conditions for pretrial release. *See id.* § 1269c ("The magistrate or commissioner to whom the application is made is authorized to set bail in an amount that he or she deems sufficient to ensure the defendant's appearance or to ensure the protection of a victim, or family member of a victim, of domestic violence, and to set bail on the terms and conditions that he or she, in his or her discretion, deems appropriate, or

he or she may authorize the defendant's release on his or her own recognizance."), § 1270.1(c) ("At the hearing, the court shall consider evidence of past court appearances of the detained person, the maximum potential sentence that could be imposed, and the danger that may be posed to other persons if the detained person is released.  In making the determination whether to release the detained person on his or her own recognizance, the court shall consider the potential danger to other persons, including threats that have been made by the detained person and any past acts of violence.  The court shall also consider any evidence offered by the detained person regarding his or her ties to the community and his or her ability to post bond."), § 1275(a)(1) ("In setting, reducing, or denying bail, a judge or magistrate shall take into consideration the protection of the public, the seriousness of the offense charged, the previous criminal record of the defendant, and the probability of his or her appearing at trial or at a hearing of the case.").

The omission is significant because Plaintiffs are not the first litigants to tread this ground. Twenty years ago a federal court in this district rejected a wealth-based equal protection challenge to California's bail schedule:

> California's system for pretrial bail is not set up as plaintiff alleges.  Plaintiff's complaint assumes that bail for each offense is set at a high, predetermined, unchangeable amount.  Although each county in California sets a general schedule of bail (Penal Code § 1269b(c)), that amount may be reduced or avoided.  Penal Code Section 1289 permits the reduction of bail on a showing of good cause.  Penal Code Section 1270 permits a magistrate to release an arrestee on his own recognizance if he has been arrested for a bailable offense. The availability of a reduction or elimination of bail shows that there is no systemic equal protection violation.

*Leach v. Santa Clara Cnty. Bd. of Sup'rs*, No. C 94-20438 JW, 1995 WL 7935, at *4 (N.D. Cal. Jan. 4, 1995).  It is unclear whether Plaintiffs are asserting the same claim that was rejected in *Leach*, or whether they are asserting a different one, and if so, in what ways.

There are places in which Plaintiffs' complaint appears to contend that arrestees cannot obtain pretrial release at all except by paying the amount on the bail schedule.  (*See, e.g.*, Compl. ¶ 27 ("Others, like the named Plaintiffs, who are too poor even to find anyone to pay the money bond for them, are kept in jail until the resolution of their case."); ¶ 29 ("Many poor arrestees are promised under the laws of the State of California that they have a right to pretrial release, but this promise is purely hypothetical, and Defendants condition that right on an arrestee's wealth status; only those who

can afford the arbitrary bail amount are permitted release.").)  At other points, however, Plaintiffs suggest that their claim is based on the period between arrest and the initial appearance.  (*See, e.g.*, Compl. ¶ 1 ("anyone who cannot afford to pay is held in jail for at least two days—and often longer—before an initial appearance"); ¶¶ 13, 18 (alleging that Plaintiffs were not told when they would be brought to court and have not been brought to court for an initial appearance); ¶ 22 ("Those arrestees too poor to purchase their freedom are, as a matter of policy, detained for two-to-five days without ever having appeared in court.").)  Indeed, the heading to Count One states that "Defendant City and County of San Francisco Violates Defendants' Rights by Jailing Them Because They Cannot Afford a Monetary Payment Prior to a First Court Appearance."  (Compl. p. 12.)  But even if Plaintiffs' claim is directed to this period between arrest and arraignment, its basis is still unclear because the complaint does not mention California Penal Code section 1269c.  The complaint's silence means that the City does not know whether Plaintiffs contend that this provision does not allow an arrestee to obtain pretrial release prior to an initial appearance, or whether they contend that it is inadequate for some other reason or reasons.

Paragraph 26 of the complaint alleges that individuals unable to pay the amount on the bail schedule "would not be jailed were it not for Defendants' wealth-based pretrial detention scheme."  It is unclear what this allegation means.  Under California law, for many offenses the absence of the bail schedule would mean only that arrestees would be jailed until the terms of release were set by a judicial officer.  *See, e.g.*, *Galen*, 477 F.3d at 663 (noting that "California vests judicial officers with the exclusive authority to enhance or reduce bail.").  But even with the bail schedule, an arrestee may ask a judicial officer to set different terms of pretrial release, including on one's own recognizance.  As a result, it is unclear on what basis Plaintiffs assert that the absence of the bail schedule would place Plaintiffs and members of the proposed class in a different position from the one they occupy now.  Similarly, Paragraph 28 of the Complaint discusses "San Francisco's supervised pretrial release program," but the discussion appears to refer to terms of release that are ordered by the court, not by the City.  (*E.g.*, Compl. ¶ 28 ("Courts can also order other conditions to protect public safety").)[1]  The

---

[1] Perhaps that distinction explains the seemingly inconsistent allegation in Paragraph 23 that "[a]fter an arrest, San Francisco does not deviate from its bail schedule," but Plaintiffs' position is not clear.

allegations raise the possibility that Plaintiffs intend to challenge California law to the extent it requires individualized terms of release to be set by a judge, but they have not provided any detail about such a claim and the basis for it.

These lacunae in the Complaint do not simply create uncertainty at the margins. They raise fundamental questions about the legal basis or bases of Plaintiffs' claim. California law does not leave those unable to post bail in accordance with the schedule without recourse, but the complaint does not address the alternatives or explain why they are legally inadequate. And as we discuss in our concurrently filed opposition to Plaintiffs' motion for a preliminary injunction, the uncertainty is only magnified by the request for relief included there: The City cannot tell whether Plaintiffs are asking for something that California law does not already afford them, and if so, in what ways the requested relief differs from existing alternatives. These are threshold questions that should be addressed in the pleadings, not deferred for potential resolution during discovery:

> Discovery should focus on facts and factual contentions supporting legal claims; there is no reason for [plaintiffs] to delay in providing information about what, in essence, the legal claims are, particularly because that information may shape how the [defendant] responds to the [complaint].

*Palmtree*, 2011 WL 3419493, at *2 (ordering more definite statement). As in *Palmtree*, there is no valid reason why Plaintiffs should not be required to provide this information now. *See also Dimmick*, 2005 WL 2347116, at *7-8 (ordering more definite statement where legal basis for, and sufficiency of, negligence claim unclear).

## CONCLUSION

For the foregoing reasons, in the event that the Court does not dismiss this action on *Younger* abstention grounds, Plaintiffs should be ordered to file a more definite statement of their claim.

Dated: November 23, 2015

DENNIS J. HERRERA
City Attorney
JEREMY M. GOLDMAN
Deputy City Attorney

By:   /s/*Jeremy M. Goldman*
JEREMY M. GOLDMAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO