UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANA BUFFIN, *et al.*,**<br>Plaintiffs**,**<br>v.<br>**CITY AND COUNTY OF SAN FRANCISCO, *et al.*,**<br>Defendants. | Case No. 15-cv-04959-YGR<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING; CONTINUING HEARING**<br><br>Re: Dkt. Nos. 20, 26 |

Currently pending before the Court is defendant State of California's motion to dismiss (Dkt. No. 20) and defendant City and County of San Francisco's joinder therein (Dkt. No. 26). Defendants argue that the Court should decline to intervene in ongoing state criminal proceedings and dismiss the entire action, applying the abstention doctrine announced by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Younger* abstention applies if defendants establish that three conditions are met: (1) state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). Plaintiffs oppose, arguing that none of the three conditions for *Younger* abstention is satisfied here. The crux of the dispute appears to focus on the first and third conditions, *i.e.* "whether the state court proceedings were ongoing as of the time the federal action was filed," (condition one) *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002), and the ability of plaintiffs to litigate their federal constitutional claims in state proceedings (condition three).

With respect to the first condition, defendants contend it is met because plaintiffs had been arrested and were in custody when they filed the instant action. In opposition, plaintiffs argue that named plaintiffs were not formally charged and thus there never subject to an ongoing state proceeding. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (for purposes of a defendant's right to counsel, "the initiation of adversarial judicial proceedings" occurs after "formal charge, preliminary hearing, indictment, information, or arraignment"). No court has addressed this precise issue in the context of *Younger* abstention, or whether a "state proceeding [is] ongoing" by operation of an arrest, presumably booking, and detention only.

*Younger* abstention is premised on the notion that federal courts should not intervene in state proceedings "to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. Here, the state chose not to charge or prosecute plaintiffs, counseling against abstention. "Supreme Court precedent tells us that comity is the main reason for federal court restraint in the face of ongoing state judicial proceedings…." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004). The Supreme Court has recognized that this significant equitable consideration is immaterial in certain circumstances:

> the relevant principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding.' When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles.

*Steffel v. Thom*pson, 415 U.S. 452, 462 (1974) (J. Rehnquist, concurring) (internal citation omitted) (quoting *Lake Carriers' Assn. v. MacMullan*, 406 U.S. 498, 509 (1972)); *see Gerstein v. Pugh*, 420 U.S. 103, n. 9, 11 (1975) (a claim that "could not be raised in defense of the criminal prosecution," was not barred by the "equitable restrictions on federal intervention in state prosecutions" under *Younger* because otherwise, these violations would be "capable of repetition yet evading review"); *Middlesex*, 457 U.S. 423, n. 14 (distinguishing *Steffel*, "in which there was no ongoing state proceeding to serve as a vehicle for vindicating the constitutional rights of the federal plaintiff").

Defendants cite no authority applying *Younger* abstention to these particular circumstances. Rather, all the cases concerned federal constitutional challenges brought by *post-arraignment* criminal defendants. *See Leach v. Santa Clara Cnty. Bd. of Supervisors*, 1995 WL 7935, at *4 (N.D.Cal. Jan. 4, 1995) (although plaintiff was no longer a pretrial detainee, he was challenging an ongoing state criminal proceeding insofar as he could raise his claims in the state criminal appellate process); *Lazarus*, 2010 WL 1006572; *Robinson v. Sniff*, 2009 WL 1037716 (C.D.Cal. April 17, 2009) (abstaining from plaintiff's habeas corpus petition); *Peterson v. Contra Costa Cnty. Superior Ct.*, 2004 WL 443457 (N.D.Cal. March 2, 2004) (abstaining from plaintiff's § 1983 action); *Goldsmith v. Lewis & Clark Cnty.*, 2014 WL 825166 (D.Mont. March 3, 2014) (same); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511-13 (D.Kan. 1996) (holding that § 1983 challenge to state bail bond was barred by *Younger*); *Mudd v. Busse*, 437 F. Supp. 505, 509-14 (N.D.Ind. 1977) (holding that class action challenge to state bail process under § 1983 is barred by *Younger*); *Hernandez v. Carbone*, 567 F. Supp. 2d 320, 332 (D.Conn. 2008) (abstaining under *Younger*, noting that "the relief [plaintiff] seeks—forbidding state courts to impose money bail or a surety bond whenever a defendant is indigent and monitoring the state courts to ensure that minorities are not disfavored in the setting of bail – would intrude substantially into pending and future criminal cases" ). In the absence of authority directly supporting the parties' positions, the Court requires supplemental briefing on *Younger's* application given these circumstances.

With respect to the third condition, defendants argue that plaintiffs had at least three ways to raise their claims in the state proceedings, namely through: (i) a writ of habeas corpus, (ii) a petition for writ of mandate, or (iii) a hearing with a judge for a lower bail amount or to be released without bail. Plaintiffs counter that these mechanisms do not provide them with an *adequate* opportunity to raise their claims because they all involve significant delay. The Court therefore requires supplemental briefing on the existence and availability of defendants' proposed alternatives, and any authority regarding how the Court determines "adequacy" under this prong.

Accordingly, the parties must file supplemental briefs addressing:

(1) the meaning of "ongoing state proceeding," specifically focusing on whether *judicial* proceedings are a precondition to require *Younger* abstention; and

(2) the adequacy of the state procedural mechanisms available to plaintiffs to raise these claims at the time the complaint was filed, citing specific authority in support thereof. The defense collectively and the plaintiffs shall file supplemental briefs addressing these issues, not to exceed ten (10) pages each, no later than **noon** on **January 6, 2016**.  Responses thereto, not to exceed seven (7) pages each, shall be filed by **noon** on **January 13, 2016**.  The hearing on the parties' pending motions currently scheduled for January 6, 2016 is hereby **CONTINUED** to **January 26, 2016** on the Court's **2:00 p.m.** calendar.

**IT IS SO ORDERED**.

Date: December 18, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**