HARMEET K. DHILLON (SBN: 207872)
Harmeet@dhillonlaw.com
BRANDON BAUM (SBN: 121318)
Bbaum@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Proposed Intervenors
California Bail Agents Association

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, and THE STATE OF CALIFORNIA,<br><br>Defendants. | Case No. 4:15-cv-04959-YGR<br><br>**NOTICE OF MOTION AND MOTION TO INTERVENE; MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE**<br><br>Judge: Honorable Yvonne Gonzalez Rogers<br>Date:   January 26, 2016<br>Time: 2:00 p.m.<br>Courtroom: 1, Fourth Floor<br>Action Filed: October 28, 2015 |

**NOTICE OF MOTION AND MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Notice is hereby given that on January 26, 2016 or as soon thereafter as the case may be heard, California Bail Agents Association (hereinafter "Proposed Intervenors") will and hereby do move to intervene as defendants in the above-entitled action.

With this Motion, the Proposed Intervenors seek an Order from the Court permitting the Proposed Intervenors to intervene as defendants in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. This Motion is based upon this Notice of Motion and Motion to Intervene, the Memorandum of Points and Authorities in Support of Motion to Intervene, the Declaration of Maggie Kreins ("Kreins Decl."), the Proposed Order, all pleadings and papers filed in this action, and upon such matters the Court may entertain at the time of the hearing on this Motion.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE**

## I. INTRODUCTION

Although this case was originally presented to this Court as a constitutional challenge to the requirement of money bail for the indigent, Plaintiffs have now revealed the true nature of the case: Plaintiffs seek an order that the use of money bail *for any person* is unconstitutional, and to abolish bail completely from the City of San Francisco. Plaintiffs propose that this Court order as follows:

> **San Francisco is prohibited from using money bail to detain individuals**. It can detain individuals without money bail (for example, if there is clear and convincing evidence of danger to others, *see* Cal. Const. Art. 1, § 8 12(b)–(c)), or it can release individuals without monetary conditions. **But it cannot offer release and condition that release on ability to pay money bail.** Such conduct offends the fundamental fairness enshrined in both the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

ECF Doc. 34, "Proposed Order Granting Plaintiffs' Motion for Preliminary Injunction," at 8 (emphasis added).

What began as a suit with an arguably narrow scope (whether alternatives to money bail should be offered for the indigent) has now turned into a full-scale attack on the institution of bail itself. Proposed Intervenors have a direct stake in the outcome of this case. Proposed Intervenors are the bail agents who facilitate the posting of bail bonds, and ensure that the bailee attends trial. If

Plaintiffs' requested preliminary injunction is granted, Proposed Intervenors' entire industry would be destroyed. Furthermore, granting this preliminary injunction would effectively hold the Eighth Amendment unconstitutional. Proposed Intervenors have a right to be heard when their entire industry is at stake.

Although the State of California and the City of San Francisco (collectively, "Defendants") are defending this case, they are doing so largely on procedural grounds. First, nobody is making the argument that bail—which is expressly recognized in the Eighth Amendment—is necessarily constitutional.[1] Second, the current Defendants are not presenting the Court with evidence of what bail agents actually do, and their essential role in the operation of the criminal justice system. *See e.g.*, the Kreins Decl., filed herewith. Third, Defendants apparently do not understand that were Plaintiffs to succeed, an entire industry that is premised on securing rights under the Eighth Amendment could be eliminated. For these reasons, as detailed below, the Court should permit Proposed Intervenors to enter the case so that the Court may have a more complete presentation of the facts and law when making such a monumental decision.

The Proposed Intervenors satisfy each requirement for intervention of right under Federal Rule of Civil Procedure 24(a). As representatives of California's bail agents, they have a clear and palpable interest "relating to the ... transaction which is the subject of the action." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Because the Plaintiffs seek to enjoin the requirement of money bail for *all* persons, the Proposed Intervenors are "so situated that without intervention the disposition of this action *may* as a practical matter impair or impede [their] ability to protect that interest." *Id*. (emphasis added).

In the alternative, the Proposed Intervenors should be allowed to intervene permissively, pursuant to Rule 24(b), since their timely motion establishes an independent jurisdictional ground to appear as a party, and necessarily implicates "question[s] of law or fact in common" with—indeed, inseparable from—those raised by the complaint. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002)(quoting Fed. R. Civ. P. 24(b)).

