UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANA BUFFIN, *et al.*, <br> Plaintiffs, <br> v. <br> CITY AND COUNTY OF SAN FRANCISCO, *et al.*, <br> Defendants. | Case No. 15-cv-04959-YGR <br><br> **ORDER ON PENDING MOTIONS** <br><br> Re: Dkt. Nos. 2, 7, 20, 26, 41 |

Plaintiffs Riana Buffin and Crystal Patterson (collectively, "plaintiffs"), on behalf of themselves and all others similarly situated, bring this civil rights action against defendants City and County of San Francisco (the "City") and the State of California (the "State") (collectively, "defendants") for claims arising from their post-arrest detention at the City's jail. Plaintiffs bring claims under 42 U.S.C. section 1983 against for violation of their Fourteenth Amendment equal protection and due process rights, specifically (1) against the City for jailing them because they cannot afford monetary bail prior to a first court appearance, and (2) against the State for requiring the City to condition pretrial release on monetary payment prior to a first court appearance. Based thereon, plaintiffs seek two forms of relief on behalf of themselves and putative class members: (i) declaratory judgment that defendants violate their rights under the Fourteenth Amendment; and (ii) injunctive relief prohibiting defendants from enforcing their unconstitutional detention policies against all class members. The named plaintiffs additionally seek (iii) monetary damages from the City and (iv) attorney fees.

Plaintiff Riana Buffin was arrested on October 26, 2015 for grand theft from a department store. (Compl. ¶ 10.) Her bail was set at $30,000. (*Id*. ¶ 11.) Late in the evening of October 28, 2015, plaintiff Buffin was released from jail and the case against her was dismissed. (Dkt. No. 22, "Ramirez Decl." ¶ 8.) With respect to plaintiff Crystal Patterson, she was arrested on October 27, 2015 for assault with force causing great bodily injury. (Compl. ¶ 15.) Her bail was set at $150,000. (*Id*. ¶ 16.) On October 28, 2015, plaintiff Patterson posted bail and was released the same day. (Ramirez Decl. ¶ 9.) Following her release, plaintiff Patterson was discharged and no charges were formally filed against her. (Dkt. No. 30-1 ¶ 17.) The instant action was filed on October 28, 2015, following plaintiffs' arrests, and while they were being held by the City. The complaint makes no allegation that the bail amounts for plaintiffs were made other than in conformance with the City's bail schedule.

Currently pending before the Court is the State's motion to dismiss pursuant to Rule 12(b)(6), arguing that the complaint should be dismissed because (A) the State is entitled to sovereign immunity under the Eleventh Amendment, and (B) *Younger* abstention applies and the Court should not consider any of plaintiffs' claims. (Dkt. No. 20.) The City joined in the State's motion to dismiss on *Younger* grounds, and has also moved pursuant to Rule 12(e) for a more definite statement of plaintiffs' claims and requests for relief. (Dkt. No. 26.)

Plaintiffs' motion for preliminary injunction (Dkt. No. 2) and motion for class certification (Dkt. No. 7) are also pending before the Court. Finally, California Bail Agents Association filed a motion to intervene in the proceedings. (Dkt. No. 41.)

For the reasons stated on the record on January 26, 2016, and for the reasons highlighted below, the Court rules on the parties' pending motions as follows:

- The State's motion to dismiss is **GRANTED** on grounds of sovereign immunity and **DENIED** with respect to *Younger* abstention. (Dkt. No. 20)
- The City's joinder in the State's motion to dismiss on *Younger* grounds is **DENIED** and the motion for more definite statement is **GRANTED**. (Dkt. No. 26)
- Plaintiffs' motion for preliminary injunction is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 2)

2

- Plaintiffs' motion to certify class is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 7)
- Proposed intervenor California Bail Agents Association's motion to intervene is **DENIED AS PREMATURE**. (Dkt. No. 41)

## I. THE STATE'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### A. Sovereign Immunity

The State moves for dismissal on the grounds that Eleventh Amendment sovereign immunity bars the claims against it. "The Eleventh Amendment erects a general bar against federal lawsuits brought against a state." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003)). Sovereign immunity does not preclude "actions for prospective declaratory relief or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Id*. at 1134. Here, however, plaintiffs have not named any state officers.

