UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANA BUFFIN, _et al._,** | Case No.  15-cv-04959-YGR |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS** |
| v. | |
| **CITY AND COUNTY OF SAN FRANCISCO,** | Re: Dkt. Nos. 63, 69 |
| Defendant. | |

Plaintiffs,[1] on behalf of themselves and all others similarly situated, bring this civil rights action against the City and County of San Francisco (the "City") for claims arising from their post-arrest detention at the City's jail.  Specifically, plaintiffs bring claims under 42 U.S.C. section 1983 against the City for violation of their Fourteenth Amendment equal protection and due process rights, seeking declaratory and injunctive relief on behalf of a class of similarly situated persons. The named plaintiffs additionally seek monetary damages, attorney fees, and costs.

The Court previously granted the City's motion for a more definite statement under Federal Rule of Civil Procedure 12(e).[2]  The Court found that plaintiffs' original complaint was "in key respects, fundamentally unclear, and the City [was] entitled to know what [p]laintiffs' claim is before it should be required to respond to it."  (Dkt. No. 55 at 8:9-10.)  The Court identified "analytical, legal, and factual gaps in plaintiffs' allegations and requests for relief [that] render[ed]

---

[1] All terms shall have the same meaning as defined in the Court's prior omnibus order. (Dkt. No. 55.)

[2] In that order, the Court also held that: (i) the State was immune from suit under the Eleventh Amendment, dismissing the State as a defendant; and (ii) abstention under the _Younger_ doctrine was not warranted.  (_See_ Dkt. No. 55.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1   the complaint unintelligible." (*Id.*at 9:22-23.)  Based thereon, plaintiffs were directed to file an

2   amended complaint to address the many issues identified by the Court.

3         Currently pending before the Court is the City's motion to dismiss plaintiffs' second

4   amended complaint ("SAC")[3] under Rule 12(b)(6) or in the alternative for a more definite

5   statement under Rule 12(e).  (Dkt. No. 63.)  The City principally argues that the SAC fails to state a

6   claim against it as a municipal entity under 42 U.S.C. section 1983 as announced by the United

7   States Supreme Court in *Monell v. Dep't. of Social Serv's of City of New York*, 436 U.S. 658

8   (1978).  With respect to its alternative motion under Rule 12(e), the City argues that the SAC does

9   not cure the deficiencies identified by the Court in its prior order and continues to be ambiguous as

10  to the basis for the legal claim and the relief plaintiffs seek.

11        Plaintiffs oppose, contending that they have not only stated a claim under *Monell*, but that

12  the SAC also alleges a cognizable theory of liability against the City under *Ex Parte Young*, 209

13  U.S. 123 (1908).  In reply, the City implicitly concedes that plaintiffs could potentially state

14  cognizable Section 1983 claims against it and/or individual actors for the alleged constitutional

15  violations at issue under *Monell* and *Ex Parte Young*, but argues that the SAC fails to do so.

16        Plaintiffs then filed a motion for leave to file a surreply.  (Dkt. No. 69.)  The proposed

17  surreply in part requests leave to file a third amended complaint so that plaintiffs may cure the

18  issues raised by the City in its motion to dismiss and reply thereto.  (*See* Dkt. No. 69-1.)  Surreplies

19  are disfavored and the Court routinely rejects them.  Given that plaintiffs' surreply requests leave to

20  amend to cure valid concerns raised by the City, however, the Court will allow it in this narrow

21  instance to promote judicial efficiency.  The Court need not waste resources addressing the City's

22  arguments when the Court anticipates that the proposed amendments largely could resolve the

23  City's concerns.  The motion to file a surreply is therefore **GRANTED IN PART** to allow plaintiffs to

24  file only the portion of the surreply containing the request for leave to amend.

25        Plaintiffs shall file a third amended complaint no later than **May 27, 2016**.

26

27

28   _____

     [3]  By agreement of the parties, the City did not respond to plaintiffs' first amended
complaint and plaintiffs instead filed the SAC.  (*See* Dkt. No. 61.)

In light of the forthcoming filing of a third amended complaint, the City's motion to dismiss or for a more definite statement (Dkt. No. 63) is **DENIED AS MOOT**.  The hearing set for May 10, 2016 is **VACATED**.

**IT IS SO ORDERED**.

This Order terminates Docket Numbers 63, 69.

Date: May 6, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

3