1   KAMALA D. HARRIS
    Attorney General of California
2   TAMAR PACHTER
    Supervising Deputy Attorney General
3   JOSE A. ZELIDON-ZEPEDA
    Deputy Attorney General
4   State Bar No. 227108
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone:  (415) 703-5781
6    Fax:  (415) 703-1234
     E-mail:  Jose.ZelidonZepeda@doj.ca.gov
7   *Attorneys for Defendant Attorney General Kamala*
    *Harris*

8               IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     OAKLAND DIVISION

11

12

| | |
|---|---|
| 13   **RIANA BUFFIN AND CRYSTAL PATTERSON,** | 4:15-cv-04959-YGR |
| 14                                  Plaintiffs, | **DEFENDANT ATTORNEY GENERAL KAMALA HARRIS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15            v. | |
| 16 | |
| 17   **CITY AND COUNTY OF SAN FRANCISCO; et al.,** | Date:          August 16, 2016 |
| 18                                  Defendants. | Time:          2:00 p.m. |
| 19 | Courtroom:   1, Fourth Floor |
| 20 | Judge:         Honorable Yvonne Gonzalez Rogers |
|  | Action Filed:  October 28, 2015 |

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

PROCEDURAL HISTORY ........................................................................................... 1

FACTS ALLEGED ....................................................................................................... 2

LEGAL STANDARD ................................................................................................... 3

ARGUMENT ................................................................................................................ 4

I.     The Court Should Dismiss, or Hold in Abeyance, the Duplicative Claims Against the Attorney General ............................................................ 4

II.    The Attorney General Is Immune From Suit in Federal Court, and Therefore the Court Should Dismiss the Claims Against Her. ............... 5

III.   Plaintiffs Fail to State a Claim Under the Equal Protection and Due Process Clauses. ....................................................................................... 8

       A.    Plaintiffs' Equal Protection Claim Fails Because Wealth Is Not a Suspect Class ............................................................................... 9

       B.    Under Either Variation of Due Process, Plaintiffs' Complaint Does Not State a Claim. ................................................................. 10

CONCLUSION ........................................................................................................... 11

1

# TABLE OF AUTHORITIES

2

**Page**

3

CASES

4

*Albright v. Oliver*
510 U.S. 266 (1994) ...................................................................................10

5

6

*Alltrade, Inc. v. Uniweld Products, Inc.*
946 F.2d 622 (9th Cir. 1991)..........................................................................4

7

*Association des Eleveurs de Canards et D'Oies du Quebec v. Harris*
729 F.3d 937 (9th Cir. 2013)......................................................................6, 8

8

9

*Bd. of Trs. of the Univ. of Ala. v. Garrett*
531 U.S. 356 (2001) .......................................................................................6

10

11

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ..................................................................................3, 11

12

*Bolbol v. Brown*
120 F. Supp. 3d 1010 (N.D. Cal. 2015) .........................................................7

13

14

*British Telecommunications Plc v. McDonnell Douglas Corp.*
No. C-93-0677-MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993) ...........5

15

16

*Church of Scientology of Cal. v. U.S. Dept. of Army*
611 F.2d 738 (9th Cir. 1979)..........................................................................4

17

*Coakley v. Murphy*
884 F.2d 1218 (9th Cir. 1989)........................................................................4

18

19

*Coal. to Defend Affirmative Action v. Brown*
674 F.3d 1128 (9th Cir. 2012).....................................................................6, 7

20

21

*Galen v. Cty. Of Los Angeles*
477 F.3d 652 (9th Cir. 2007).....................................................................8, 10

22

*Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*
179 F.R.D. 264 (C.D. Cal. 1998) ...................................................................5

23

24

*Harris v. McRae*
448 U.S. 297 (1980) .......................................................................................9

25

26

*In re Cutera Securities Litig.*
610 F.3d 1103 (9th Cir. 2010)........................................................................4

27

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*
544 F. Supp. 2d. 949 (N.D. Cal. 2008) ......................................................4, 5

28

1

2

## TABLE OF AUTHORITIES
### (continued)

Page

3

4

*Lee v. State of Or.*
  891 F. Supp. 1421 (D. Or. 1995)............................................................7

