HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Proposed Defendant Intervenor
California Bail Agents Association

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNT OF SAN FRANCISCO, *et al.*<br><br>Defendants. | Case No. 4:15-cv-04959-YGR<br><br>**NOTICE OF MOTION AND MOTION OF CALIFORNIA BAIL AGENTS ASSOCIATION TO INTERVENE AS DEFENDANT; MEMORANDUM IN SUPPORT**<br><br>Date: August 16, 2016<br>Time: 2:00 p.m.<br>Place: Courtroom 1, Fourth Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |



# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 2

    A. CBAA Is Entitled to Intervene as a Matter of Right. ............................................ 2

        1. This Motion Is Timely. ............................................................................... 3

        2. CBAA Has Significantly Protectable Interests in the Litigation ............. 3

        3. CBAA's Interests May Be Impaired If Intervention Is Denied. .............. 5

        4. CBAA's Interests Are Not Now Being Adequately Represented. ......... 7

    B. Alternatively, Permissive Intervention Should Be Granted. ............................... 11

        1. CBAA Meets Jurisdictional Concerns. .................................................... 12

        2. CBAA's Motion Is Timely. ....................................................................... 12

        3. A Common Question of Law and Fact Exists Between CBAA's Claim or Defense and the Main Action. ........................................................................ 12

    C. This Motion Need Not Be Accompanied by a Separate Pleading. ..................... 13

III. IF CBAA'S INTERVENTION IS DENIED AT THIS TIME, DENIAL SHOULD BE WITHOUT PREJUDICE .................................................................................................... 13

IV. CONCLUSION ................................................................................................................... 14



# TABLE OF AUTHORITIES

**Cases**

*Baccouche v. Blankenship*, 154 Cal. App. 4th 1551 (2007) ............................................................. 6

*Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470 (9th Cir.1992) ................................................ 13

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977) ................................................................................ 11

*Brooks v. Flagg Bros.*, 63 F.R.D. 409 (S.D.N.Y. 1974) .................................................................... 6

*Bushansky v. Armacost*, 12-cv-01597-JST
   2014 WL 5335255, at *2 (N.D. Cal., Oct. 17, 2014) ................................................................. 13

*California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 1113 (9th Cir. 2002) ...................................................................................................... 3

*Collins v. Ainsowrth,* 382 F.3d 529 (5th Cir. 2004) ......................................................................... 9

*County of Fresno v. Andrus*, 622 F.2d 436 (9th Cir. 1980) ............................................................. 2

*Dixon v. Cost Plus,* 12-cv-2721-LHK, 2012 WL 2499931, at *6 (N.D. Cal. June 27, 2012) .... 4, 13

*Fields v. Henry Cty.* 701 F.3d 180 (6th Cir. 2012) ........................................................................... 9

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) ........................... 4

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) ........................... 11

*Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) .......................................... 5, 8

*Hodgdon v. United States*, 365 F.2d 679 (8th Cir. 1966) ................................................................ 8

*Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392 (9th Cir. 1995) ............................................... 3

*Kleissler v. U.S. Forest Serv.*, 157 F.3d 964 (3d Cir. 1998) .......................................................... 11

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) ............................................. 2

*McDonald v. City of Chicago*, 561 U.S. 742 (2010) ........................................................................ 8

*Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) ...................... 7

*New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*,
   516 F.2d 350 (2d Cir. 1975) ......................................................................................................... 7

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825 (9th Cir. 1996) ...................................... 3

*Nuesse v. Camp*, 385 F.2d 694 (D.C.Cir.1967) ................................................................................ 3



*Schilb v. Kuebel*, 404 U.S. 357 (1971)..................................................................................................8

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) ...............................................................................7

*Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*,
   101 F.3d 503 (7th Cir. 1996) ........................................................................................................13

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001)............................3

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326 (9th Cir. 1977) .......................................12

*Stack v. Boyle*, 342 U.S. 1 (1951) .......................................................................................................5

*United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120 (7th Cir. 1984) .....................................8

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004)..................................................4

*United States v. McConnell*, 842 F.2d 105 (5th Cir. 1988) ...............................................................8

*United States v. Salerno*, 481 U.S. 739 (1997) .................................................................................4

