1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE K. SNODGRASS, State Bar #148137
   JEREMY M. GOLDMAN, State Bar #218888
3  Deputy City Attorneys
   City Hall, Room 234
4  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-6762
   Facsimile:     (415) 554-4699
6  E-Mail:        jeremy.goldman@sfgov.org

7
   Attorneys for Defendant
8  SHERIFF VICKI HENNESSY

9

10                     UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT OF CALIFORNIA

12

13 | RIANA BUFFIN and CRYSTAL          | Case No. C15-04959 YGR
   | PATTERSON, et al.,                |
14 |                                   | **ANSWER TO PLAINTIFFS' THIRD AMENDED
   |        Plaintiffs,                | COMPLAINT BY SHERIFF VICKI HENNESSY**
15 |                                   |
   |        vs.                        |
16 |                                   | Judge:   Hon. Yvonne Gonzalez Rogers
   | SHERIFF VICKI HENNESSY, in her    |
17 | official capacity,                |
   |                                   |
18 |        Defendant.                 |

Sheriff Vicki Hennessy ("the Sheriff"), in her official capacity, hereby answers Plaintiffs' Third Amended Complaint ("TAC").  Any allegation not specifically admitted is denied.  The headings contained in the TAC are not substantive factual allegations to which a response is required.  The claim for damages against the Sheriff has been dismissed, as have the claims against the City and County of San Francisco and the Attorney General, and accordingly no response is required as to those claims.

## INTRODUCTORY STATEMENT

Pretrial liberty is a fundamental interest of all people accused of a crime, and although it can be restricted, the measure must be the accused's risk of flight, or a threat posed to the safety of others.  California law, however, requires the Superior Court to establish a bail schedule that lists the price of freedom for every offense, without any consideration of the individual's circumstances.  Those who can pay are released at a time of their choosing, regardless of any threat they may pose to public safety and regardless of any flight risk.  Those who cannot pay must wait.  This two-tiered system of pretrial justice does not serve the interests of the government or the public, and unfairly discriminates against the poor.  It transforms money bail from its limited purpose in securing the appearance of the accused at trial into an all-purpose denial of liberty for the indigent.  The Sheriff is required to enforce the State's law, and she will, unless and until its unconstitutionality is established in the courts.  But she is not required to defend it, and she will not.

## RESPONSE TO THE ALLEGATIONS OF THE THIRD AMENDED COMPLAINT
### Introduction

1.   Responding to paragraph 1, as to the first sentence, the Sheriff admits that the TAC speaks for itself as to the nature of the action, and otherwise denies the allegations.  The Court has held that the Sheriff acts on behalf of the State, not the City and County of San Francisco, when enforcing California's bail laws.  As to the second sentence, the Sheriff admits that Plaintiff Riana Buffin did not pay the amount specified by the Superior Court's bail schedule and was accordingly detained until the District Attorney's Office decided not to file charges against her.  The Sheriff also admits that Plaintiff Crystal Patterson was detained until she posted a bond in the amount specified by the Superior Court's

bail schedule. The Sheriff otherwise lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

2. Responding to paragraph 2, as to the first sentence, the Sheriff admits that the bail schedule creates different outcomes on the basis of arrestees' access to funds, and otherwise denies the allegations. As to the second sentence, the Sheriff admits that Ms. Buffin and Ms. Patterson would have been released upon payment of the applicable amounts under the bail schedule, $30,000 and $150,000 respectively, and that some individuals accused of the same offenses are able to obtain release by paying the applicable bail amounts (or by paying a nonrefundable percentage to a bail bond company), and otherwise denies the allegations. The third sentence is a legal argument to which no response is required. However, the Court has held that the Sheriff acts on behalf of the State, not the City and County of San Francisco, when enforcing California's bail laws.

3. Responding to paragraph 3, as to the first sentence, the Sheriff admits that the TAC speaks for itself as to the nature of the action, and otherwise denies the allegations. The second sentence states a legal conclusion to which no response is required.

4. Responding to paragraph 4, as to the first sentence, the Sheriff admits that the TAC speaks for itself as to the nature of the action and the relief sought. The second sentence states a legal conclusion to which no response is required.