---

[1] The Eighth Amendment's prohibition against "excessive bail" necessarily contemplates the propriety of non-excessive bail. *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968) ("The mere fact that petitioner may not have been able to pay the bail does not make it excessive.").

**II.      LEGAL ARGUMENT**

     **A.      The Proposed Intervenors are Entitled to Intervene as a Matter of Right**

Under Rule 24(a), courts apply a four-part test for intervention as a matter of right:

> (1) the motion must be timely; (2) the applicant must assert a "significantly protectable" interest relating to property or a transaction that is the subject matter of litigation; (3) the applicant must be situated so that without intervention the disposition of [the] action may as a practical matter impair or impede the interest; and (4) the applicant's interest must be inadequately represented by the parties.

*Kootenai Tribe*, 313 F.3d at 1107-08. Rule 24 "is construed broadly in favor of the applicants." *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995); accord, *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "If an [applicant] would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene[.]" Fed. R. Civ. P. 24 Advisory Committee's Note. The Proposed Intervenors satisfy all four parts of this test.

     **1.      The Motion to Intervene is Timely**

Courts examine three factors to determine the timeliness of a motion to intervene: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and length of any delay. *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

The Proposed Intervenors move to join this litigation at its very outset. The Complaint was filed less than two months ago and, Defendants have not yet answered. Thus, there has been no delay, let alone delay that would prejudice the existing parties. *Cf. Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) ("[Applicant's] motion to intervene does not appear to have prejudiced either party in the lawsuit, since the motion was filed before the district court had made any substantive rulings."); *Idaho Farm Bureau Fed'n*, 58 F.3d at 1397 (allowing intervention four months after the complaint was filed and two months after the government answered, even though plaintiff had already filed a motion for a preliminary injunction). Thus, the motion is timely.

**2. The Applicants Assert a Significantly Protectable Interest in the Litigation**

Rule 24(a) requires that an applicant for intervention possess an interest relating to the "property or transaction" that is the subject of the litigation. This "interest test" serves primarily as a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno*, 622 F.2d at 438 *quoting Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967). Generally, a proposed intervenor meets this test if "the interest [asserted] is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011). More specifically, the Ninth Circuit has held that:

> When, as here, the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the "interest" test of Fed. R. Civ. P. 24(a)(2); he has a significantly protectable interest that relates to the property or transaction that is the subject of the action.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995) abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

Here, Proposed Intervenors have two protectable interests that relate to the subject of this Action. First, Proposed Intervenors have an interest in upholding the constitutionality of the Eighth Amendment, upon which their industry is premised. Kreins Decl., ¶ 3. Second, Proposed Intervenors have a concrete economic interest in ensuring the continued viability of their industry as a whole. *Id.*

Although the existing Defendants may be motivated to defend this case against the Plaintiffs, the interests they seek to protect are different. Here, Proposed Intervenors' industry would become nonexistent if Plaintiffs' preliminary injunction is granted. Kreins Decl., ¶ 13. There is no speculation with regard to this premise. If the Plaintiffs' proposed preliminary injunction order against bail is entered, bail agents in San Francisco (and presumably the entire State of California under principles of *stare decisis*) would be eliminated. The current Defendants have demonstrated no intention to represent the interests of the bail industry. Therefore, the Proposed Intervenors should be allowed to intervene to protect their interest in the outcome of this proceeding. *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) (holding that timber purchasers' association had a

sufficient "interest" in environmental groups' suit against the United States Forest Service where members had existing timber contracts that were threatened by the ban plaintiffs were seeking); *New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (holding that association of pharmacists have a sufficient interest to permit intervention where the validity of a regulation from which its members benefit is challenged).