In opposition to the State's motion, plaintiffs state that the case may proceed against the City in the absence of the State as a defendant. The Court reads this as an implicit concession that sovereign immunity applies here, and plaintiffs conceded the same at oral argument. Accordingly, the Court **GRANTS** the State's motion to dismiss on sovereign immunity grounds.

### B. *Younger* Abstention

Defendants argue that the Court should decline to intervene in ongoing state criminal proceedings and dismiss the entire action, applying the abstention doctrine announced by the

3

Supreme Court in *Younger v. Harris*, 401 U.S. 37, 45 (1971). *Younger* abstention applies if defendants establish three conditions are met: (1) state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to litigate the plaintiff's federal constitutional claims. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992). Plaintiffs oppose, principally on grounds that defendants have not established the first condition is met, *i.e.* that "the state court proceedings were ongoing as of the time the federal action was filed." *Canatella v. State of California*, 304 F.3d 843, 850 (9th Cir. 2002). The Court agrees.

Defendants contend the first condition is met here because plaintiffs were arrested, in custody, and had been offered bail when they filed the instant action. In opposition, plaintiffs argue that named plaintiffs were not formally charged and thus there never subject to an *ongoing* state proceeding. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (for purposes of a defendant's right to counsel, "the initiation of adversary judicial criminal proceedings" occurs at or after "formal charge, preliminary hearing, indictment, information, or arraignment"). Although neither party has been able to provide the Court with a case addressing *Younger* on *identical* facts (as defendants imply is necessary), plaintiffs' authority is squarely on point. The Court concludes that binding Supreme Court and Ninth Circuit authority, persuasive authority, as well as the spirit of *Younger* all counsel against abstention in these circumstances.

The Ninth Circuit's holding in *Agriesti v. MGM Grand Hotels, Inc.*, persuades. 53 F.3d 1000, 1002 (9th Cir. 2002). In *Agriesti*, the "[p]laintiffs were arrested, handcuffed, taken to jail, and booked. They were released the same day and never brought before a magistrate." *Id*. at 1001. At the time plaintiffs in *Agriesti* filed their federal lawsuit, the district attorney had not filed charges against them. On those facts, the Ninth Circuit held that "[a]bestention was improper in this case because there were no ongoing state judicial proceedings." *Id*. *Younger* abstention simply could not apply because, critically, "the arrests and the issuance of the citations were executive, not judicial acts." *Id*. at 1002 (noting that the "Supreme Court was clear in *New Orleans Pub. Serv., Inc. v. New Orleans* that *Younger* abstention is permissible only in deference to state proceedings that are 'judicial in nature'") (internal citation omitted). While the *Agriesti* plaintiffs had been

4

arrested and issued misdemeanor citations by police officers, neither act was "judicial in nature" as the Ninth Circuit recognized is required for *Younger* abstention. *Id*. The Court finds that plaintiffs were only arrested and booked but never arraigned, and so they were only subject to "executive, not judicial acts" when the instant complaint was filed. *Id*.

Defendants' attempts to distinguish *Agriesti* do not compel a contrary result. Defendants argue that because plaintiffs here were arrested on felony, not misdemeanor charges, the logic of *Agriesti* is inapplicable. Defendants provide no material distinction between the *executive* act of arrest on a misdemeanor charge and the *executive* act of arrest on a felony charge. In both *Agriesti* and the instant action, the federal plaintiffs were arrested and released without any formal charge decision against them by the district attorney, were never arraigned, and were never brought before a state judge. Thus, like in *Agriesti*, plaintiffs here were not subjected to any judicial acts when their federal complaint was filed. The relevant inquiry coming out of *Agriesti* is whether state judicial proceedings were ongoing, not whether plaintiff was arrested on a felony charge.[1]

Defendants further argue that *Agriesti* is distinguishable because Nevada law precluded the use of a habeas petition to afford relief,[2] whereas plaintiffs here could have filed a habeas petition. In that regard, defendants argue that the Ninth Circuit's holding in *Agriesti* was premised on the notion that plaintiffs had no collateral state proceeding available to them. Defendants even go so far as to claim that the requirement of an ongoing state proceeding is merely a pragmatic, not literal, requirement. This is not the law. In *Agriesti*, the Ninth Circuit unequivocally held that "*Younger* abstention does, in fact, depend on the 'technicality' of *ongoing* judicial proceedings,"

---

[1] Indeed, *Younger* abstention is not limited to ongoing state criminal judicial proceedings and can be invoked in the context of ongoing civil proceedings. *See Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987) (application of *Younger* abstention mandated "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government").