5

*Lopez-Valenzuela v. Arpaio*
  770 F.3d 772 (9th Cir. 2014) (en banc)..............................................10

6

7

*Medina v. California*
  505 U.S. 437 (1992) ....................................................................10, 11

8

9

*N.A.A.C.P. Los Angeles Branch v. Jones*
  131 F.3d 1317 (9th Cir. 1997)..............................................................9

10

*Nichols v. Brown*
  945 F. Supp. 2d 1079 (C.D. Cal. 2013)..............................................7, 8

11

12

*Pacesetter Systems, Inc. v. Medtronic, Inc.*
  678 F.2d 93 (9th Cir. 1982).................................................................4

13

14

*Planned Parenthood of Idaho, Inc. v. Wasden*
  376 F.3d 908 (9th Cir. 2004)................................................................7

15

*San Antonio Independent School Dist. v. Rodriguez*
  411 U.S. 1 (1973) ................................................................................9

16

17

*Sensormatic Sec. Corp,. v. Sensormatic Electronics Corp.*
  452 F. Supp. 2d 621 (D. Md. 2006) ..................................................4, 5

18

19

*Shalaby v. State of Cal.*
  No. C-03-01922-CRB, 2003 WL 21556930 (N.D. Cal. July 3, 2003) .....................6

20

*U.S. v. Salerno*
  481 U.S. 739 (1987) ..........................................................................10

21

22

*White v. Wilson*
  399 F.2d 596 (9th Cir. 1968)...............................................................10

23

**STATUTES**

24

42 U.S.C.
  § 1983.................................................................................................1

25

26

California Penal Code
  § 1269b.................................................................................... *passim*
  § 1269b (b).........................................................................................3
  § 1269b (c)-(e)....................................................................................8

27

28

Def. Harris' Not. of Mot. & Mot. to Dismiss; Memo. of P. & A.'s (4:15-cv-04959-YGR)

# TABLE OF AUTHORITIES
### (continued)

Page

**CONSTITUTIONAL PROVISIONS**

United States Constitution
    Eighth Amendment ..............................................................................................10
    Eleventh Amendment...........................................................................................5, 6, 7

**COURT RULES**

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1, 3

**OTHER AUTHORITIES**

California Workplace Violence Safety Act.........................................................................7

1    TO PLAINTIFFS RIANA BUFFIN AND CRYSTAL PATTERSON:

2          TAKE NOTICE THAT on August 16, 2016 at 2:00 p.m., or as soon as this motion may be

3    heard, in the United States District Court for the Northern District of California, Oakland

4    Division, Defendant Attorney General Kamala Harris will move to dismiss the claims against her

5    under Federal Rule of Civil Procedure 12(b)(6).  Initially, Plaintiffs' claims against Defendant

6    Harris are duplicative of the same claims raised in another action, pending in the United States

7    District Court for the Eastern District of California, *Welchen v. County of Sacramento*, No. 16-cv-

8    185-TLN (E.D. Cal.).  Moreover, Attorney General Harris is immune from suit in federal court,

9    and, in any event, Plaintiffs fail to state a claim upon which relief can be granted against her.

10         This motion is based on the Third Amended Complaint, the documents attached to the

11   complaint, the concurrently filed request for judicial notice, and the attached memorandum of

12   points and authorities.

13                        **MEMORANDUM OF POINTS AND AUTHORITIES**

14                                     **INTRODUCTION**

15         Plaintiffs Riana Buffin and Crystal Patterson have been charged in ongoing state criminal

16   proceedings, and were unable to post bail.  In this civil rights action under 42 U.S.C. § 1983, they

17   challenge the City and County of San Francisco's enforcement of a bail schedule, claiming that it

18   violates their rights under the Equal Protection and Due Process Clauses.  They further claim that

19   the county "Sheriff and the Attorney General enforce unconstitutional state laws" requiring the

20   use of money bail, irrespective of an arrestee's ability to pay.  (ECF No. 71 at 3.)