*United States v. Wright*, 483 F.2d 1068 (4th Cir. 1973) ..................................................................8

*Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111 (10th Cir. 2002).....................10

*Valley View Health Care, Inc. v. Chapman*, 13-cv-0036-LJO-BAM, 2013 WL 4541602, at *9
   (E.D. Cal., Aug. 27, 2013) ............................................................................................................13

*Wagenmann v. Adams*, 829 F.2d 196 (1st Cir. 1987) ........................................................................8

*White v. Wilson*, 399 F.2d 596 (9th Cir. 1968) ..............................................................................5, 8

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)...........................................2, 4

*Woods v. Michigan City,* 940 F.2d 275 (7th Cir. 1991).....................................................................9

**Statutes**

28 U.S.C. § 1331................................................................................................................................11

Cal. Const., Article 1, §12..................................................................................................................10

Cal. Penal Code §1296b...........................................................................................................6, 9, 14

Cal. Civ. Code, §1441……………………………………………………………………………….11

Cal. Civ. Code §1667………………………………………………………………………………..11

Cal. Civ. Code §1668………………………………………………………………………………..11

Fed. R. Civ. P. 24........................................................................................................................4, 5, 6

**Secondary Sources**



Eric Helland & Alexander Tabarrok, *The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping*, 47 J.L. & Econ. 93 (2004) ....................................................... 9, 10

Robert G. Morris, Dallas County Criminal Justice Advisory Board, *Pretrial Release Mechanisms in Dallas County, Texas* (Jan. 2013) ............................................................................................... 10

Bureau of Justice Statistics, *Pretrial Release of Felony Defendants in State Courts*, Nov. 2007 (revised Jan. 2008) .............................................................................................................................. 11



**NOTICE OF MOTION AND MOTION TO INTERVENE**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Notice is hereby given that on August 16, 2016, at 2:00 p.m., or as soon thereafter as the case may be heard, California Bail Agents Association ("CBAA" or "Proposed Intervenor") will and hereby does move to intervene as a defendant in the above-entitled action.

With this Motion, CBAA seeks an Order from the Court permitting it to intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure, on the ground that CBAA meets the requirements for intervention as a matter of right, or in the alternative, for permissive intervention. This Motion is based upon this Notice of Motion and Motion to Intervene, the Memorandum of Points and Authorities in Support of Motion to Intervene, the Declaration of Gloria Mitchell in Support of Motion to Intervene ("Mitchell Decl."), the Proposed Order, all pleadings and papers filed in this action, and upon such matters the Court may entertain at the time of the hearing on this Motion.

Date: July 6, 2016                                DHILLON LAW GROUP INC.

                                                  By:   /s/ Harmeet K. Dhillon
                                                        Harmeet K. Dhillon (SBN: 207872)
                                                        Krista Baughman (SBN: 264600)
                                                        Attorneys for Proposed Defendant Intervenor
                                                        California Bail Agents Association




**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In their fourth iteration of the Complaint, Plaintiffs ask this Court for "a declaration that any state statutory or constitutional provisions that require the use of secured money bail to detain any person without an inquiry into ability to pay are unconstitutional." Third Amended Complaint, Doc. 71 ("TAC"), ¶4. Plaintiffs further seek an order declaring that Penal Code §1296b(b) – the California law governing enactment of a bail schedule – "and any other state statutory or constitutional provisions that require the use of secured money bail to detain any person without an inquiry into ability to pay are unconstitutional." TAC, ¶¶ 55, 66.

Plaintiffs are mounting a full-scale attack on the deeply rooted, centuries-old institution of bail insurance policies ("bail bonds" or "surety bail") in this country – an institution expressly sanctioned by the Eighth Amendment and California Constitutions, as well as in case law interpreting those foundational norms. As a non-profit association of approximately 3,300 bail agents who facilitate the posting of bail bonds by arrestees in California and ensure that bailees attend trial, California Bail Agents Association ("CBAA") has a direct stake in the outcome of this case. If Plaintiffs' requested relief is granted, not only would CBAA's interests in existing bail bond contracts be wiped out, but CBAA's entire industry could be destroyed, with detrimental effects to the administration of justice in California.