### Nature of the Action

5. Responding to paragraph 5, the first sentence is a legal conclusion and concerns a claim that the Court has dismissed and accordingly no response is required; however, the Court has held that the Sheriff acts on behalf of the State, not the City and County of San Francisco, when enforcing California's bail laws, and that state law, rather than any local "policy and practice," requires the acts of the Sheriff challenged in this lawsuit. The second sentence states a legal conclusion to which no response is required; however, the Sheriff admits that state law requires her to enforce the bail schedule, which establishes an individual's bail amount without any inquiry into the individual's ability to pay. The remainder of the sentence concerns a claim against the Attorney General that the court has dismissed, and accordingly no response is required. Responding to the final sentence of the

paragraph, the Sheriff admits that the TAC speaks for itself as to the nature of the relief sought and otherwise denies the allegations.

**Jurisdiction and Venue**

6. Responding to paragraph 6, the allegations of this paragraph are legal conclusions to which no response is required. The TAC speaks for itself as to the nature of the action.

7. Responding to paragraph 7, the allegation is a legal conclusion to which no response is required.

**Intradistrict Assignment**

8. Responding to paragraph 8, the allegation is a legal conclusion to which no response is required.

**Parties**

9. Responding to paragraph 9, the Sheriff admits the allegations of the first sentence as of the time of Ms. Buffin's arrest based on information in Sheriff's Department records. As to the second and third sentences, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them. Responding to the final sentence, the Sheriff admits that the TAC speaks for itself as to the roles in which Ms. Buffin sues.

10. Responding to paragraph 10, the Sheriff admits the allegations of the first sentence as of the time of Ms. Patterson's arrest based on information in Sheriff's Department records. The Sheriff lacks information sufficient to form a belief as to the truth of the allegations in the second sentence and on that basis denies them. Responding to the final sentence, the Sheriff admits that the TAC speaks for itself as to the roles in which Ms. Patterson sues.

11. Responding to paragraph 11, the first sentence concerns the City and County of San Francisco, which has been dismissed from this action, and accordingly no response is required. Responding to the second sentence, the Sheriff admits the allegations, except denies them insofar as the Court has held that the Sheriff acts on behalf of the State of California, rather than the City and County of San Francisco, when enforcing the state's bail laws.

12. Responding to paragraph 12, these allegations state a legal conclusion to which no response is required; however, the Court has already held that the Sheriff acts on behalf of the State of

California, rather than the City and County of San Francisco, when enforcing the state's bail laws, and that release and detention decisions are controlled by state law and not by any policy of the City and County of San Francisco.

13. Responding to paragraph 13, these allegations state legal conclusions to which no response is required; moreover, the cited statutory sections speak for themselves.

14. Responding to paragraph 14, the Sheriff admits the allegations of the first sentence, except denies them insofar as the Court has held that the Sheriff acts on behalf of the State of California, rather than the City and County of San Francisco, when enforcing the state's bail laws. The allegations of the second sentence state legal conclusions to which no response is required. The allegations of the final sentence are denied insofar as the Court has already held that the relevant detention and release decisions are controlled by state law, not by any "policy and practice" of the Sheriff's Department. The Sheriff admits that state law requires the Sheriff's Department to detain any person who does not pay the applicable bail established by the Superior Court's bail schedule, and otherwise denies the allegations.

15. Responding to paragraph 15, the Sheriff admits the allegations, except denies them insofar as currently there are only four operating jails.

16. Responding to paragraph 16, the allegations state a legal conclusion to which no response is required; however, to the extent a response is required, the allegations are denied. The Court has already held that the Sheriff's pretrial release and detention decisions are controlled by state law, over which neither the Sheriff nor the City and County of San Francisco have any policymaking authority or discretion. Furthermore, the Court held that the Sheriff acts on behalf of the State when enforcing the bail laws, and accordingly the City and County of San Francisco is not the relevant actor.

17. Responding to paragraph 17, the first two sentences state legal conclusions to which no response is required. Responding to the final sentence, the Sheriff admits that, upon taking office, she swore an oath to support and defend the Constitution of the United States.