### 3. The Applicants' Interests May be Impaired if Intervention is Denied

Rule 24(a) also requires that an applicant for intervention as a matter of right be "so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). Because "Rule 24 refers to impairment 'as a practical matter' ... the court is not limited to consequences of a strictly legal nature." *Forest Conservation Council*, 66 F.3d at 1498, *abrogated on other grounds*, *Wilderness Soc.*, 630 F.3d 1173, *citing*, Fed. R. Civ. P. 24 advisory committee's note (stating that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

In this case, the Proposed Intervenors' interests may not only be "impair[ed]" as "a practical matter," but will be impaired, if Plaintiffs' suit succeeds. Plaintiffs' goal in this litigation is to have the Court declare that money bail is unconstitutional.[2]  Not only would that destroy Proposed Intervenors' entire industry, but it could undo thousands of existing bail surety contracts whose purpose would be declared unconstitutional.  *Baccouche v. Blankenship*, 154 Cal. App. 4th 1551, 1558 (2007) ("[A] contract whose object is a violation of law is itself against the policy of the law (Civ. Code, §§ 1441, 1667, 1668), and renders the bargain unenforceable.") That is a sufficient risk of impairment to support intervention.  *See Brooks v. Flagg Bros.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1974) ("in this situation where specific segments of an industry would be vitally affected by a declaration that the statute which governs their business conduct is unconstitutional, there is little reason to exclude them from participation"); s*ee* 7C Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed. Prac. & Proc. Civ. § 1908.1 (3d ed.) ("in cases challenging various statutory schemes as

---

[2] *See e.g.*, Equal Justice Under Law, *Ending the American Money Bail System* (2014) at http://equaljusticeunderlaw.org/wp/current-cases/ending-the-american-money-bail-system (last visited December 18, 2015).

unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention.")

### 4. The Applicants' Interests Are Not Now Being Adequately Represented

Plaintiffs are seeking a breathtaking ruling from this Court: an order and injunction declaring that money bail is unconstitutional. Such a ruling would effectively delete the word "excessive" from the Eighth Amendment, and declare that *any* requirement of money bail is unconstitutional.

The State of California's response to this request is remarkably tepid. ECF Doc. 28. The State makes half-hearted procedural arguments asserting that Plaintiffs cannot meet various burdens, but never attempts to grapple with the gravamen of Plaintiffs' case, which is an attack on the entire notion of bail *for anyone*. Perhaps the State was lulled into complacency by the unfocused nature of Plaintiffs' original motion (*see* ECF Doc. 26 [Motion for a More Definite Statement]) but the State should have been aware that Plaintiffs would file a far more focused and persuasive reply. These are, after all, experienced constitutional litigators who have brought similar suits across the country. *See* ECF Doc. 2-1.

The City's response is even less focused. The City never even mentions the Eighth Amendment in its short opposition. The City does not even address the merits of Plaintiffs' claims about the U.S. Supreme Court's pretrial detention/Eighth Amendment jurisprudence. This is unsurprising, as two elected officials, Public Defender Jeff Adachi and then-Sheriff Ross Mirkarimi, actually weighed-in in favor of Plaintiffs' position. ECF Docs. 2-5, 2-6.

The Proposed Intervenors intend to mount a vociferous defense of the use of bail, under both the California and United States Constitutions.[3] Federal courts considering this issue under the Eighth Amendment have held that "bail is not excessive merely because the defendant is unable to pay it."; *Hodgdon v. United States*, 365 F.2d 679, 687 (8th Cir. 1966); *Wagenmann v. Adams*, 829 F.2d 196, 213 (1st Cir. 1987) ("The test for excessiveness is not whether defendant is financially

---

[3] *Schilb v. Kuebel*, 404 U.S. 357, 365 (1971) ("[T]he Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment."); *see also McDonald v. City of Chicago*, 561 U.S. 742, 764 n.12 (2010) (*citing Schilb* as having incorporated the "prohibition against excessive bail").

capable of posting bond . . . ."; *United States v. Wright*, 483 F.2d 1068, 1070 (4th Cir. 1973) (stating that the defendant's "impecunious financial status" is not "the governing criterion to test the excessiveness of bail"); *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (en banc) ("[A] bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1134 (7th Cir. 1984) (stating that the defendant's "financial inability . . . to meet his bail . . . is neither the only nor controlling factor"); *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968) ("The mere fact that petitioner may not have been able to pay the bail does not make it excessive.").

Moreover, the California Constitution contains several important provisions relating to bail, including its own "Excessive Bail" prohibition (Art. 1 Sec. 12) but also a number of victim's rights protections that were added by initiative. *See e.g.*, Art. 1, Sec. 28(b)(3) (requiring the safety of the victim and the victim's family be considered in the setting of bail); Art. 1, Sec. 28(f)(3) (setting forth required considerations in setting bail, including public safety and the seriousness of the offense). *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (complying with California's statutory scheme for setting bail forecloses argument that bail was unconstitutionally excessive).