[2] At the hearing on these motions, plaintiffs argued that Nevada law did, in fact, allow for the *Agriesti* plaintiffs to file a habeas petition. The Court need not resolve this question of state law. The Ninth Circuit did not mention the availability (or lack thereof) of habeas relief in making its decision. Moreover, the court made clear in *Agriesti* that there must be *ongoing* judicial proceedings, not merely the potential for plaintiffs to initiate the same through habeas proceedings.

5

foreclosing defendants' argument. *Id*. at 1002 (emphasis in original). Defendants' attempts to distinguish *Agriesti* fail.[3]

Having failed to distinguish *Agriesti*, defendants contend that the Second Circuit's reasoning in *Wallace v. Kern* compels the Court find an ongoing state judicial proceeding. 520 F.2d 400 (2d Cir. 1975). The plaintiffs in *Wallace* were all currently facing criminal charges, or had been convicted thereof, through state prosecutions. *Id*. at 401 ("This action was commenced…as a class action pro se by a group of inmates awaiting trial or sentencing"). The Second Circuit's application of *Younger* to a federal complaint filed by a group of criminal defendants currently awaiting trial or sentencing does not support defendants' position. For the reasons discussed, *supra*, the Court finds that plaintiffs were not subject to ongoing judicial proceedings by operation of arrest. *See Agriesti*, 53 F.3d at 1001-02.

Finally, defendants argue that "the key question is whether there was an 'adequate state forum' for a party to raise his or her federal claim." (Dkt. No. 49 at 5:17-18.) This argument conflates *Younger's* first and third requirements. The Court declines defendants' invitation to essentially ignore the first condition that state judicial proceedings be ongoing. The lack of an ongoing state judicial proceeding when plaintiffs filed the instant lawsuit is fatal to defendants' efforts to prove that any such proceeding could be adequate. Because there were no ongoing state judicial proceedings against plaintiffs when this case was filed, there is no reason for this Court to abstain in the interest of comity.

*Younger* abstention is rooted in the concern that federal courts should not intervene in state proceedings "to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43. Here, the state chose not to charge or prosecute plaintiffs, counseling against abstention. "Supreme Court precedent tells us that comity is the main reason for federal

---

[3] Defendants' reliance on *Moore v. Sims*, 442 U.S. 415, 420-21 (1979), for the same proposition is similarly flawed. *Moore* does not lend support to defendants' argument that "courts have held that the availability of habeas corpus…triggers abstention principles" (Dkt. No. 49 at 4:1-2). In *Moore*, a plethora of ongoing state proceedings were instituted before and ongoing when the federal complaint was filed, including: custody proceedings, a suit for emergency protection, a state habeas petition, a suit affecting the parent-child relationship, and a temporary restraining order. Not so here. Unlike in *Moore*, there were no ongoing state proceedings at the time of the instant complaint.

6

court restraint in the face of ongoing state judicial proceedings…." *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004).  The Supreme Court has recognized that this significant equitable consideration is immaterial in certain circumstances:

> the relevant principles of equity, comity, and federalism 'have little force in the absence of a pending state proceeding.' When no state criminal proceeding is pending at the time the federal complaint is filed, federal intervention does not result in duplicative legal proceedings or disruption of the state criminal justice system; nor can federal intervention, in that circumstance, be interpreted as reflecting negatively upon the state court's ability to enforce constitutional principles.