21         Because Plaintiffs' claims against the Attorney General are duplicative of the claims raised

22   in *Welchen*, they should be dismissed in their entirety.  Alternatively, the Attorney General is

23   immune from suit in federal court, and Plaintiffs fail to state a claim.  Thus, this Court should

24   dismiss the claims against the Attorney General, with prejudice.

25                                  **PROCEDURAL HISTORY**

26         Plaintiffs  Riana Buffin and Crystal Patterson initially filed this action on October 28, 2015.

27   (ECF No. 1.)  Defendants City and County of San Francisco and the State of California moved to

28   dismiss the action, also opposing class action certification and injunctive relief.  The Court held a

                                              1

1    hearing on January 26, 2016, addressed these motions and indicated that it would dismiss the

2    claims against the State.  An order to that effect issued on February 1, 2016.  (ECF No. 55.)

3        On January 29, 2016, three days after this Court held a hearing on the motion to dismiss, an

4    action was brought in the United States District Court for the Eastern District of California

5    against the Attorney General, raising the same Due Process and Equal Protection challenges to

6    California bail law.  (Def.'s Req. for Jud. Not., Exh. 1 [Class Action Complaint].)  Like this case,

7    the *Welchen* litigation was filed by Equal Justice Under the Law, the same attorneys litigating this

8    action.  (*Id.*)  Like this case, the *Welchen* action claims that the Attorney General, as the chief law

9    enforcement officer in California, "is charged with the enforcement of California's laws," and

10   that she requires the enactment of a bail schedule under section 1269b, "thereby creating a

11   wealth-based detention scheme."  (*Id.* at 4 ¶ 13.)  Like this action, that case seeks declaratory and

12   injunctive relief, as well as class certification.  (*Id.* at 13-14.)  Both defendants moved to dismiss

13   the action, and that motion is currently under submission, pending before the Honorable Troy

14   Nunley.

15       In the meantime, Plaintiffs in this action filed an amended complaint on February 25, 2016,

16   which contained no claims against the State of California or its Attorney General.  (ECF No. 58.)

17   On March 17, 2016, Plaintiffs filed a second amended complaint, which also contained no claims

18   against the State of California or its Attorney General  (ECF No. 62.)  In response to the City's

19   motion to dismiss the SAC, Plaintiffs sought leave to file a Third Amended Complaint, which the

20   Court authorized.  (ECF No. 70.)  The TAC, filed on May 27, 2016, added claims against the

21   Sheriff of San Francisco, and the Attorney General, as described below.  (ECF No. 71.)

22                                    **FACTS ALLEGED**

23       Plaintiffs Riana Buffin and Crystal Patterson claim that Defendants City and County of San

24   Francisco, the County's Sheriff, and the Attorney General violate their due process and equal

25   protection rights through the City's bail procedures.  (ECF No. 71 at 1-3.)  Specifically, they

26   claim that they were arrested by the City, and were told that they would be released pending their

27   initial appearances if they paid money.  (*Id.* at 6-8 ¶¶ 27-39.)  They are allegedly indigent, and

28   cannot afford to pay these fees.  (*Id.*)  This treatment is allegedly caused by provisions of

                                              2

1   California's Penal Code "that are enforced by the Sheriff and the Attorney General," and by the

2   policies and practices of the Sheriff and the City.  (*Id.* at 11 ¶ 55.)

3       Plaintiffs complain about various purported policies and practices of the Sheriff and the

4   City, none of which bear on the claims against the Attorney General.  (*Id.* ¶¶ 56-60.)  To the

5   contrary, they contend that "No provision of California law expressly prohibits the Sheriff and the

6   Sheriff's Department from releasing indigent arrestees from jail even if they have not paid their

7   money bail amount."  (*Id.* at 11-12 ¶ 61.)  Nevertheless, they challenge California Penal Code

8   section 1269b(b), claiming that it violates the Equal Protection and Due Process clauses because

9   it "direct[s] that arrestees' money bail amounts [be] set without regard to ability to pay."  (*Id.* at

10  12 ¶ 66.)  Section 1269b allows release of an individual on bail, and provides that superior court

11  judges in each county should adopt a uniform bail schedule.  Plaintiffs further claim, without

12  citing any other provisions of state law, that any provision "that require[s] the use of secured

13  money bail to detain individuals due to their inability to pay are unconstitutional because they

14  violate the principle that no person should have to spend a single day in jail simply because she

15  cannot make a monetary payment."  (*Id.* at ¶ 65.)