The named Defendants – the City and Sheriff of San Francisco and the Attorney General of California (collectively, "Defendants") – are defending their own interests on primarily narrow procedural and immunity grounds that do not apply to CBAA. Defendants do not meaningfully or substantively address the gravamen of Plaintiffs' case, or adequately represent CBAA's interests. By contrast, CBAA intends to address the merits of this lawsuit and assert arguments and defenses including: (1) bail — which is expressly recognized in the Eighth Amendment — is necessarily constitutional;  (2) CBAA is uniquely qualified to present the Court with information and evidence of what bail agents actually do, and their essential role in the operation of the criminal justice system (*see e.g.*, Mitchell Decl., filed herewith); and (3) should Plaintiffs' requests be granted, an entire industry that is premised on securing rights for citizens under the Eighth Amendment, could

be eliminated. As such, CBAA should be permitted to enter the case so that the Court may benefit from a more complete presentation of the facts and law when making such a monumental decision about a Constitutional institution – bail.

CBAA satisfies each requirement for intervention of right under Federal Rule of Civil Procedure 24(a). This motion is timely made,[1] and as representative of California's bail agents, CBAA has a significantly protectable interest "relating to the ... transaction which is the subject of the action." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Given Plaintiffs' attempt to enjoin bail bonds for all persons, CBAA is "so situated that without intervention the disposition of this action may as a practical matter impair or impede [its] ability to protect that interest" – indeed, such disposition necessarily *will* impede CBAA's interests. *Id*.

In the alternative, CBAA should be allowed to intervene permissively, pursuant to Rule 24(b), since its timely motion raises no additional claims, and necessarily implicates "question[s] of law or fact in common" with – indeed, inseparable from – those raised by the TAC. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002)(quoting Fed. R. Civ. P. 24(b)). For the reasons discussed below, CBAA respectfully requests that the Court grant its motion to intervene.

## II. ARGUMENT

### A. CBAA Is Entitled to Intervene as a Matter of Right.

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right if four conditions are met: (1) the motion is timely; (2) the applicant claims an identifiable, "significantly protectable interest" relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties to the action do not adequately represent the applicant's interest. Fed. R. Civ. P. 24(a); *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit construes this four-part test liberally in favor of potential intervenors. *Southwest Center for Biological Diversity v. Berg*, 268

---

[1] As discussed below, CBAA first sought to intervene in this litigation at its very outset, but this Court denied that motion without prejudice as premature, in light of the "unintelligible" state of Plaintiffs' original Complaint, and permission to file a First Amended Complaint. *See* Docs. 41, 55.

2



MOTION BY CBAA TO INTERVENE                                    Case No. 4:15-CV-04959-YGR

F.3d 810, 818 (9th Cir. 2001). Each of these conditions is met here.

### 1. This Motion Is Timely.

Courts examine three factors to determine the timeliness of a motion to intervene: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and length of any delay. *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

CBAA first sought to intervene in this litigation at its very outset, less than two months after Plaintiffs filed their original Complaint. *See* Doc. 41. The Court denied that motion without prejudice, as premature in light of Plaintiffs' failure to explain whether they intended to challenge California's bail laws in a way that would implicate CBAA's interests. *See* Doc. 55. The Court noted that "[o]nly once the Court understands the relief plaintiffs seek in this case, and the defenses the City and CBAA intend to raise in response thereto, can intervention be sufficiently addressed." Doc. 55. Plaintiffs have now thrice amended their complaint, and this motion to intervene is filed within two weeks of Defendants' filing their respective motions to dismiss. As such, there has been no delay, let alone delay that would prejudice the existing parties. *See, e.g. Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 837 (9th Cir. 1996) (no prejudice where motion to intervene was filed before the district court had made any substantive rulings); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (allowing intervention four months after the complaint was filed and two months after the government answered, even though plaintiff had already filed a motion for a preliminary injunction). Thus, CBAA's motion is timely.