18. Responding to paragraph 18, the first sentence contains legal conclusions to which no response is required; however, the Court has already held that the Sheriff's detention and release decisions are controlled by state law. Responding to the second sentence, the Sheriff admits that she

enforces state law insofar as it requires her to detain a person who does not pay the applicable bail established by the Superior Court's bail schedule, and otherwise denies the allegations. The Court has held that the challenged actions of the Sheriff are controlled by state law, not by any "policy and practice" of the City and County of San Francisco, which has been dismissed as a defendant.

19. Responding to paragraph 19, the allegations state legal conclusions to which no response is required, and concern a claim against the City and County of San Francisco, which has been dismissed.

20. Responding to paragraph 20, the allegations state legal conclusions to which no response is required, and concern a claim against the City and County of San Francisco, which has been dismissed.

21. Responding to paragraph 21, the allegations state legal conclusions to which no response is required.

22. Responding to paragraph 22, the allegations state legal conclusions to which no response is required, and concern a claim that the Court has dismissed. The Court has held that pretrial detention is controlled by state law, not by any "policy or practice" of the City and County of San Francisco or of the Sheriff.

23. Responding to paragraph 23, the allegations state legal conclusions to which no response is required, and concern a claim that the Court has dismissed.

24. Responding to paragraph 24, the allegations state legal conclusions to which no response is required, and concern a claim that the Court has dismissed.

25. Responding to paragraph 25, the allegations state legal conclusions to which no response is required, and concern a claim that the Court has dismissed.

26. Responding to paragraph 26, the allegations state legal conclusions to which no response is required, and concern a claim that the Court has dismissed.

### Factual Allegations

27. Responding to paragraph 27, the Sheriff admits the allegations.

28. Responding to paragraph 28, the Sheriff admits that Ms. Buffin was booked into the jail and received information regarding the applicable bail amount under the Superior Court's bail

schedule, which was $30,000.  The Sheriff otherwise lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

29.   Responding to paragraph 29, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them.

30.   Responding to paragraph 30, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them, except the Sheriff admits that Ms. Buffin did not pay the applicable bail amount under the Superior Court's bail schedule.

31.   Responding to paragraph 31, the Sheriff lacks information sufficient to form a belief about whether Ms. Buffin was told anything about when she would be brought to court, and on that basis denies the allegation.  The Sheriff admits that Ms. Buffin was released before an initial court appearance, that she was discharged when the District Attorney's Office decided not to file formal charges against her, and that at the time of her release she had been detained for approximately 46 hours.

32.   Responding to paragraph 32, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

33.   Responding to paragraph 33, the Sheriff admits the allegations of the first sentence.  As to the second sentence, the Sheriff admits that Ms. Patterson was accused of two counts of assault with a deadly weapon or instrument other than a firearm, and otherwise denies the allegations.

34.   Responding to paragraph 34, the Sheriff admits that Ms. Patterson was booked into the jail and received information regarding the applicable bail amount under the Superior Court's bail schedule, which was $150,000.  The Sheriff otherwise lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

35.   Responding to paragraph 35, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

36.   Responding to paragraph 36, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

37.   Responding to paragraph 37, the Sheriff admits that Ms. Patterson obtained her release by posting a bond prior to an initial court appearance, and at the time of her release had been detained for

approximately 29 hours.  The Sheriff lacks information sufficient to form a belief as to the truth of the remaining allegations in the paragraph, and on that basis denies them.

38. Responding to paragraph 38, the Sheriff admits that the case against Ms. Patterson was discharged when the District Attorney's Office decided not to file formal charges against her.  The Sheriff lacks information sufficient to form a belief as to the truth of the allegations in the second sentence, and on that basis denies them.  As to the third sentence, the Sheriff admits that Ms. Patterson would not have had a reason to pay for a bail bond if instead, before she obtained it, she had been released without bail, and otherwise denies the allegations.

39. Responding to paragraph 39, the Sheriff admits that, had Ms. Patterson been wealthy enough to pay the full bail amount of $150,000, and had she paid that amount, she would have been released upon such payment and the full amount would have been returned to her when her case was discharged.  The Sheriff otherwise denies the allegations.

40. Responding to paragraph 40, the Sheriff admits that those arrestees who are going to be booked into the San Francisco jail are transported to County Jail # 1 for booking processes, and otherwise denies the allegations.