It simply cannot be said that the City will "*undoubtedly* make all of the intervenor's argument." *County of Fresno*, 622 F.2d at 438-39 (emphasis added).  There is more than "sufficient doubt about the adequacy of representation to warrant intervention." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 824 (9th Cir. 2001) (quotation omitted).  Where, as here, "the government represents numerous complex and conflicting interests …. [t]he straightforward business interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998).  Moreover, Proposed Intervenors bring industry expertise in salutary effects of money bail based on their knowledge of the specific industry. *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (stating that a sufficient showing on this factor is made when the would-be intervenor has expertise the government may not have).  Therefore, this fourth factor is met and intervention should be granted.

### B. Alternatively, Permissive Intervention Should Be Granted

Should the Court determine that the Proposed Intervenors' are not entitled to intervention as of right, they should nevertheless be granted permission to intervene under Rule 24(b). The Proposed Intervenors have an independent basis for their participation in this matter, and their defenses are both factually and legally related to the main action. Moreover, their intervention will not prejudice any of the existing parties or delay the proceedings, and "will significantly contribute ... to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). In federal-question cases, the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff, and therefore an independent jurisdictional basis is not required. *Id.* at 844, *citing*, *Blake v. Pallan*, 554 F.2d 947, 956–57 (9th Cir. 1977).

#### 1. An Independent Ground for Jurisdiction

In federal-question cases, the identity of the parties is irrelevant and the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff. *Geithner*, 644 F.3d at 844; *See* 28 U.S.C. § 1331. Where the proposed intervenor in a federal-question case brings no new claims, the jurisdictional concern drops away. *Geithner*, 644 F.3d at 844; *see* 7C Wright, Fed. Prac. & Proc. § 1917 (3d ed. 2010) ("In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff.").

Here, it is undisputed that this Court is exercising federal-question jurisdiction, not diversity jurisdiction, and that Proposed Intervenors do not seek to bring any additional claims. They seek only to assert additional defenses. Therefore, proposed Intervenors are not required to make any further showing that this intervention is supported by independent jurisdictional grounds.

### 2. A Timely Motion

The motion is timely for the reasons set forth above.

### 3. A Common Question of Law and Fact Between the Movant's Claim or Defense and the Main Action

Whether there is a common question of law or fact is liberally construed by the courts. *Kootenai Tribe*, 313 F.3d at 1111.  Unless there are no questions of law or fact common to the main action and would-be intervenor's claim or defense, the court has discretion to permit the intervention. *Id*.   The Plaintiffs' claims will remain unchanged if intervention is granted.  Proposed Intervenors simply intend to assert different legal defenses, as well as industry expertise on the essential nature of the money bail system in the smooth operation of the courts, in aid of the Court making a correct and just decision.

## C.     This Motion Need Not be Accompanied by a Separate Pleading

Although a motion to intervene may be accompanied by a pleading setting forth the claim or defense the would-be intervenor seeks to assert, it is no longer a requirement.  *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F2d 470, 474 (9th Cir. 1992)("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); accord, *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) Here, the Court's decision on intervention will be made *after* challenges to Plaintiffs' pleadings are heard.  Therefore, if intervention is granted, Proposed Intervenors will file a response to the pleadings as they exist at that time if necessary.  See 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1914 (3d ed. 2009) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file.").

## III.     If Intervention Is Denied at this Time, the Court Should Do So Without Prejudice

Should the Court find this motion to intervene is premature at this time, Proposed Intervenors request that Court deny the motion without prejudice. *Solid Waste Agency of N. Cook Cty. v. U.S.*

*Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996) (suggesting deferral of the decision on intervention if the adequacy of the existing representation has not yet been shown).

## IV. CONCLUSION

For all the foregoing reasons, Proposed Intervenors should be permitted to intervene as a defendant in this action, and to provide this Court with important information in support of the constitutionality of San Francisco's money bail system.

Respectfully submitted,

Date: December 21, 2015                    DHILLON LAW GROUP INC.

By: _/s/ Harmeet K. Dhillon_____
    Harmeet K. Dhillon (SBN: 207872)
    Brandon Baum (SBN: 121318)
    Attorneys for Proposed Intervenors
    California Bail Agents Association