*Steffel v. Thom*pson, 415 U.S. 452, 462 (1974) (J. Rehnquist, concurring) (internal citation omitted) (quoting *Lake Carriers' Assn. v. MacMullan*, 406 U.S. 498, 509 (1972)); *see Gerstein v. Pugh*, 420 U.S. 103, n. 9, 11 (1975) (a claim that "could not be raised in defense of the criminal prosecution," was not barred by the "equitable restrictions on federal intervention in state prosecutions" under *Younger* because otherwise, these violations would be "capable of repetition yet evading review"); *Middlesex*, 457 U.S. 423, n. 14 (distinguishing *Steffel*, "in which there was no ongoing state proceeding to serve as a vehicle for vindicating the constitutional rights of the federal plaintiff").

Defendants' authority applying *Younger* abstention to federal constitutional challenges brought by *post-arraignment* criminal defendants does not persuade. *See Leach v. Santa Clara Cnty. Bd. of Supervisors*, 1995 WL 7935, at *4 (N.D.Cal. Jan. 4, 1995) (although plaintiff was no longer a pretrial detainee, he was challenging an ongoing state criminal proceeding insofar as he could raise his claims in the state criminal appellate process); *Lazarus*, 2010 WL 1006572; *Robinson v. Sniff*, 2009 WL 1037716 (C.D.Cal. April 17, 2009) (abstaining from plaintiff's habeas corpus petition); *Peterson v. Contra Costa Cnty. Superior Ct.*, 2004 WL 443457 (N.D.Cal. March 2, 2004) (abstaining from plaintiff's § 1983 action); *Goldsmith v. Lewis & Clark Cnty.*, 2014 WL 825166 (D.Mont. March 3, 2014) (same); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1511-13 (D.Kan. 1996) (holding that § 1983 challenge to state bail bond was barred by *Younger*); *Mudd v. Busse*, 437 F. Supp. 505, 509-14 (N.D.Ind. 1977) (holding that class action challenge to state bail process under § 1983 is barred by *Younger*); *Hernandez v. Carbone*, 567 F. Supp. 2d 320, 332

7

(D.Conn. 2008) (abstaining under *Younger*, noting that "the relief [plaintiff] seeks—forbidding state courts to impose money bail or a surety bond whenever the defendant is indigent and monitoring the state courts to ensure that minorities are not disfavored in the setting of bail – would intrude substantially into pending and future criminal cases" ).

Having failed to establish the first condition for *Younger* abstention, the Court need not proceed further in the analysis. Defendants' motion to dismiss on this basis is **DENIED**.

## II.   THE CITY'S MOTION FOR MORE DEFINITE STATEMENT

The City moves for a more definite statement under Rule 12(e), arguing that the complaint is "in key respects, fundamentally unclear, and the City is entitled to know what Plaintiffs' claim is before it should be required to respond to it." (Dkt. No. 26 at 3:3-5.) The Court agrees.

Rule 12(e) allows a party to move for a more definite statement before filing a responsive pleading where the original pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) motions are disfavored and rarely granted." *Castaneda v. Burger King Corp.*, 597 F.Supp.2d 1035, 1045 (N.D. Cal. 2009) (citing *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999)). "The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted." *Id.* (citing *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993)).

An order requiring a more definite statement is appropriate here. Based on plaintiffs' complaint, the Court is unable to identify the precise *legal* challenge being made by plaintiffs as well as the relief they seek against the City. Critically, plaintiffs have not specified whether they challenge statewide law imposing a duty on superior court judges to "prepare, adopt, and annually revise a uniform countywide schedule of bail," Cal. Penal Code § 1269b(c), or whether they challenge the City's application of this state law. The City cannot be expected to frame a response to a complaint that does not clearly state the legal basis for its claim. *See Hall v. Apartment Inv. & Mgmt. Co*., 2008 WL 4415053, at *3 (N.D.Cal. Sept. 26, 2008) (granting Rule 12(e) motion is "appropriate where it is not clear from the complaint what the legal nature of the claim is"); *Stevens v. Nkwo-Okere*, 2013 WL 4565187, at *3 (N.D.Cal. Aug. 27, 2013) (granting Rule 12(e) motion

where "plaintiffs' allegations [were] highly conclusory and exceedingly vague," leaving the court unable to "properly evaluate" whether defendant's asserted immunity applied).