16      Plaintiffs claim that the Attorney General is liable under federal law "for enforcing

17  California law in supervising the Sheriff and requiring imposition of money bail irrespective of an

18  arrestee's ability to pay."  (ECF 71 at 12-13 ¶ 68.)  They further claim that the Sheriff and the

19  City are liable "for the policy and practice of detaining all individuals who do not pay money bail

20  while releasing those individuals who do pay money bail."  (ECF 71 at 13 ¶ 69.)  Plaintiffs seek

21  injunctive and declaratory relief, damages, and attorneys' fees.  (*Id.* at 20-21.)

22                          **LEGAL STANDARD**

23      Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails

24  to state a claim upon which relief can be granted.  Although a complaint attacked by a motion to

25  dismiss does not need "detailed factual allegations," it must contain "more than labels and

26  conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell*

27  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted).  A court should

28

3

1    dismiss a complaint "if it fails to plead enough facts to state a claim to relief that is plausible in its

2    face." *In re Cutera Securities Litig.*, 610 F.3d 1103, 1107 (9th Cir. 2010) (citation omitted).

3         If a complaint's defects are not curable, the court should dismiss without leave to amend.

4    *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989).

5                                       **ARGUMENT**

6    **I.    THE COURT SHOULD DISMISS, OR HOLD IN ABEYANCE, THE DUPLICATIVE CLAIMS
           AGAINST THE ATTORNEY GENERAL.**

7

8         Initially, this Court should dismiss, or alternatively stay, Plaintiffs' claims against the

9    Attorney General because they are duplicative of identical claims pending in another federal

10   court.

11        Federal courts avoid entertaining duplicative lawsuits that involve the same issues in

12   separate actions.  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982);

13   *see also Sensormatic Sec. Corp,. v. Sensormatic Electronics Corp.*, 452 F. Supp. 2d 621, 626 (D.

14   Md. 2006) (discussing "claim splitting" aspect of res judicata doctrine).  "Normally[,] sound

15   judicial administration would indicate that when two identical actions are filed in courts of

16   concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no

17   purpose would be served by proceeding with a second action."  *Pacesetter Systems, Inc.*, 678 F.2d

18   at 95.  This first-filed doctrine "is designed to avoid placing an unnecessary burden on the federal

19   judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology of

20   Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979).  In such situations, a district court

21   may stay, transfer, or dismiss a duplicative later-filed action.  *Alltrade, Inc. v. Uniweld Products,

22   Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  The first-filed doctrine requires chronology, identity of

23   parties, and similarity of issues.  *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.

24   Supp. 2d. 949, 957 (N.D. Cal. 2008).

25        Here, as noted above, the claims against the Attorney General for her purported role in

26   enforcing section 1969b were filed in the *Welchen* case on January 29, 2016.  (Def.'s Req. for

27   Jud. Not., Exh. 1 [Class Action Complaint].)  Although Plaintiffs filed this action on November 2,

28   2015, they did not raise any claims against the Attorney General until they filed the Third

                                          4

1   Amended Complaint on May 27, 2016.  Accordingly, the *Welchen* action predated the claims

2   against the Attorney General here.  Moreover, the issues raised in both actions meet the similarity

3   requirement.  Both actions allege that the Attorney General, as the chief law enforcement officer

4   in California, has oversight to enforce section 1969b, and that the alleged requirement of a money

5   bail schedule violates the equal protection and due process rights of indigent arrestees.

6       Although the named plaintiffs are not the same for both actions—the *Welchen* case was

7   nominally filed by Gary Welchen, while this case was nominally filed by Riana Buffin and

8   Crystal Patterson— courts have held that there is no requirement of "strict identity of parties for

9   the first-to-file rule to apply."  *British Telecommunications Plc v. McDonnell Douglas Corp.*, No.