### 2. CBAA Has Significantly Protectable Interests in the Litigation

Rule 24(a) requires that an applicant for intervention possess an interest relating to the "property or transaction" that is the subject of the litigation. This "interest test" serves primarily as a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno*, 622 F.2d at 438 *quoting Nuesse*

*v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967).  Generally, a proposed intervenor meets this test if "the interest [asserted] is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).  More specifically, the Ninth Circuit has held that:

> when, as here, the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the "interest" test of Fed. R. Civ. P. 24(a)(2); he has a significantly protectable interest that relates to the property or transaction that is the subject of the action.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc.*, 630 F.3d 1173.

CBAA has significant, legally protectable interests that directly relate to the subject of this action. CBAA is an association of bail agents licensed by the state of California and the California Department of Insurance, who provide bail insurance policies ("bail bonds") to consumers to secure the release of persons from jails throughout California. Mitchell Decl., ¶¶2, 5. A bail bond is a legal contract with the state and/or federal agency. *See* Cal. Penal Code §1296b(a) (discussing surety bonds "executed by a certified, admitted surety insurer as provided in the Insurance Code"); Mitchell Decl., ¶2. CBAA has a legally protectable interest in the continued viability of contracts held by its members. In fact, named Plaintiff Crystal Patterson was released on a bail bond underwritten by Bail Hotline Bail Bonds, which is a member of CBAA. *See* ECF Doc. 25-1 ("Surety Bail Bond Agreement"); Mitchell Decl., ¶13.

In addition, CBAA has a concrete economic interest in protecting the livelihoods of its members and ensuring the continued viability of its industry as a whole. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (an economic interest constitutes a significantly protectable interest where it is concrete and related to the underlying subject matter in the case). CBAA's industry is provided for in the Eighth Amendment's prohibition against "excessive bail," which necessarily contemplates the propriety of non-excessive bail.[2] *See White v. Wilson*, 399 F.2d

---

[2] "Bail" under the Eighth Amendment is the same thing as "secured money bail," as Plaintiffs call it. For instance, in *United States v. Salerno*, 481 U.S. 739 (1997), the Supreme Court made clear that the Eighth Amendment did not mandate a right to bail, but was only concerned with the *amount* of

4

596, 598 (9th Cir. 1968) ("The mere fact that petitioner may not have been able to pay the bail does not make it excessive."). CBAA's industry is also outlined in the California Constitution. *See* Cal. Const., Article 1, §12 ("A person shall be released on bail by sufficient sureties…"). CBAA thus has a legally protectable interest in defending its entire industry, which is threatened in this lawsuit.

CBAA also is entitled to intervene on behalf of its members. Under Ninth Circuit precedent, an organization may intervene on behalf of its members as long as it demonstrates: (1) the members have a legally protectable interest that is sufficient for intervention; (2) the defense of the decision is relevant to the associations' purposes; and (3) the members are not necessary participants in the suit. *Southwest Center for Biological Diversity*, 268 F.3d at 822 n.3. Here, CBAA members have a legally protectable interest in providing surety bail services to accused persons in San Francisco. These interests are relevant to CBAA's purposes, because protecting its members' interest and ensuring the continued vitality of the surety bail industry is at the core of CBAA's mission. Finally, because Plaintiffs seek declaratory and injunctive relief against the City and County of San Francisco and the Sheriff, individual CBAA members are not necessary participants in this suit. Therefore, CBAA is entitled to intervene on behalf of both itself and its members in this case.

### 3. CBAA's Interests May Be Impaired If Intervention Is Denied.

Rule 24(a) also requires that an applicant for intervention as a matter of right be "so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's

---

bail if and when bail was warranted. *Id.,* at 739 ("when the Government has admitted that its only interest is in preventing flight, bail must be set by a court *at a sum* designed to ensure that goal, and no more.") (emphasis added); *see also, Stack v. Boyle*, 342 U.S. 1, 5 (1951) (stating in dictum that "[b]ail set at a figure higher than *an amount* reasonably calculated [to ensure the defendant's presence at trial] is 'excessive' under the Eighth Amendment.") (emphasis added); *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007) (internal citations omitted) ("The state may not set bail to achieve invalid interests . . . nor *in an amount* that is excessive in relation to the valid interests it seeks to achieve.") (emphasis added). The Eighth Amendment proscription against *excessive* bail necessarily contemplates the quantum of bail, and in this case, Plaintiffs' challenge to the bail schedule as applied to the indigent is a challenge to the quantum of bail.