41. Responding to paragraph 41, the Sheriff admits the allegations.

42. Responding to paragraph 42, the Sheriff admits that the allegations describe the intake process (although not necessarily in the order listed), of which booking is a part, except review by the O.R. Project is for those arrestees eligible for release through the O.R. Project.  The allegations are otherwise denied.

43. Responding to paragraph 43, the Sheriff denies the allegations insofar as, under the current pilot project, the O.R. Project does not interview arrestees or contact references provided by the inmate, and instead uses a pretrial risk assessment tool.  *See* ECF Nos. 91, 92.  The Sheriff otherwise admits the allegations of this paragraph.

44. Responding to paragraph 44, the Sheriff admits the allegations, except denies them insofar as the bail amount is automatically populated based on the booking charge (with the amounts from the bail schedule) and a deputy will have to refer to the bail schedule only if the charge is not in the Jail Management System table of charges.

45. Responding to paragraph 45, the Sheriff denies the allegations.

46. Responding to paragraph 46, the Sheriff admits that, after they are booked, inmates are placed in a holding cell (unless they are placed in a Safety Cell) in which a poster listing the phone numbers of bail bond agents is displayed, and in which a free phone is available for arrestees to make local calls to anyone they wish. The Sheriff otherwise denies the allegations.

47. Responding to paragraph 47, the Sheriff admits the allegations.

48. Responding to paragraph 48, the Sheriff denies the allegations insofar as eligible arrestees may also obtain their release through the O.R. Project. The Sheriff otherwise admits the allegations of this paragraph, except as to the allegation that an arrestee "is taken to court 2 to 5 days later for arraignment," the Sheriff admits that arrestees are taken to court within the time period specified by law, and otherwise denies the allegation.

49. Responding to paragraph 49, the Sheriff admits the allegations as a rough approximation, although there can be variations over time.

50. Responding to paragraph 50, the Sheriff admits the allegation, assuming the number includes those who are subject to various holds.

51. Responding to paragraph 51, the Sheriff admits that pretrial detainees are presumed innocent of the crime for which they have been arrested, and admits that more than 100 individuals at any given time are being detained in the jail because they have not paid the applicable bail. The Sheriff lacks information about why particular individuals do not pay bail, and on that basis denies the allegation. The allegations are otherwise denied. The Court has held that the Sheriff acts on behalf of the State, not the City and County of San Francisco, when enforcing the bail laws.

52. Responding to paragraph 52, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

53. Responding to paragraph 53, the Sheriff admits the allegations, except denies them insofar as the amount of money required for release is established by the Superior Court's bail schedule, not the Sheriff's Department.

54. Responding to paragraph 54, the extent to which arrestees have a right to release pending trial is a legal conclusion to which no response is required. The Sheriff admits that, insofar as release

decisions are controlled by the bail schedule, arrestees' release is conditioned on their ability to afford money bail, and in that way their pretrial freedom is tied to their access to funds. The allegations are otherwise denied.

55. Responding to paragraph 55, the allegations state legal conclusions to which no response is required. However, the Sheriff admits that she enforces the state's bail laws insofar as she detains a person who does not pay the applicable bail, in the absence of another legal basis or authorization for release. The allegation that the Attorney General enforces unconstitutional provisions of California's Penal Code concerns a claim that has been dismissed, as does the allegation that Plaintiffs' treatment is caused by policies and practices of the Sheriff and the City and County of San Francisco, and accordingly no response is required. The Court has held that pretrial release decisions are controlled by state law, not by any "policy or practice" of the Sheriff or the City and County of San Francisco.

56. Responding to paragraph 56, the Sheriff denies the allegations.

57. Responding to paragraph 57, the Sheriff denies the allegations, except admits that the Sheriff's Department promptly releases those individuals who pay the applicable money bail amount, as long as they have no additional holds. The Court has held that pretrial release is controlled by state law, not by local "policy and practice."