The complaint is also impermissibly vague and facially insufficient in other key respects. For example, the Court is unable to determine the precise relief plaintiffs request it grant, especially now that the State has been dismissed. Nor is it clear that such relief may be afforded by the City. The terms of bail and other conditions of pre-trial release are determined by superior courts – not the City – under California law. *See, e.g.*, Cal. Penal Code § 1269b(c); *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (noting that California has a "comprehensive statutory scheme" regulating bail determinations). Plaintiffs have not made any allegation that would allow the Court to order a transfer of decision-making authority from the superior courts to the City. Thus, if plaintiffs seek an Order directing the City to implement new pretrial release procedures, plaintiffs have failed to allege what those procedures are, on what authority the Court may order them, and under what authority the City may implement them.

The complaint also misconstrues and misstates the relationship between the City on the one hand, and the San Francisco Superior Court on the other. (Compl. ¶ 7.) Contrary to plaintiffs' assertion, the City does not exude any control over the Superior Court. (*Id*.) The Superior Court is not a local agency, but rather it is an agency of the State. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (the court's "geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State"); Cal. Const. art. 6 §§ 1,5. Similarly, the complaint conflates the two entities in several allegations. (*See, e.g., id.* ¶¶ 7, 8, 28.)

These analytical, legal, and factual gaps in plaintiffs' allegations and requests for relief render the complaint unintelligible. Plaintiffs' inability to articulate their legal theory at the January 26th hearing underscores the point. Consequently, the Court **GRANTS** the City's motion for a more definite statement.

### III.   PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Next, the Court **DENIES WITHOUT PREJUDICE** plaintiffs' motion for preliminary injunction. The Court is unable to substantively address the motion absent a clearly articulated legal theory in

9

their complaint. The Court must first be assured that the complaint articulates with sufficient clarity the relief sought against the City, the authority on which the Court may order such relief, and the authority under which defendants may afford the relief.

### IV. PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

The Court is similarly unable to resolve plaintiffs' motion for class certification at this stage and **DENIES** the same **WITHOUT PREJUDICE**. The Court cannot determine whether "injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole" without understanding the relief sought by plaintiffs. Fed.R.Civ.P. 23(b)(2).

### V. CALIFORNIA BAIL AGENTS ASSOCIATION'S MOTION TO INTERVENE

The California Bail Agents Association ("CBAA") moves to intervene in this action under Rule 24. Their request is premature for two reasons. First, CBAA posits that "the Court's decision on intervention will be made *after* challenges to Plaintiff's pleadings are heard," so that any responsive pleading CBAA files will be to an amended complaint. (Dkt. No. 41 at 9) (emphasis in original.) Accordingly, as CBAA concedes, the merits of CBAA's request are appropriately assessed *after* plaintiffs have amended the complaint to make its claims clear. Only once the Court understands the relief plaintiffs seek in this case, and the defenses the City and CBAA intend to raise in response thereto, can intervention be sufficiently addressed.

Second, CBAA premises its intervention on the notion that its entire industry could be destroyed; a proposition that relies on two sentences in plaintiffs' proposed order for preliminary injunction. However, pursuant to today's rulings, that motion has been denied without prejudice. Thus, whether plaintiffs intend to challenge California's bail laws in a way that would implicate CBAA's asserted interests remains unsettled. For these reasons, CBAA's motion is **DENIED AS PREMATURE.**

### VI. CONCLUSION

Based upon the foregoing, and for the reasons stated on the record on January 26, 2016, the Court rules on the pending motions as follows:

- The State's motion to dismiss is **GRANTED** on grounds of sovereign immunity and **DENIED** with respect to *Younger* abstention. (Dkt. No. 20)

10

- The City's joinder in the State's motion to dismiss on *Younger* grounds is **DENIED** and the motion for more definite statement is **GRANTED**. (Dkt. No. 26)
- Plaintiffs' motion for preliminary injunction is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 2)
- Plaintiffs' motion to certify class is **DENIED WITHOUT PREJUDICE**. (Dkt. No. 7)
- Proposed intervenor California Bail Agents Association's motion to intervene is **DENIED AS PREMATURE**. (Dkt. No. 41)

Plaintiffs shall file an amended complaint no later than **February 25, 2016**.

**IT IS SO ORDERED**.

This Order terminates Docket Numbers 2, 7, 20, 26, 41.

Date: February 1, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**