10  C-93-0677-MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993).  Here, there is no dispute that

11  both actions were filed and are being prosecuted by the same attorneys, from the Equal Justice

12  Under Law organization.  These attorneys have brought similar claims in various jurisdictions

13  throughout the country.  (ECF No. 7 at 14-15 ["Equal Justice Under Law has also been the lead

14  attorney in several recent constitutional civil rights class action lawsuits raising similar issues."].)

15  Thus, the parties in the two actions are "sufficiently identical" for purposes of the first-filed rule.

16  *Intersearch Worldwide Ltd.*, 544 F. Supp. 2d at 958 & fn.6 (noting that the first-filed rule does

17  not require "exact identity"); *Guthy-Renker Fitness, LLC v. Icon Health & Fitness, Inc.*, 179

18  F.R.D. 264, 270 (C.D. Cal. 1998) (assessing "similarity of the parties" under the first-filed rule).

19  The same result obtains under the claim-splitting doctrine of res judicata, which bars a second suit

20  "if the claim involves the same parties *or their privies* and 'arises out of the same transaction or

21  series of transactions' as the first claim."  *Sensormatic Sec. Corp.*, 452 F. Supp. 2d at 626

22  (emphasis added).

23  **II.   THE ATTORNEY GENERAL IS IMMUNE FROM SUIT IN FEDERAL COURT, AND
       THEREFORE THE COURT SHOULD DISMISS THE CLAIMS AGAINST HER.**
24

25      Alternatively, Plaintiffs fail to state a claim against the Attorney General because she is

26  immune from suit.

27      The Eleventh Amendment provides, in relevant part, that "The judicial power of the United

28  States shall not be construed to extend to any suit in law or equity, commenced or prosecuted

                                        5

1    against one of the United States by Citizens of another State."  The Supreme Court has interpreted

2    this Amendment to apply to suits by citizens against their own states.  *Bd. of Trs. of the Univ. of*

3    *Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  "The ultimate guarantee of the Eleventh Amendment

4    is that nonconsenting States may not be sued by private individuals in federal court."  *Id.*  Thus, it

5    "erects a general bar against federal lawsuits brought against a state."  *Coal. to Defend*

6    *Affirmative Action v. Brown*, 674 F.3d 1128, 1133 (9th Cir. 2012) (quoting *Porter v. Jones*, 319

7    F.3d 483, 491 (9th Cir. 2003)).

8          Although the Eleventh Amendment does not bar actions for prospective declaratory or

9    injunctive relief against state officers in their official capacities, a party raising such a claim must

10   show that the state official sued has "some connection with the enforcement of the [challenged]

11   act."  *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (quoting

12   *Ex Parte Young*, 209 U.S. 123, 157 (1908)).  This connection "must be fairly direct; a generalized

13   duty to enforce state law or general supervisory power over the persons responsible for enforcing

14   the challenged provision will not subject an official to suit."  *Id.* (quoting *L.A. Cty. Bar Ass'n v.*

15   *Eu*, 979 F.2d 697, 704 (9th Cir. 1992)).  The *Ex Parte Young* exception is not "an indiscriminate

16   exception" to sovereign immunity, and thus a "plaintiff may not challenge any statute's

17   constitutionality simply by naming some random state officer, rather than the state itself, as the

18   defendant."  *Shalaby v. State of Cal.*, No. C-03-01922-CRB, 2003 WL 21556930, at *4 (N.D.

19   Cal. July 3, 2003).  For example, the Ninth Circuit has held that the governor of California is

20   immune where his only connection to the challenged law was his general duty to enforce

21   California law.  *Association des Eleveurs de Canards et D'Oies du Quebec v. Harris*, 729 F.3d

22   937, 943 (9th Cir. 2013).