5

ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). Because "Rule 24 refers to impairment 'as a practical matter' ... the court is not limited to consequences of a strictly legal nature." *Forest Conservation Council*, 66 F.3d at 1498, *abrogated on other grounds*, *Wilderness Soc.*, 630 F.3d 1173, *citing*, Fed. R. Civ. P. 24 advisory committee's note (stating that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene").

In this case, CBAA's interests not only "may," but *will necessarily be* impaired as "a practical matter" if Plaintiffs' requested relief – a permanent injunction against the use of bail bonds in San Francisco (and presumably the entire State of California, under principles of *stare decisis*) – is granted, because not only will tens or hundreds of thousands of existing surety bail contracts be voided as unconstitutional, but CBAA's entire industry would be rendered nonexistent. Mitchell Decl., ¶14; *see also Baccouche v. Blankenship*, 154 Cal. App. 4th 1551, 1558 (2007) ("[A] contract whose object is a violation of law is itself against the policy of the law (Civ. Code, §§ 1441, 1667, 1668), and renders the bargain unenforceable.")

Plaintiffs concede as much, as their stated goal in this litigation is to have the Court declare that "secured money bail" of the type provided by the bail industry – i.e., "bail" – is unconstitutional. *See, e.g.,* TAC ¶ 65.  Indeed, Plaintiffs' counsel, EJUL, has a larger goal of seeking to "End[] the American Money Bail System" nationwide. [3] In public statements concerning this lawsuit, counsel for Plaintiffs, Phil Telfeyan, is quoted as follows:

> Telfeyan said he is not trying to destroy the classic, neon-advertising bail bonding industry, but he conceded that **the business model would become obsolete** if he convinces courts that the cash bail system is unconstitutional.[4] (emphasis added).

Such threatened obsolescence qualifies as injury-in-fact, and certainly as a sufficient risk of

---

[3] *See* EJUL's website, http://equaljusticeunderlaw.org/wp/current-cases/ending-the-american-money-bail-system (last visited July 5, 2016).

[4] Paul Elias, *Cash Bail System Under Attack As Unconstitutional*, The Washington Post, December 26, 2015 at www.washingtonpost.com/national/cash-bail-system-under-attack-asunconstitutional/2015/12/26/e70de61c-ac06-11e5-9b92-dea7cd4b1a4d_story.html (last visited July 5, 2016).



impairment to support intervention. *See, e.g., Brooks v. Flagg Bros.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1974) ("[I]n this situation where specific segments of an industry would be vitally affected by a declaration that the statute which governs their business conduct is unconstitutional, there is little reason to exclude them from participation"); 7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1908.1 (3d ed. 2010) ("in cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized that the interests of those who are governed by those schemes are sufficient to support intervention."). Moreover, as the named Defendants repeatedly have demonstrated no intention to represent the interests of the bail industry, the CBAA should be allowed to intervene at this time. *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) (holding that timber purchasers' association had a sufficient "interest" in environmental groups' suit against the United States Forest Service where members had existing timber contracts that were threatened by the ban plaintiffs were seeking); *New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (holding that association of pharmacists have a sufficient interest to permit intervention where the validity of a regulation from which its members benefit is challenged).

### 4. CBAA's Interests Are Not Now Being Adequately Represented.

Plaintiffs are seeking a breathtaking ruling from this Court: an order and injunction declaring that surety bail is unconstitutional. Such a ruling would effectively delete the word "excessive" from the Eighth Amendment to the U.S. Constitution and overturn the Supreme Court's long-standing recognition of surety bail as a constitutional means of striking the appropriate balance between protecting society, securing the accused's appearance at trial, and protecting the interests of the accused.