58. Responding to paragraph 58, the Sheriff admits the allegations.

59. Responding to paragraph 59, the Sheriff admits that the Sheriff's Department detains those individuals who do not pay their money bail amount, in the absence of any other legal basis for their release. The Sheriff further admits that, before arraignment, it detains those individuals who do not pay the applicable bail amount established by the Superior Court's bail schedule, unless a different amount has been specified in a warrant of arrest or by pre-arraignment court order, and unless and until there exists another legal basis for their release. The Sheriff also admits that, after arraignment, the Sheriff's Department detains those individuals who do not pay the bail amount set in an individual order by the Superior Court, unless and until there exists another legal basis for their release. The Sheriff denies all other allegations of this paragraph. The Court has held that pretrial release is controlled by state law, not by local "policy and practice."

60. Responding to paragraph 60, the Sheriff admits the allegations.

61. Responding to paragraph 61, the allegation states a legal conclusion to which no response is required; however, the Court has already held that release decisions are controlled by state law.

62. Responding to paragraph 62, the Sheriff admits that the Sheriff's Department releases those individuals who pay their money bail amount, and otherwise denies the allegations of this paragraph. The Court has held that pretrial release is controlled by state law, not by local "practice and custom."

63. Responding to paragraph 63, the Sheriff admits that the Sheriff's Department detains those individuals who do not pay their money bail amount, in the absence of any other legal basis or authorization for their release, and otherwise denies the allegations of this paragraph. The Court has held that pretrial release is controlled by state law, not by local "practice and custom."

64. Responding to paragraph 64, the Sheriff admits that those people who have access to funds to pay their bail amount, and who pay it, are released from the county jail upon such payment. The Sheriff further admits that some arrestees, who may be without access to funds to pay bail outright, make arrangements with private bail bond companies, and that because they remain in jail while those arrangements are made, they may spend time in jail that arrestees who are able to pay their bail outright, can avoid. The Sheriff also admits that individuals who have the resources neither to pay bail nor to obtain a bail bond, remain jailed until the resolution of their case, if the Superior Court does not otherwise authorize their release. The allegations of this paragraph are otherwise denied.

65. Responding to paragraph 65, the allegations state a legal conclusion to which no response is required.

66. Responding to paragraph 66, the allegations state a legal conclusion to which no response is required, except the Sheriff admits that the contents of Cal. Pen. Code § 1269b(b) speak for themselves.

67. Responding to paragraph 67, the allegation states a legal conclusion to which no response is required.

68. Responding to paragraph 68, the allegation states a legal conclusion to which no response is required, and concerns a claim against the Attorney General that has been dismissed.

69. Responding to paragraph 69, the allegations state legal conclusions to which no response is required, and concern claims that have been dismissed. The Court held that pretrial detention is controlled by state law, not by any local "policy and practice."

70. Responding to paragraph 70, as to the first sentence, the Sheriff admits that, for those arrestees who are appointed counsel, the appointment of counsel routinely does not occur until their first appearance in court, and otherwise denies the allegations. As to the second sentence, the Sheriff admits that some arrestees, depending on the offense of which they are accused, have a right to apply to a magistrate for release on lower bail or on their own recognizance. The allegation that "this process is functionally non-existent while arrestees remain unrepresented by counsel" is insufficiently clear to allow the Sheriff to admit or deny it, and on that basis she denies the allegation; however, the Sheriff admits that few, if any, unrepresented arrestees make such an application, except to the extent such application is made through the O.R. Project.

71. Responding to paragraph 71, as to the first sentence, the Sheriff admits that some arrestees are released without bail after the O.R. Project submits information to the Superior Court, and that the Sheriff's Department contracts with the San Francisco Pretrial Diversion Project to operate the O.R. Project; however, the Sheriff denies that such release is "at the discretion of the O.R. Project," because any such release decision is made by the Superior Court, and the Sheriff lacks information about whether particular arrestees are indigent, and on that basis denies the allegations. As to the second sentence, the Sheriff admits that not all arrestees are eligible for release through the O.R. Project, or are released through the O.R. Project, and admits that some amount of time elapses between booking and any release through the O.R. Project, and otherwise denies the allegations. Because the Sheriff does not know what amount of time is intended by the word "significant," the Sheriff lacks information sufficient to form a belief as to the truth of the allegation in the third sentence, and on that basis denies it.

72. Responding to paragraph 72, the Sheriff admits that arrestees who can and do pay bail are able to avoid waiting in jail for possible release through the O.R. project, because they are released when they pay their money bail amount. The Sheriff otherwise denies the allegations.