23         Plaintiffs' complaint does not allege that the Attorney General has any connection with

24   enforcing California Penal Code section 1269b, the challenged provision.  In fact, the only

25   allegations regarding the Attorney General in the Complaint are that she "is charged with the

26   enforcement of California's laws," allegedly "requires the Sheriff to impose bail pursuant to a bail

27   schedule," supervises county sheriffs, and can potentially prosecute criminal violations of the bail

28   law.  (ECF No. 71 at 6 ¶¶ 23-25.)  There is no allegation that the Attorney General is involved in

6

1   overseeing the City's adoption of a bail schedule, its enforcement of it, or any attempts to modify

2   it.  (*See generally*, ECF No. 71.)

3        As other courts have held, lawsuits seeking a declaration that a particular state statute is

4   unconstitutional or injunctive relief from state law do not suffice to take the case out of sovereign

5   immunity.  In *Bolbol v. Brown*, 120 F. Supp. 3d 1010 (N.D. Cal. 2015), the plaintiff sued the

6   California Governor and its Attorney General, seeking a declaration that certain provisions of the

7   California Workplace Violence Safety Act were unconstitutional.  The court concluded that these

8   claims were barred by sovereign immunity because "Plaintiffs' requested declaration and

9   injunctive relief are targeted at the application of [the state statute] in the State of California

10  generally, not by the particular defendants in this case."  *Id.* at 1017.  Thus, these claims sought

11  "relief that is directed against the State of California, and such claims are barred under the

12  Eleventh Amendment."  *Id*; *see also Lee v. State of Or.*, 891 F. Supp. 1421, 1429 (D. Or. 1995)

13  (dismissing claim against state Attorney General challenging state Death With Dignity Act, as

14  barred by Eleventh Amendment).  Under Ninth Circuit caselaw, Plaintiffs' generic allegations

15  that the Attorney General has a general duty to enforce state law does not overcome Eleventh

16  Amendment immunity.  This Court should dismiss without leave to amend.

17       Plaintiffs' allegation that the Attorney General supervises county sheriffs and can prosecute

18  violations of the bail law does not change this result.  (ECF 71 at 6 ¶¶ 24-25.)  Assuming the

19  accuracy of these allegations, Plaintiffs' suit is not aimed at the Attorney General's role in

20  prosecuting bail law violations.  Although the Eleventh Amendment does not bar actions for

21  prospective declaratory or injunctive relief against state officers in their official capacities, a party

22  raising such a claim must show that the state official sued has "some connection with the

23  enforcement of the [challenged] act."  *Coal. to Defend Affirmative Action*, 674 F.3d at 1134.

24  Courts must ask "whether there is the requisite causal connection between [state officials']

25  responsibilities and any injury that the plaintiffs might suffer, such that relief against the

26  defendants will provide redress."  *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908,

27  919 (9th Cir. 2004).  In *Nichols v. Brown*, 945 F. Supp. 2d 1079, 1105-06 (C.D. Cal. 2013), the

28  plaintiff challenged a California statute banning the carrying of a loaded firearm in public,

7

1   including a provision authorizing warrantless firearm searches.  The district court held that the

2   Attorney General was a proper defendant, given her "particularly broad responsibility and

3   expansive powers in the enforcement of criminal law." *Id.* at 1106.  Likewise, the Ninth Circuit

4   has held that the Attorney General was not immune in a case challenging a state statute barring

5   force feeding of certain animals because violations the statute could be prosecuted by district

6   attorneys, and the Attorney General had express authority to prosecute by stepping into the shoes

7   of the district attorney.  *Ass'n des Eleveurs de Canards et d'Oies du Quebec*, 729 F.3d at 944-45;

8   *Bolbol*, 120 F. Supp. 3d at 1019.  By contrast, Plaintiffs do not allege that the Attorney General

9   has utilized her supervisory powers over the sheriffs or district attorneys in any way to impose the

10   purported "wealth based system" underlying their claim—indeed, they contend that "state law

11   does not expressly bind the decision-making authority of the Sheriff and Sheriff's Department

12   with regard to release and detention decisions."  (ECF No. 71 at 5 ¶ 18.)  Nor do Plaintiffs claim

13   that the Attorney General took any role in their bail proceedings, or otherwise used her authority

14   to prosecute the violation of any bail provision in their case.  In short, Plaintiffs' allegations fall

15   short of showing the requisite causal connection between the Attorney General's "responsibilities

16   and any injury" that they might suffer.