The named Defendants' respective responses to this lawsuit focus on procedural and immunity arguments, and do not meaningfully grapple with the gravamen of Plaintiffs' case, which is a substantive attack on the entire concept of surety bail, a fundamental element of a carefully balanced system of criminal justice. The City and Sheriff's motion to dismiss is limited



to an argument that these Defendants enjoy Eleventh Amendment immunity from suit because the Sheriff acts on behalf of the State when detaining a person pretrial who fails to pay bail, and that the challenged actions are not a municipal "policy or practice" sufficient to subject the City to liability under *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978). *See* Doc. 76. The Attorney General's motion to dismiss focuses on abstention arguments, then discusses Eleventh Amendment immunity, and only lightly touches on constitutional due process issues in a few pages at the end of the brief, giving very short shrift to the central issues of this lawsuit. *See* Doc. 77. In short, the Defendants repeatedly have chosen to ignore the merits of the case and focus narrowly on achieving their own dismissals, which is an understandable goal, but one that completely fails to address, much less protect, CBAA's legally cognizable interests.

CBAA intends to mount a vociferous, substantive and multi-pronged defense of the use of surety bail pursuant to both the California and United States Constitutions.[5] For instance, CBAA will argue that in considering this issue under the Eighth Amendment, the Ninth Circuit and other federal courts have been clear that the amount of bail does not run afoul of the Constitution merely because a defendant cannot afford to pay it. *See, e.g., White v. Wilson*, 399 F.2d at 598.[6] Further, the California Constitution contains several important provisions relating to and sanctioning surety bail, including its own "Excessive Bail" prohibition (Art. 1 Sec. 12) as well as a number of victim's rights protections that were added by initiative. *See e.g.*, Art. 1, Sec. 28(b)(3) (requiring the safety of the victim and the victim's family be considered in the setting of bail); Art. 1, Sec. 28(f)(3) (setting forth required considerations in setting bail, including public safety and the

---

[5] *See Schilb v. Kuebel*, 404 U.S. 357, 365 (1971) ("[T]he Eighth Amendment's proscription of excessive bail has been assumed to have application to the States through the Fourteenth Amendment."); *see also McDonald v. City of Chicago*, 561 U.S. 742, 764 n.12 (2010) (*citing Schilb* as having incorporated the "prohibition against excessive bail").

[6] *See also Wagenmann v. Adams*, 829 F.2d 196, 213 (1st Cir. 1987) ("The test for excessiveness is not whether defendant is financially capable of posting bond . . . ."); *United States v. Wright*, 483 F.2d 1068, 1070 (4th Cir. 1973) (stating that the defendant's "impecunious financial status" is not "the governing criterion to test the excessiveness of bail"); *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988) (en banc) ("[A] bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement."); *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120, 1134 (7th Cir. 1984) (stating that the defendant's "financial inability . . . to meet his bail . . . is neither the only nor controlling factor"); "bail is not excessive merely because the defendant is unable to pay it." *Hodgdon v. United States*, 365 F.2d 679, 687 (8th Cir. 1966).



MOTION BY CBAA TO INTERVENE  Case No. 4:15-CV-04959-YGR

seriousness of the offense); *see also Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007) (complying with California's statutory scheme for setting bail forecloses argument that bail was unconstitutionally excessive).

Second, concerning Plaintiffs' contention that the City operates an "unlawful wealth-based detention scheme" that violates the Constitution (TAC, ¶3), CBAA will argue that because indigence is not a suspect class, rational review basis applies, and is amply met in this case. Penal Code §1269b and the San Francisco bail system makes classifications based on the seriousness of criminal offenses, not based on wealth. There is a legitimate government interest in securing the appearance of the accused at trial, and the bail schedule at issue in this case rationally serves that interest by providing an efficient bail process that reduces the costs associated with individualized bail hearings and enables many defendants to quickly post bail. Should an indigent defendant be required to wait a brief period of time for an opportunity to establish indigency and to be excused of the normal obligation to post a secured bond, that minor delay is not unconstitutional, as "[t]here is no constitutional right to speedy bail." *Fields v. Henry Cty.* 701 F.3d 180, 184 (6th Cir. 2012); *Collins v. Ainsowrth,* 382 F.3d 529, 545 (5th Cir. 2004) ("There is no right to post bail within 24 hours of arrest"); *Woods v. Michigan City,* 940 F.2d 275, 283 (7th Cir. 1991) (Will, D.J., concurring) ("Nothing in the eighth amendment…guarantees instant release for misdemeanors or any other offense.").