73. Responding to paragraph 73, the Sheriff admits that (1) California law authorizes pretrial release on bail for certain arrestees; (2) the Sheriff's Department releases those arrestees entitled to release on bail if they pay bail, and does not release arrestees who do not pay the applicable bail, in the absence of any other legal basis or authorization for their release; and (3) only those who are able to pay the applicable money bail amount are permitted pretrial release, unless and until there is another legal basis or authorization for their release.  The Sheriff otherwise denies the allegations of this paragraph.

74. Responding to paragraph 74, with respect to the first sentence, the Sheriff lacks information sufficient to form a belief as to the truth of the allegation that "tying pretrial freedom to wealth-status is the norm in San Francisco," and on that basis denies it, excepts admits that in the absence of an individualized order from the Superior Court (or bail set in a warrant of arrest) the bail schedule applies; the Sheriff lacks information sufficient to form a belief about particular practices in other jurisdictions, and on that basis otherwise denies the allegations.   As to the second sentence, the Sheriff lacks information sufficient to form a belief as to the effectiveness of particular pretrial supervision practices in particular jurisdictions, and on that basis and to that extent denies the allegations, but admits that there are pretrial supervision practices that can effectively promote court attendance and public safety without requiring detention.  As to the third sentence, the Sheriff admits that the listed practices are employed in other jurisdictions as well as in San Francisco, and otherwise lacks sufficient information to form a belief as to the truth of the allegations, and on that basis denies them.

75. Responding to paragraph 75, the Sheriff admits the allegations, except denies them insofar as the Sheriff lacks sufficient information to form a belief as to the extent to which particular methods contribute to high public safety and court appearance rates in particular jurisdictions; however, the Sheriff admits in general that methods other than detention in the county jail can contribute to high public safety and court appearance rates.

76. Responding to paragraph 76, as to the first sentence, the Sheriff denies the allegations, except admits that courts in San Francisco can and do order release on conditions other than money

bail. The Sheriff lacks information sufficient to form a belief as to the truth of the allegation in the final sentence, and on that basis denies it.

77. Responding to paragraph 77, the Sheriff lacks information sufficient to admit or deny the allegations as stated, and on that basis denies them, but admits that high court-appearance rates can be achieved through means other than detention in jail.

78. Responding to paragraph 78, as to the first sentence, the Sheriff admits that unnecessary pretrial detention may cause instability in employment, housing, and care for dependent relatives, and otherwise denies the allegations. As to the second and last sentences, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. The Sheriff lacks information sufficient to form a belief as to the truth of the allegations of the third sentence, and on that basis denies them. As to the fourth sentence, the Sheriff admits that detained defendants can have a harder time preparing for their defense, gathering evidence and witnesses, and meeting with their lawyers, than defendants who are released pretrial, and otherwise denies the allegations.

79. Responding to paragraph 79, the Sheriff lacks information sufficient to form a belief as to the truth of the allegation of the first sentence, and on that basis denies it. The Sheriff admits the allegations of the second sentence.

80. Responding to paragraph 80, as to the first sentence, the Sheriff admits that money bail is a central component of California's pretrial justice system, and admits that in some circumstances the Superior Court can and does rely on a variety of non-wealth-based metrics to make release/detention decisions; the Sheriff otherwise denies the allegations. The Sheriff denies the allegations of the second sentence, except admits that California law authorizes the detention of arrestees without money bail in certain circumstances; the circumstances under which California law does so is a legal conclusion to which no response is required. The third sentence states a legal conclusion to which no response is required; however, the Sheriff admits that, under California law, individuals charged with certain serious crimes may be held without money bail. The final sentence states a legal conclusion to which no response is required; however, the Sheriff admits that there are specific circumstances in which California law authorizes the release of arrestees without requiring money bail.

81. Responding to paragraph 81, the Sheriff admits that the TAC speaks for itself as to the capacity in which Plaintiffs sue.

82. Responding to paragraph 82, the allegations state legal conclusions to which no response is required.

83. Responding to paragraph 83, the allegations state legal conclusions to which no response is required.

84. Responding to paragraph 84, the allegations state legal conclusions to which no response is required.

85. Responding to paragraph 85, the Sheriff admits that the TAC speaks for itself as to the proposed class.

86. Responding to paragraph 86, the Sheriff admits the allegations of the first two sentences. As to the third sentence, the Sheriff admits that, with the exception of pretrial detainees subject to one or more holds, the remaining pretrial detainees may pay bail to obtain their release or remain jailed unless and until there exists another legal basis or authorization for their release, and otherwise denies the allegations.