17   **III.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE EQUAL PROTECTION AND DUE
18        PROCESS CLAUSES.**

19        Plaintiffs' allegation that the bail system discriminates based on wealth is belied by the

20   statutory scheme.  State law allows for bail in noncapital offenses, and requires that county bail

21   systems set bail amounts based on the seriousness of the offense at issue.  Cal. Pen. Code § 1269b

22   (c)-(e).  In assessing the seriousness of the offense, superior court judges must "assign an

23   additional amount of required bail for each aggravating or enhancing factor chargeable in the

24   complaint."  *Id.* § 1269b(e).  State law also allows for release of criminal defendants on their own

25   recognizance.  *Id.* § 1270(a).  The Ninth Circuit has noted that "California law requires that non-

26   capital defendants be offered bail," and that state courts "may neither deny bail nor set it in a sum

27   that is the functional equivalent of no bail."  *Galen v. Cty. Of Los Angeles*, 477 F.3d 652, 661 (9th

28   Cir. 2007) (citing California Penal Code).

8

1     San Francisco's bail schedule reflects these statutory requirements, with preset bail amounts

2  tied to the seriousness of the offense.  For example, the highest bail amounts correspond to drug

3  offenses involving the largest amounts of drugs, aggravated mayhem, forcible sex offenses, and

4  destroying property while committing a felony.  (ECF No. 1-1 at 6-9.)  The lowest bail amounts

5  are for non-violent offenses, like marijuana possession, marijuana sale, and sex offenses without

6  the use of force or other aggravating factors.  (*Id.* at 7, 4.)

7     Against this backdrop, Plaintiffs cannot state a claim under equal protection or due process.

8     **A.    Plaintiffs' Equal Protection Claim Fails Because Wealth Is Not a Suspect
          Class.**

9

10    Federal courts have consistently held that "wealth is not a suspect category in Equal

11  Protection jurisprudence."  *N.A.A.C.P. Los Angeles Branch v. Jones*, 131 F.3d 1317, 1321 (9th

12  Cir. 1997) (citing *Harris v. McRae*, 448 U.S. 297, 322-23 (1980)); *San Antonio Independent*

13  *School Dist. v. Rodriguez*, 411 U.S. 1, 24 (1973) ("[A]t least where wealth is involved, the Equal

14  Protection Clause does not require absolute equality or precisely equal advantages.").  "The

15  guarantee of equal protection . . . is not a source of substantive rights or liberties, but rather a right

16  to be free from invidious discrimination in statutory classifications and other governmental

17  activity."  *Harris*, 448 U.S. at 322.  Thus, "where a statutory classification does not itself impinge

18  on a right or liberty protected by the Constitution, the validity of classification must be sustained

19  unless 'the classification rests on grounds wholly irrelevant to the achievement of [any legitimate

20  governmental] objective.'"  *Id.* (bracketed language in original; citation omitted).

21    Because Plaintiffs cannot show that the bail system classifies individuals based on a suspect

22  classification, Penal Code section 1269b and the bail system are subject to rational basis review.

23  *N.A.A.C.P. Los Angeles Branch*, 131 F.3d at 1324.  As explained above, the bail system does not

24  make classifications based on wealth, but instead on the seriousness of criminal offenses.  To the

25  extent Plaintiffs argue that the practical effect of the bail schedule impacts indigent individuals,

26  the caselaw makes clear that the state is not constitutionally required to remove obstacles not of

27  its own creation.  *See Maher v. Roe*, 432 U.S. at 470-71; *Harris*, 448 U.S. at 317.

28

9

1    Under rational basis review, Penal Code section 1269b and the bail system pass muster.  As

2    the Supreme Court has held in addressing a challenge to the federal bail process under the

3    Excessive Bail Clause, "the Government's regulatory interest in community safety can, in

4    appropriate circumstances, outweigh an individual's liberty interest."  *U.S. v. Salerno*, 481 U.S.