Third, CBAA will highlight the monumental costs to society and the criminal justice system that are involved in abandoning surety bail. Numerous studies have shown that surety bail is a highly effective way of ensuring that people accused of crimes – rich or poor – continue to participate in the justice system through trial. Bail agents work with a variety of third-party co-signors, including family members, employers, and friends to guarantee that the defendant goes to court and abides by any other conditions of bail. Mitchell Decl., ¶9. This provides a network of accountability and a powerful incentive for defendants, not only to appear in court, but to avoid the situations and conditions that resulted in their initial arrest. Mitchell Decl., ¶9-10.  By contrast, a defendant who is released without surety bail has significantly less incentive to appear for his or her court hearings, and might commit additional crimes while released. *See, e.g.*, Eric Helland &

9



MOTION BY CBAA TO INTERVENE                                     Case No. 4:15-CV-04959-YGR

Alexander Tabarrok, *The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping*, 47 J.L. & Econ. 93, 94 (2004). Innocent Americans bear the brunt of these additional crimes, through additional victimization and deterioration of our communities. Further, when a defendant fails to appear, local courts must rearrange and reschedule proceedings, wasting the time of court personnel and inhibiting the community's ability to enforce its laws. Studies conservatively estimate that the cost to the public for each failure to appear is approximately $1,775. *See* Robert G. Morris, Dallas County Criminal Justice Advisory Board, *Pretrial Release Mechanisms in Dallas County, Texas* (Jan. 2013) at 17, available at http://bit.ly/1tttqJD.

Fourth, CBAA will apply its extensive and unique industry expertise to educate the Court and the parties about the many salutary effects of bail in California, including why surety bail provides the greatest protection against an accused's failure to appear. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (stating that a sufficient showing on this factor is made when the would-be intervenor has expertise the government may not have). For instance, bail insurance helps those persons who cannot afford to provide a "cash bond" to avoid the negative consequences of having to proceed through the court system without it, including by permitting bail for only a fraction of what the court requires, and often offering installment plans to facilitate payments. Mitchell Decl., ¶6. Without surety bail, the public and the courts will demand that arrested suspects stay behind bars awaiting trial. Moreover, posting a surety bail bond allows individuals to protect their right to privacy, rather than providing the wide variety of personal information and having to sacrifice personal liberties, as is often required with government-run pretrial services. Mitchell Decl., ¶12; *see also* TAC, ¶74 (discussing pretrial services agencies' use of "reporting obligations…SCRAM bracelets (for alcohol testing), [and] electronic monitoring").

The surety bail industry provides the single most effective and efficient way to provide defendants with the opportunity to obtain pretrial release without public expense to the community, and without diverting the resources of law enforcement. A report published in the Journal of Law and Economics determined that "[d]efendants released on a surety bond are 28 percent less likely to fail to appear than similar defendants released on their own recognizance, and

10



MOTION BY CBAA TO INTERVENE                                Case No. 4:15-CV-04959-YGR

if they do fail to appear, they are 53 percent less likely to remain at large for extended periods of time." Eric Helland & Alexander Tabarrok, *The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping*, 47 J. L. & Econ. 93, 118 (2004). A 2007-08 Special Report from the United States Department of Justice reached the same conclusion: "Compared to release on recognizance, defendants on financial release were more likely to make all scheduled court appearances." Bureau of Justice Statistics, *Pretrial Release of Felony Defendants in State Courts*, Nov. 2007 (revised Jan. 2008) at 1.

Monetary bail schedules, which set default bail amounts for various crimes based on the severity of the offenses, are much more efficient than requiring an individualized bail hearing for every single offense by every single offender. In addition, surety bail agents provide other services to the State, defendants, and co-signors as part of a bail transaction, including monitoring the defendant, reminding him or her to appear in court, or any other requirements an agent places on a defendant at the request of a third party co-signor. Mitchell Decl., ¶11.

For all of the above reasons, it cannot be said that named Defendants will "undoubtedly make all of the intervenor's argument." *County of Fresno*, 622 F.2d at 438-39. There is more than "sufficient doubt about the adequacy of representation to warrant intervention." *Southwest Center for Biological Diversity*, 268 F.3d at 824 (quotation omitted). Where, as here, "the government represents numerous complex and conflicting interests …. [t]he straightforward business interests asserted by intervenors here may become lost in the thicket of sometimes inconsistent governmental policies." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 973-74 (3d Cir. 1998). As such, CBAA should be permitted to intervene at this stage.