87. Responding to paragraph 87, the Sheriff admits the allegations of the first sentence. As to the second sentence, the Sheriff admits that those individuals who do not pay bail are held in the jail unless and until there exists another legal basis or authorization for their release, and otherwise denies the allegations.

88. Responding to paragraph 88, the Sheriff admits that the number of people who are currently detained, and in the future (in the absence of any specified timeframe) will be detained if there is no change in the law, because they cannot pay bail is well into the hundreds, and otherwise denies the allegations.

89. Responding to paragraph 89, the allegations state legal conclusions to which no response is required. The Sheriff admits that the TAC speaks for itself as to the relief sought; however, the Court has held that pretrial detention is controlled by state law, not by local "policies, practices, and procedures."

90. Responding to paragraph 90, the allegations of the first sentence are denied; the Court has held that pretrial detention is controlled by state law, not local "policies and practices." As to the second sentence, the Sheriff admits that she enforces the applicable provisions of California law in the same way every day, and otherwise denies the allegations. The remainder of the paragraph consists of legal conclusions to which no response is required; however, several of the allegations concern a claim that has been dismissed, and are contrary to the Court's holding that that pretrial detention is controlled by state law, not local "policies and practices."

91. Responding to paragraph 91, the allegations state legal conclusions to which no response is required.

92. Responding to paragraph 92, the allegations state legal conclusions to which no response is required. The Sheriff admits that the TAC speaks to itself as to the proposed class definition.

93. Responding to paragraph 93, the allegations state legal conclusions to which no response is required; however, the Court has held that pretrial detention is controlled by state law, not by local "policies and practices."

94. Responding to paragraph 94, the allegations state legal conclusions to which no response is required.

95. Responding to paragraph 95, the Sheriff lacks information sufficient to form a belief as to whether there are any known conflicts of interest among Class Members, and on that basis denies the allegation; the remainder of the paragraph states a legal conclusion to which no response is required.

96. Responding to paragraph 96, as to the first sentence, the Sheriff admits that Plaintiffs are represented by attorneys from Equal Justice Under Law, and otherwise lacks information sufficient to form a belief as to the truth of the allegations and on that basis denies them. As to the last sentence, the Sheriff admits that the contents of the previously filed motion for class certification speak for themselves, and otherwise denies the allegations.

97. Responding to paragraph 97, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

98. Responding to paragraph 98, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them.

99. Responding to paragraph 99, as to the first sentence, the Sheriff lacks information sufficient to form a belief as to the truth of the allegations, and on that basis denies them. The second sentence states a legal conclusion to which no response is required.

100. Responding to paragraph 100, the first sentence states a legal conclusion as to which no response is required. As to the second sentence, the Sheriff denies the allegations, except admits that she enforces the state's bail laws insofar as she releases a person entitled to release on bail upon payment of the applicable bail amount, and detains a person who does not pay the applicable bail unless and until there is another legal basis or authorization for release.

101. Responding to paragraph 101, as to the first sentence, the Sheriff admits that the TAC speaks for itself as to the nature of the relief sought; however, the claim against the City and County of San Francisco has been dismissed. The second sentence states a legal conclusion to which no response is required.

102. Responding to paragraph 102, the allegations state legal conclusions as to which no response is required.

103. Responding to paragraph 103, the Sheriff admits that the TAC speaks for itself as to the relief sought.

**Claims for Relief**

104. Responding to paragraph 104, the Sheriff incorporates by reference her responses to the allegations in paragraphs 1-103.

105. Responding to paragraph 105, the allegations state legal conclusions to which no response is required.

**Plaintiffs' Request for Relief**

Plaintiffs' requests for relief are not substantive factual allegations to which a response is required.

Dated: November 1, 2016

DENNIS J. HERRERA
City Attorney

By: ___/s/*Jeremy M. Goldman*___
JEREMY M. GOLDMAN
Attorneys for Defendant