5    739, 748 (1987).  "While we agree that a primary function of bail is to safeguard the courts' role

6    in adjudicating the guilt or innocence of defendants, we reject the proposition that the Eighth

7    Amendment categorically prohibits the government from pursuing other admittedly compelling

8    interests through regulation of pretrial release."  *Id.* at 753.  And the Ninth Circuit has likewise

9    rejected challenges to state bail procedures.  *Galen v. County of Los Angeles*, 477 F.3d 652, 660

10   (9th Cir. 2007) ("*Salerno* makes clear that the Excessive Bail Clause does not bar the state from

11   detaining even noncapital arrestees without bail, or from considering interests other than flight

12   prevention in setting bail.").  In short, "The mere fact that [a person] may not have been able to

13   pay the bail does not make it excessive."  *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968).[1]

14   **B.    Under Either Variation of Due Process, Plaintiffs' Complaint Does Not
             State a Claim.**

15

16       Nor do Plaintiffs state a claim under the Due Process Clause.  Although the complaint does

17   not specify whether Plaintiffs bring a procedural or substantive due process claim, they cannot

18   state a claim for substantive due process.  "As a general matter, the Court has always been

19   reluctant to expand the concept of substantive due process," and thus the protections of this clause

20   "have for the most part been accorded to matters relating to marriage, family, procreation, and the

21   right to bodily integrity."  *Albright v. Oliver*, 510 U.S. 266, 272 (1994).

22       Moreover, the Supreme Court has taken a deferential approach to state criminal laws when

23   they are challenged under the Due Process Clause.  *Medina v. California*, 505 U.S. 437, 443

24   (1992) (noting that "beyond the specific guarantees enumerated in the Bill of Rights, the Due

25   _____

26   [1] The Ninth Circuit recently struck an Arizona law that categorically denied bail to an
     entire class of individuals charged with non-capital offenses, namely undocumented immigrants.
27   *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772 (9th Cir. 2014) (en banc).  But the bail system at issue
     here does not categorically deny bail to any group of individuals; to the contrary, it allows any
     individual (other than those charged with capital crimes or other serious offenses) to obtain bail.

28

                                        10

1   Process Clause has limited operation") (internal citation omitted).  "The Bill of Rights speaks in

2   explicit terms to many aspects of criminal procedure, and the expansion of those constitutional

3   guarantees under the open-ended rubric of the Due Process Clause invites undue interference with

4   both considered legislative judgments and the careful balance that the Constitution strikes

5   between liberty and order."  *Id.*  Under this test, a state criminal law does not violate due process

6   unless "it offends some principle of justice so rooted in the traditions and conscience of our

7   people as to be ranked as fundamental."  *Id.* at 445 (quoting *Speiser v. Randall*, 357 U.S. 513, 523

8   (1958)).  Thus, while criminal trial of an incompetent individual violates due process, states do

9   not violate due process by putting the burden of proof on the criminal defendant to establish his

10  lack of competency.  *Id.* at 453; *see also Bell*, 441 U.S. at 535-36 ("In evaluating the

11  constitutionality of conditions or restrictions of pretrial detention that implicate only the

12  protection against deprivation of liberty without due process of law, we think that the proper

13  inquiry is whether those conditions amount to punishment of the detainee.").

14        Thus, Plaintiffs' claim fails under substantive or procedural due process.

15                                  **CONCLUSION**

16        Plaintiffs cannot bring in this action the same claims against the Attorney General that are

17  raised in the *Welchen* matter, and thus Court should dismiss or stay those claims.  Moreover, the

18  Attorney General is immune, and Plaintiffs fail to state a claim against her.

19  Dated:  June 23, 2016                          Respectfully Submitted,

20                                                 KAMALA D. HARRIS
                                                   Attorney General of California
21                                                 TAMAR PACHTER
                                                   Supervising Deputy Attorney General
22

23

24                                                 /s/ *Jose A. Zelidon-Zepeda*
                                                   JOSE A. ZELIDON-ZEPEDA
25                                                 Deputy Attorney General
                                                   *Attorneys for Defendant Attorney General*
26                                                 *Kamala Harris*

27  SA2015105733
    Defendant AG Harris Motion to Dismiss.doc
28

                                        11