### B. Alternatively, Permissive Intervention Should Be Granted.

Should the Court determine that CBAA is not entitled to intervention as of right, it should nevertheless grant CBAA permission to intervene under Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b)(1)(B). Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a

11



MOTION BY CBAA TO INTERVENE   Case No. 4:15-CV-04959-YGR

common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

### 1. CBAA Meets Jurisdictional Concerns.

In federal question cases, the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff, and therefore an independent jurisdictional basis is not required. *See Geithner*, 644 F.3d at 844; 28 U.S.C. § 1331; *Blake v. Pallan*, 554 F.2d 947, 956–57 (9th Cir. 1977); 7C Wright, Fed. Prac. & Proc. § 1917 (3d ed. 2010) ("In federal question cases there should be no problem of jurisdiction with regard to an intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff."). This Court is exercising federal question jurisdiction, and CBAA does not seek to bring any additional claims, but only to assert additional defenses. As such, no independent jurisdictional showing is necessary.

### 2. CBAA's Motion Is Timely.

The motion is timely for the reasons set forth in Section II(A)(1), above.

### 3. A Common Question of Law and Fact Exists Between CBAA's Claim or Defense and the Main Action.

Whether there is a common question of law or fact is liberally construed by the courts. *Kootenai Tribe*, 313 F.3d at 1111. Unless there are no questions of law or fact common to the main action and a proposed intervenor's claim or defense, the court has discretion to permit the intervention. *Id*. Here, Plaintiffs' claims will remain unchanged if intervention is granted. CBAA simply intends to assert additional legal defenses, and to submit industry expertise on the essential nature of the surety bail system in the criminal justice system, to aid this Court in making a fully informed and accurate decision. Moreover, CBAA's intervention will not prejudice any of the existing parties or delay the proceedings, and "will significantly contribute ... to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).


Case 4:15-cv-04959-YGR   Document 81   Filed 07/06/16   Page 19 of 20

**C.  This Motion Need Not Be Accompanied by a Separate Pleading.**

Although a motion to intervene may be accompanied by a pleading setting forth the claim or defense the would-be intervenor seeks to assert, "Ninth Circuit precedent indicates that, where the court is aware of the grounds for intervention, the requirement need not be strictly enforced." *Bushansky v. Armacost*, 12-cv-01597-JST, 2014 WL 5335255, at *2 (N.D. Cal., Oct. 17, 2014), *referencing Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470 (9th Cir.1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion"); *see also Dixon v. Cost Plus,* 12-cv-2721-LHK, 2012 WL 2499931, at *6 (N.D. Cal. June 27, 2012) (same); *Valley View Health Care, Inc. v. Chapman*, 13-cv-0036-LJO-BAM, 2013 WL 4541602, at *9 (E.D. Cal., Aug. 27, 2013) (same). CBAA's detailed description of its basis for intervention, as set forth above, amply satisfies this standard. Moreover, the Third Amended Complaint may be dismissed or substantively changed after this Court's anticipated rulings on Defendants' respective pending Motions to Dismiss. *See* Docs. 76 and 77. If this Court permits intervention, the CBAA will file a response to Plaintiffs' pleadings as they exist at that time, if necessary.

**III.   IF CBAA'S INTERVENTION IS DENIED AT THIS TIME, DENIAL SHOULD BE WITHOUT PREJUDICE**

Should the Court determine that the motion to intervene is premature at this time, CBAA requests that the Court deny the motion without prejudice. *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996) (suggesting deferral of the decision on intervention if the adequacy of the existing representation has not yet been shown).

## IV. CONCLUSION

For the foregoing reasons, CBAA respectfully requests that the Court grant an order allowing it to intervene as a defendant in this action.

Respectfully submitted,

Date: July 6, 2016                    DHILLON LAW GROUP INC.

By:   /s/ Harmeet K. Dhillon
Harmeet K. Dhillon (SBN: 207872)
Krista Baughman (SBN: 264600)
Attorneys for Proposed Defendant Intervenor
California Bail Agents Association

