HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Proposed Defendant Intervenor
California Bail Agents Association

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*<br><br>Defendants. | Case No. 4:15-cv-04959-YGR<br><br>**NOTICE OF THIRD MOTION AND THIRD MOTION OF CALIFORNIA BAIL AGENTS ASSOCIATION TO INTERVENE; MEMORANDUM IN SUPPORT**<br><br>**Filed Contemporaneously With:**<br>1. Declaration of Gloria Mitchell;<br>2. [Proposed] Order Granting Motion to Intervene;<br>3. [Proposed] Notice of Motion and Motion to Dismiss Per 12(b)(6); Memorandum of Points and Authorities.<br><br>Date:         December 13, 2016<br>Time:         2:00 p.m.<br>Place:        Courtroom 1, Fourth Floor<br>Judge:        Hon. Yvonne Gonzalez Rogers |



THIRD MOTION BY CBAA TO INTERVENE                    Case No. 4:15-CV-04959-YGR

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     ARGUMENT ................................................................................................................3

    A.      CBAA Is Entitled to Intervene as of Right...........................................................3

        1.      This Motion Is Timely........................................................................4

        2.      CBAA Has Significantly Protectable Interests in the Litigation............................5

        3.      CBAA's Interests Will Be Impaired If Intervention Is Denied..............................8

        4.      CBAA's Interests Are Not Now Being Adequately Represented........................10

    B.      Alternatively, CBAA Should Be Granted Permissive Intervention .....................14

        1.      CBAA Meets Jurisdictional Concerns.................................................................14

        2.      CBAA's Motion Is Timely. .................................................................................15

        3.      A Common Question of Law and Fact Exists Between CBAA's Claim or Defense and the Main Action...............................................................................15

    C.      CBAA Submits A Separate Pleading under Rule 24(c) ......................................15

III.    IF CBAA'S INTERVENTION IS DENIED AT THIS TIME, DENIAL SHOULD BE WITHOUT PREJUDICE.........................................................................................................16

IV.     CONCLUSION............................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Arakaki v. Cayetano,* 324 F.3d 1078 (9th Cir. 2003)..........................................................5

*Baccouche v. Blankenship*, 154 Cal. App. 4th (2007) 1551, 1558 .................................9

*Baccouche v. Blankenship*, 154 Cal. App. 4th 1551 (2007) ...........................................7

*Blake v. Pallan*, 554 F.2d 947 (9th Cir. 1977)...............................................................14

*Brooks v. Flagg Bros.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1974)..........................................9

*California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*,
   309 F.3d 1113, 1119 (9th Cir. 2002) ........................................................................4

*County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980) .....................................3

*County of Fresno*, 622 F.2d at 438 *quoting Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967)...5

Fed. R. Civ. P. 24(a) .........................................................................................................8

Fed. R. Civ. P. 24(a)(2).....................................................................................................5

Fed. R. Civ. P. 24(a); *Wilderness Soc'y v. U.S. Forest Service*,
   630 F.3d 1173, 1177 (9th Cir. 2011) ........................................................................4

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995)............5

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995)............5

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) ..................14

*Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir. 2007).............................7

*Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ...................5

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002).................3

*New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*,
   516 F.2d 350, 352 (2d Cir. 1975).............................................................................10

*Sierra Club v. EPA,* 995 F.2d 1478 (9th Cir. 1993).......................................................5

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) .......................................................10

*Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*,
   101 F.3d 503, 509 (7th Cir. 1996) ..........................................................................16

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001)..................4

THIRD MOTION BY CBAA TO INTERVENE        Case No. 4:15-CV-04959-YGR

*Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977) ............................. 15

*Stack v. Boyle*, 342 U.S. 1, 5 (1951) .................................................................................................. 7

*U.S. v. Alisal Water Corp,* 370 F.3d 915 (9th Cir. 2004) .................................................................. 5

*U.S. v. Alisal Water Corp., supra,* 370 F.3d at 919 ........................................................................... 5

*United States v. Salerno*, 481 U.S. 739 (1997) ................................................................................... 7

*Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) .......... 11

*White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968) ........................................................................... 7

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ............................................... 5

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) ...................................... 5

**Statutes**

28 U.S.C. § 1331 ................................................................................................................................. 14

Cal. Const., Article 1, §12 ................................................................................................................... 7

Cal. Penal Code §1296 ............................................................................................................ 1, 5, 6, 11

Civ. Code, §1441 ............................................................................................................................. 6, 8

Civ. Code, §1667 ............................................................................................................................. 6, 8

Civ. Code, §1668 ............................................................................................................................. 6, 8

**Other Authorities**

Bureau of Justice Statistics, *Pretrial Release of Felony Defendants in State Courts*, Nov. 2007
    (revised Jan. 2008) at 1 ............................................................................................................. 13

7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1908.1 (3d ed. 2010) ................................... 9

7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1917 (3d ed. 2010) ..................................... 14

**Rules**

Fed. R. Civ. P. 24 ......................................................................................................................... 3, 4, 8

THIRD MOTION BY CBAA TO INTERVENE                                    Case No. 4:15-CV-04959-YGR

### NOTICE OF MOTION AND MOTION TO INTERVENE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

California Bail Agents Association ("CBAA") gives notice that on December 13, 2016, at 2:00 p.m., or as soon thereafter as the case may be heard, CBAA will and hereby does move to intervene as a defendant in the above-entitled action.

With this Motion, CBAA seeks an Order from the Court permitting it to intervene as a defendant in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure, on the ground that CBAA meets the requirements for intervention as a matter of right; or, in the alternative, for permissive intervention. This Motion is based upon this Notice of Motion and Motion to Intervene; the Memorandum of Points and Authorities in Support of Motion to Intervene; the Declaration of Gloria Mitchell in Support of Motion to Intervene ("Mitchell Decl."); the [Proposed] Order Granting Motion to Intervene; the [Proposed] Notice of Motion and Motion Pursuant to Rule 12(b)(6) to Dismiss the Third Amended Class Action Complaint ("Rule 12 Motion"); all pleadings and papers filed in this action; and upon such matters the Court may entertain at the time of the hearing on this Motion.


Date: November 1, 2016                    DHILLON LAW GROUP INC.


                              By:    /s/ Harmeet K. Dhillon
                                   Harmeet K. Dhillon (SBN: 207872)
                                   Krista Baughman (SBN: 264600)
                                   Attorneys for Proposed Defendant Intervenor
                                   California Bail Agents Association

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

In the fourth iteration of their Complaint challenging California's bail laws, Plaintiffs ask this Court for "a declaration that any state statutory or constitutional provisions that require the use of secured money bail to detain any person without an inquiry into ability to pay are unconstitutional." (Dkt. 71, "3AC," ¶4.) Plaintiffs further seek an order declaring that California Penal Code §1296b(b) – the California law governing enactment of a bail schedule (the "Bail Law") – "and any other state statutory or constitutional provisions that require the use of secured money bail to detain any person without an inquiry into ability to pay are unconstitutional." (*Id.* at Request for Relief, sub (f)).

Plaintiffs mount a full-scale attack on the deeply-rooted, centuries-old institution of bail insurance policies ("bail bonds" or "surety bail") in this country – an institution expressly sanctioned by the Eighth Amendment and California Constitutions, as well as in centuries of case law interpreting those foundational norms.  As a non-profit association of approximately 3,300 bail agents who facilitate the posting of bail bonds by arrestees in California and ensure that bailees attend trial, California Bail Agents Association ("CBAA") has a direct and unique stake in the outcome of this case. If Plaintiffs' requested relief is granted, not only would CBAA's interests in existing bail bond contracts be wiped out, but CBAA's entire, constitutionally-approved industry would be destroyed, with detrimental effects to California's criminal justice system. All of these outcomes would occur in the face of a Bail Law that is entirely constitutional on its face and in its application.

The sole remaining named Defendant in this case is the Sheriff of San Francisco, Vicki Hennessy, in her official capacity (the "Sheriff"). In her Answer to the Third Amended Complaint filed on November 1, 2016, the Sheriff pleads *not a single defense* to Plaintiffs' claims, and has further stated, remarkably, that she "is not required to defend [California's Bail Law], and she will not." (Dkt. 101, "Answer," p. 1). Her attorney, San Francisco City Attorney Dennis Herrera, went one step further in a press conference the same day to announce publicly that he and his client do not believe that the Bail Law is constitutional.[1] In other words, the only law enforcement officer

---

[1] *See* http://sanfrancisco.cbslocal.com/video/category/spoken-word-kpixtv/3571098-herrera-calls-states-bail-system-unconstitutional/ (last visited November 1, 2016).

THIRD MOTION BY CBAA TO INTERVENE                                    Case No. 4:15-CV-04959-YGR

still a party to this case, the Sheriff, has joined forces with the Plaintiffs to pursue the goal of overturning the constitutional Bail Law of California through judicial, rather than appropriate legislative, means. All other previously named Defendants have been dismissed with prejudice on immunity grounds that do not apply to CBAA. [2] As such, CBAA's interests are completely unrepresented. Indeed, should CBAA be allowed to intervene and file its proposed Rule 12 Motion, a copy of which is attached hereto, not only will this be the first time this Court is asked to consider and rule upon the merits of Plaintiffs' constitutional claims – CBAA will be the *only* party raising any defense whatsoever of the constitutionally sanctioned and time-honored institution of bail in this country, and in the state of California.

CBAA intends to mount a substantive and multi-pronged defense of the use of surety bail, pursuant to the California and United States Constitutions, and California state law. These defenses are described in detail in CBAA's proposed Rule 12 Motion, which is attached to this Motion.[3] CBAA also intends to seek a judicial determination of the constitutionality of the Bail Law – relief that the sole remaining Defendant will not seek. (*See* Answer, Dkt. 101). CBAA also argues that it is uniquely qualified to present the Court with information and evidence of what bail agents actually do in California, their essential role in the operation of the criminal justice system, and why granting Plaintiffs' relief would be tantamount to eliminating an entire legal industry that is premised on securing pre-trial liberty for citizens under the Eighth Amendment. (*See, e.g.,* Mitchell Decl., filed herewith). CBAA should be permitted to enter the case so that the Court may benefit from a full presentation of the facts and law – something the Sheriff, represented by San

---

[2] Plaintiffs' original Complaint, filed October 28, 2015, named the City and County of San Francisco (the "County") and "the State of California," generically. (Dkt. No. 1). The County and the State filed a Rule 12 motion to dismiss on immunity and abstention grounds, only. (Dkt. Nos. 20, 26). The Court dismissed the State on sovereign immunity grounds. (Dkt. 55, at 3). Plaintiffs' amended Complaints followed (*See* Dkt. Nos. 58 (FAC), 62 (SAC), 71 (3AC)). The 3AC added the Sheriff and the Attorney General ("AG") as defendants in this action, for the first time. The Sheriff and the County filed a Rule 12 motion to dismiss on immunity and abstention grounds, only. (Dkt. No. 76). The AG filed a Rule 12 motion to dismiss on immunity grounds and for failure to state a claim (Dkt. 77); however, the Court reached only the immunity ground. (Dkt. 99, fn. 11). Though Plaintiffs were given leave to amend their complaint against the AG by October 25, 2016, they failed to timely do so, and thus the dismissal of the AG is with prejudice as of that date. (*Id.*, p. 24).

[3] Should it be permitted to intervene, CBAA requests leave to file its proposed Rule 12 Motion to dismiss the 3AC, as a first responsive pleading.



THIRD MOTION BY CBAA TO INTERVENE                    Case No. 4:15-CV-04959-YGR

Francisco's City Attorney, has openly confessed that she will not be providing – when making such a monumental decision about a Constitutional institution affecting the lives of many California residents, bail.

CBAA satisfies each requirement for intervention as of right under Federal Rule of Civil Procedure 24(a). This motion is timely made, and as representative of California's bail agents with an interest in protecting the viability of the bail industry and currently existing contracts, CBAA has a significantly protectable interest "relating to the ... transaction which is the subject of the action." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Given Plaintiffs' attempt to enjoin bail bonds for all persons and eviscerate the bail industry as a whole, CBAA is "so situated that without intervention the disposition of this action may as a practical matter impair or impede [its] ability to protect that interest" – indeed, such disposition *necessarily will* impede CBAA's interests. *Id*. The Sheriff indisputably does not adequately represent CBAA's interests, as she is refusing even to defend the Bail Law authorized by the state and federal Constitutions that she and City Attorney Dennis Herrera took an oath to uphold *and defend*.[4] (*See* Answer, Dkt. 101).

In the alternative, CBAA should be allowed to intervene permissively, pursuant to Rule 24(b), since its timely motion necessarily implicates "question[s] of law or fact in common" with – indeed, inseparable from – those raised by the 3AC. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002)(quoting Fed. R. Civ. P. 24(b)). Allowing intervention in this case will serve the cause of judicial economy because it will obviate the need for separate suits by the industry to seek a declaration of legality of bail as practiced under California law. For the reasons discussed herein, CBAA respectfully requests that the Court grant its motion to intervene pursuant to Rule 24, and permit the filing of the attached, proposed Rule 12 Motion.

## II.      ARGUMENT

### A.      CBAA Is Entitled to Intervene as of Right.

Under Federal Rule of Civil Procedure 24(a)(2), a party may intervene as a matter of right if four conditions are met: (1) the motion is timely; (2) the applicant claims an identifiable,

---

[4] California's oath of public office requires public officials to "swear (or affirm) that [they] will support and defend the Constitution of the United States and the Constitution of the State of California…" (Art. 20, Sec. 3).



"significantly protectable interest" relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties to the action do not adequately represent the applicant's interest. Fed. R. Civ. P. 24(a); *Wilderness Soc'y v. U.S. Forest Service*, 630 F.3d 1173, 1177 (9th Cir. 2011). The Ninth Circuit construes this four-part test liberally in favor of potential intervenors. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). In deciding a motion to intervene, "[c]ourts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Id.* CBAA satisfies each prong of the four-part test.

### 1.  This Motion Is Timely.

Courts examine three factors to determine timeliness: (1) the stage of the proceedings at which an applicant seeks to intervene; (2) the prejudice to the existing parties if intervention is allowed; and (3) the reasons for and length of any delay. *California Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

 CBAA first sought to intervene in this litigation at its very outset, less than two months after Plaintiffs filed their original Complaint. (Dkt. 41.) The Court denied that motion without prejudice, as premature in light of Plaintiffs' failure to explain whether they intended to challenge California's bail laws in a way that would implicate CBAA's interests. (Dkt. 55.) The Court noted that "[o]nly once the Court understands the relief plaintiffs seek in this case, and the defenses the City and CBAA intend to raise in response thereto, can intervention be sufficiently addressed." (*Id.*) CBAA filed its second motion to intervene within two weeks of the filing by then-named Defendants of their respective 12(b)(6) motions to dismiss. (Dkt. 81.) CBAA's second motion to intervene was denied without prejudice to re-filing the motion with a proposed pleading attached thereto, by no later than November 1, 2016. (Dkt. 99.)

CBAA has timely filed this Motion in accordance with the Court's order, and has not caused any delay to these proceedings, let alone delay that would prejudice the existing parties.



THIRD MOTION BY CBAA TO INTERVENE                                    Case No. 4:15-CV-04959-YGR

The pleadings are finally settled – Plaintiffs' operative complaint is the 3AC, to which this Motion and the attached proposed Rule 12 Motion, responds. CBAA's motion is timely. *See, e.g., Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (allowing intervention four months after the complaint was filed and two months after the government answered, even though plaintiff had already filed a motion for a preliminary injunction).

### 2.   CBAA Has Significantly Protectable Interests in the Litigation.

Rule 24(a) requires that an applicant for intervention possess an interest relating to the "property or transaction" that is the subject of the litigation. This "interest test" serves primarily as a "practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno*, 622 F.2d at 438 *quoting Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir.1967).  Generally, a proposed intervenor meets this test if "the interest [asserted] is protectable under some law, and [] there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).  More specifically, the Ninth Circuit has held that:

> when, as here, the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, that party satisfies the "interest" test of Fed. R. Civ. P. 24(a)(2); he has a significantly protectable interest that relates to the property or transaction that is the subject of the action.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc.*, 630 F.3d 1173.

"The interest test is not a bright-line rule…[a]n applicant seeking to intervene need not show that 'the interest he asserts is one that is protected by statute under which litigation is brought.' It is enough that the interest is protectable under any statute." *U.S. v. Alisal Water Corp*, 370 F.3d 915, 919 (9th Cir. 2004), *citing Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). A non-speculative, economic interest may be sufficient to support a right of intervention. *U.S. v. Alisal Water Corp., supra*, 370 F.3d at 919; *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1088 (9th Cir. 2003) (stating that Native Hawaiians had a sufficiently related interest to intervene in a lawsuit

1   by taxpayers challenging the provision of benefits by the State of Hawaii and its subdivisions to

2   Hawaiians).

3          As discussed below, CBAA and its members have an economic interest in the enforcement

4   of their currently existing bail bond contracts, which are expressly authorized by the challenged

5   Bail Law, and in the continued viability of their industry. Indeed, it is difficult to imagine a more

6   direct relationship between CBAA's interests and Plaintiffs' requested relief – namely, a

7   declaration that the Bail Law – and thus CBAA's industry – is unconstitutional.

8          **a.     CBAA's Significant Interest in Current Bail Bond Contracts.**

9          CBAA is an association of bail agents licensed by the state of California and the California

10  Department of Insurance, who provide bail insurance policies ("bail bonds" or "surety bonds") to

11  consumers to secure the release of individuals from jails throughout California. (Mitchell Decl.,

12  ¶¶2, 5.) A bail bond is a legal contract with the state and/or federal agency. *See* Cal. Penal Code

13  §1296b(a) (discussing surety bonds "executed by a certified, admitted surety insurer as provided in

14  the Insurance Code"); (Mitchell Decl., ¶2).

15

16         CBAA has a legally protectable interest in the enforceability of the thousands of the

17  *currently existing* contracts to which its members are parties. Indeed, one such contract exists

18  between Plaintiff Crystal Patterson, and Bail Hotline Bail Bonds, which is a member of CBAA.

19  (*See* Dkt. 25-1, "Surety Bail Bonds Agreement"); (Mitchell Decl., ¶13); (Dkt. 25, Plaintiffs' Reply

20  in support of Motion for Class Certification, stating "the $1,500 [Patterson] paid the bail bond

21  company will not be returned, and she will be responsible for the remainder plus interest of her

22  $15,000 bond"); (3AC, ¶38, stating "Ms. Patterson is still indebted to a private bail bond company

23  for the balance of her $15,000 debt, plus interest."). The Surety Bail Bonds Agreement is a valid

24  and enforceable legal contract pursuant to Penal Code §1269b, the California Constitution, and the

25  Eighth Amendment. However, Plaintiffs' requested relief – a declaration that the laws authorizing

26  such bail bond agreements are unconstitutional – would invalidate the Surety Bail Bonds

27  Agreement, and would render all such outstanding bail bonds contracts illegal and unenforceable,

28  thereby stripping CBAA and its members of their economic interests in tens of thousands of



6

1

2   otherwise enforceable contracts, with the stroke of a pen. *See, e.g., Baccouche v. Blankenship*, 154

3   Cal. App. 4th 1551, 1558 (2007) ("…a contract whose object is a violation of law is itself against

4   the policy of the law (Civ. Code, §§ 1441, 1667, 1668), and renders the bargain unenforceable.").

   **b.   CBAA's Significant Interest in the Bail Industry's Continued Viability.**

5   CBAA has an additional, concrete economic interest in protecting the livelihoods of its

6   members and ensuring the continued viability of its industry as a whole. *See Alisal Water Corp.*,

7   *supra,* 370 F.3d at 919 (an economic interest constitutes a significantly protectable interest where

8   it is concrete and related to the underlying subject matter in the case).

9   As discussed in more detail in the attached, proposed Rule 12 Motion, CBAA's industry

10  came to existence as a direct result of the Eighth Amendment's prohibition against "excessive

11  bail," which necessarily contemplates the propriety of non-excessive bail. *See White v. Wilson*, 399

12  F.2d 596, 598 (9th Cir. 1968) ("The mere fact that petitioner may not have been able to pay the

13  bail does not make it excessive."). "Bail" under the Eighth Amendment is the same thing as

14  "secured money bail," as Plaintiffs call it. For instance, in *United States v. Salerno*, 481 U.S. 739

15  (1997), the Supreme Court made clear that the Eighth Amendment did not mandate a right to bail,

16  but was only concerned with the *amount* of bail if and when bail was warranted. *Id.,* at 739 ("when

17  the Government has admitted that its only interest is in preventing flight, bail must be set by a

18  court *at a sum* designed to ensure that goal, and no more.") (emphasis added); *see also, Stack v.*

19  *Boyle*, 342 U.S. 1, 5 (1951) (stating in dictum that "[b]ail set at a figure higher than *an amount*

20  reasonably calculated [to ensure the defendant's presence at trial] is 'excessive' under the Eighth

21  Amendment.") (emphasis added); *Galen v. County of Los Angeles*, 477 F.3d 652, 660 (9th Cir.

22  2007) (internal citations omitted) ("The state may not set bail to achieve invalid interests . . . nor *in*

23  *an amount* that is excessive in relation to the valid interests it seeks to achieve.") (emphasis

24  added). The Eighth Amendment proscription against *excessive* bail necessarily contemplates the

25  quantum of bail, and in this case, Plaintiffs' challenge to the bail schedule as applied to the

26  indigent is a challenge to the quantum of bail.

27  CBAA's industry is specifically addressed in the California Constitution, which expressly

28  recognizes surety bail, including through its own "Excessive Bail" prohibition. *See* Cal. Const.,

Article 1, §12 ("A person shall be released on bail by sufficient sureties…"); Art. 1, Sec. 28(b)(3)



(requiring the safety of the victim and the victim's family be considered "in fixing *the amount* of bail") (emphasis added); Art. 1, Sec. 28(f)(3) (requiring certain considerations to be taken into account when a judge or magistrates "grants or denies bail or release on a person's own recognizance"). CBAA clearly has a legally protectable interest in defending the California bail bond industry, and Plaintiffs' lawsuit seeks to obliterate the entire industry.

### c.    CBAA is Entitled to Intervene on Behalf of its Members.

Besides its right to intervene as a trade association, CBAA also is entitled to intervene on behalf of its members. Under Ninth Circuit precedent, an organization may intervene on behalf of its members as long as it demonstrates: (1) the members have a legally protectable interest that is sufficient for intervention; (2) the defense of the decision is relevant to the associations' purposes; and (3) the members are not necessary participants in the suit. *Southwest Center for Biological Diversity*, *supra,* 268 F.3d at 822 n.3. CBAA members have a legally protectable interest in providing surety bail services to accused persons in San Francisco, and in the specific outstanding bail contracts, including Plaintiff Crystal Patterson's contract. These interests are relevant to CBAA's purposes, because protecting its members' interest and ensuring the continued vitality of the surety bail industry is at the core of CBAA's mission. Finally, because Plaintiffs seek declaratory and injunctive relief against the Sheriff, individual CBAA members are not necessary participants in this suit. Therefore, CBAA is entitled to intervene in this case on behalf of both itself and its members.

### 3.    CBAA's Interests Will Be Impaired If Intervention Is Denied.

Rule 24(a) requires that an applicant for intervention as a matter of right be "so situated that the disposition of the action *may* as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). Because "Rule 24 refers to impairment 'as a practical matter' ... the court is not limited to consequences of a strictly legal nature." *Forest Conservation Council*, *supra,* 66 F.3d at 1498, *abrogated on other grounds*, *Wilderness Soc.*, 630 F.3d 1173, *citing*, Fed. R. Civ. P. 24 advisory committee's note (stating that "[i]f an absentee would be substantially affected in a practical sense by the determination made in



an action, he should, as a general rule, be entitled to intervene").

Here, CBAA's interests not only "may," but *will necessarily be* impaired as "a practical matter" if Plaintiffs' requested relief – a permanent injunction against the use of bail bonds in San Francisco (and, by likely application to other counties later, presumably the entire State of California) – is granted, because not only will hundreds of thousands of existing surety bail contracts in San Francisco County be voided as unconstitutional, but CBAA's entire industry would be destroyed overnight, and tens of thousands of contracts held by CBAA members, invalidated. (*See* Mitchell Decl., ¶14); *Baccouche v. Blankenship*, 154 Cal. App. 4th 1551, 1558 (2007) ("[A] contract whose object is a violation of law is itself against the policy of the law (Civ. Code, §§ 1441, 1667, 1668), and renders the bargain unenforceable.") Plaintiffs concede as much, as their stated goal in this litigation is to have the Court declare that "secured money bail" of the type provided by the bail industry – i.e., "bail," itself – is unconstitutional. (*See, e.g.,* 3AC ¶ 65.) Indeed, Plaintiffs' counsel, Equal Justice Under Law, has a larger goal of seeking to "End[] the American Money Bail System" nationwide.[5] In public statements concerning this lawsuit, counsel for Plaintiffs, Phil Telfeyan, is quoted as follows:

> Telfeyan said he is not trying to destroy the classic, neon-advertising bail bonding industry, but he conceded that **the business model would become obsolete** if he convinces courts that the cash bail system is unconstitutional.[6] (emphasis added).

CBAA submits that such judicially-mandated obsolescence qualifies as injury-in-fact, and certainly as a sufficient risk of impairment to support intervention. *See, e.g., Brooks v. Flagg Bros.*, 63 F.R.D. 409, 415 (S.D.N.Y. 1974) ("where specific segments of an industry would be vitally affected by a declaration that the statute which governs their business conduct is unconstitutional, there is little reason to exclude them from participation"); 7C Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 1908.1 (3d ed. 2010) ("in cases challenging various statutory schemes as unconstitutional or as improperly interpreted and applied, the courts have recognized

---

[5] *See* EJUL's website, http://equaljusticeunderlaw.org/wp/current-cases/ending-the-american-money-bail-system (last visited November 1, 2016).

[6] Paul Elias, *Cash Bail System Under Attack As Unconstitutional*, The Washington Post, December 26, 2015 at www.washingtonpost.com/national/cash-bail-system-under-attack-November 1, 24, 2016).

that the interests of those who are governed by those schemes are sufficient to support

intervention."); *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994); *New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*, 516 F.2d 350, 352 (2d Cir. 1975).

Moreover, as the Sheriff has openly disavowed any interest in defending any aspect of the Bail Law, much less any interest of the bail industry, the CBAA should be allowed to intervene now.

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994) (holding that timber purchasers' association had a sufficient "interest" in environmental groups' suit against the United States Forest Service where members had existing timber contracts that were threatened by the ban plaintiffs were seeking);

*New York Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N. Y.*, 516 F.2d 350, 352 (2d Cir. 1975) (holding that association of pharmacists have a sufficient interest to permit intervention where the validity of a regulation from which its members benefit is challenged).

### 4.   CBAA's Interests Are Not Now Being Adequately Represented.

During the course of this lawsuit's two successive rounds of motions to dismiss, the named Defendants' respective responses have focused almost exclusively on immunity and abstention arguments, and have not meaningfully grappled with the gravamen of Plaintiffs' case, which is a constitutional attack on surety bail, a fundamental element of a carefully balanced system of criminal justice throughout the United States. In light of the Court's recent Order (Dkt. 99), the Sheriff is the sole remaining named Defendant in this action.[7] The Sheriff's Answer to the 3AC is, in essence, a wholesale adoption of the Plaintiffs' position concerning the constitutionality of the Bail Law. The Answer asserts no affirmative defenses, and states that "The Sheriff is required to enforce the State's law, and she will, unless and until its unconstitutionality is established in the courts. But she is not required to defend it, *and she will not*." (Answer, p. 1) (emphasis added). The City and County of San Francisco have been dismissed with prejudice on immunity grounds. (Dkt. 99.)  The Attorney General – the *only* Defendant to raise (albeit, in cursory fashion) a merits

---

[7] Though the Court found that the Sheriff is a State actor in this context and is entitled to Eleventh immunity from suit for money damages, it allowed Plaintiffs' claim for violation of their Fourteenth Amendment rights to go forward, to the extent that declaratory or injunctive relief is sought, under *Ex Parte Young,* 209 U.S. 123, 155-56 (1908). (Dkt. 99).



1

2

argument in her 12(b)(6) motion to dismiss – also has been dismissed on immunity grounds, and due to Plaintiffs' failure to timely file a fourth amended complaint against the Attorney General, that dismissal is now with prejudice. (*See* Dkt. 99, p.24).

In light of the party dismissals by this Court, and the Sheriff's stark capitulation in the Answer to the Plaintiffs' attack on the Bail Law, resulting in a decision not to defend this action at all, CBAA's interests are not now being represented in any way. Plaintiffs' asserted Equal Protection and Due Process claims *have never been addressed* in any of the four Rule 12 motions filed, to date. (*See* Dkt. 99, fn. 11, holding "[b]ecause the Court dismisses the Attorney General on Eleventh Amendment grounds, the Court does not reach the Attorney General's Fourteenth Amendment arguments"). It is readily apparent from the Sheriff's Answer that these claims now will *never* be challenged, in the absence of intervention by CBAA, leaving this Court in the untenable position of having to rule on the constitutionality of bail where vigorous argument on the defense side has been co-opted by the Plaintiffs, to the detriment not only of CBAA, but also of the broader California community affected by this case.

As reflected in the proposed Rule 12 motion attached hereto, CBAA intends to mount a substantive and multi-pronged defense of the historical use of surety bail, including a detailed discussion of the constitutionality of surety bail pursuant to both the California Constitution and Eighth Amendment to the U.S. Constitution, involving jurisprudence from across the United States. Should this case not be dismissed, CBAA also intends to seek an affirmative judicial determination of the constitutionality of the Bail Law – relief that the Sheriff will not seek. (*See,* Answer).

The Court's analysis of Plaintiffs' claims will benefit from CBAA's extensive and unique industry expertise concerning how bail works, and the pivotal role bail plays in California criminal justice. *See Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (stating that a sufficient showing on this factor is made when the would-be intervenor has expertise the government may not have); (Mitchell Decl., ¶1, describing CBAA's 37 years of "educating members of the association and general public concerning the important work of bail



agents and the services they provide to the public, the Courts, defendants, law enforcement, and the State of California"). For instance, CBAA will highlight the monumental costs to society and the criminal justice system that are involved in abandoning surety bail. Numerous studies have shown that surety bail is a highly effective way of ensuring that people accused of crimes – rich or poor – continue to participate in the justice system through trial. Bail agents work with a variety of third-party co-signors, including family members, employers, and friends, to guarantee that the defendant goes to court and abides by any other conditions of bail. (Mitchell Decl., ¶9.) This provides a network of accountability and a powerful incentive for defendants, not only to appear in court, but to avoid the situations and conditions that resulted in their initial arrest. (*Id.,* ¶9-10.)

By contrast, a defendant who is released without surety bail has significantly less incentive to appear for his or her court hearings, and might commit additional crimes while released. *See, e.g.*, Eric Helland & Alexander Tabarrok, *The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping*, 47 J.L. & Econ. 93, 94 (2004). Innocent Americans bear the brunt of these additional crimes, through additional victimization and deterioration of our communities. Further, when a defendant fails to appear, local courts must rearrange and reschedule proceedings, wasting the time of court personnel and inhibiting the community's ability to enforce its laws. Studies conservatively estimate that the cost to the public for each failure to appear is approximately $1,775. *See* Robert G. Morris, Dallas County Criminal Justice Advisory Board, *Pretrial Release Mechanisms in Dallas County, Texas* (Jan. 2013) at 17, available at http://bit.ly/1tttqJD.

Surety bail provides the greatest protection against an accused's failure to appear. For instance, bail insurance helps those persons who cannot afford to provide a "cash bond" to avoid the negative consequences of having to proceed through the court system without it, including by permitting bail for only a fraction of what the court requires, and often offering installment plans to facilitate payments. (Mitchell Decl., ¶6.)  Without surety bail, the public and the courts will demand that arrested suspects stay behind bars awaiting trial. Moreover, posting a surety bail bond allows individuals to protect their privacy, rather than providing the wide variety of personal

THIRD MOTION BY CBAA TO INTERVENE                                    Case No. 4:15-CV-04959-YGR

information and having to sacrifice personal liberties, as is typically required with intrusive government-run pretrial services. (Mitchell Decl., ¶12); (*see also* 3AC, ¶74, discussing pretrial services agencies' use of, *inter alia,* "reporting obligations…SCRAM bracelets (for alcohol testing), [and] electronic monitoring" to guard against risks).

The surety bail industry provides the single most effective and efficient way to provide defendants with the opportunity to obtain pretrial release without public expense, and without diverting the strained resources of law enforcement. A report published in the Journal of Law and Economics determined that "[d]efendants released on a surety bond are 28 percent less likely to fail to appear than similar defendants released on their own recognizance, and if they do fail to appear, they are 53 percent less likely to remain at large for extended periods of time." Eric Helland & Alexander Tabarrok, *The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping*, 47 J. L. & Econ. 93, 118 (2004). A 2007-08 Special Report from the United States Department of Justice reached the same conclusion:  "Compared to release on recognizance, defendants on financial release were more likely to make all scheduled court appearances."  Bureau of Justice Statistics, *Pretrial Release of Felony Defendants in State Courts*, Nov. 2007 (revised Jan. 2008) at 1.

Monetary bail schedules, which set default bail amounts for various crimes based on the severity of the offenses, are much more efficient than requiring an individualized bail hearing for every single offense by every single offender. In addition, surety bail agents provide other services to the State, defendants, and co-signors as part of a bail transaction, including monitoring the defendant, reminding him or her to appear in court, or any other requirements an agent places on a defendant at the request of a third party co-signor. (Mitchell Decl., ¶11.)

For all of the above reasons, which are just a preview of the substantive arguments CBAA will make in this case, it cannot be said that the Sheriff will "undoubtedly make all of the intervenor's argument" (*County of Fresno*, *supra,* 622 F.2d at 438-39) – in fact, the Sheriff intends to mount no defense to Plaintiffs' claims, whatsoever, and her attorney, San Francisco City Attorney Dennis Herrera, has publicly stated that the Bail Law contemplated by the Constitutions that he and the Sheriff are sworn to uphold and defend, is unconstitutional. *See*



http://sanfrancisco.cbslocal.com/video/category/spoken-word-kpixtv/3571098-herrera-calls-states-bail-system-unconstitutional/.

This motion presents much more than "sufficient doubt about the adequacy of representation to warrant intervention." *Southwest Center for Biological Diversity*, *supra,* 268 F.3d at 824 (quotation omitted).  Having demonstrated all four of the required factors, CBAA is entitled to intervene as a matter of right.

**B.      Alternatively, CBAA Should Be Granted Permissive Intervention.**

Should the Court determine that CBAA is not entitled to intervene as of right, it should nevertheless grant CBAA permission to intervene under Rule 24(b), which provides that "[o]n timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact."  F.R.C.P. 24(b)(1)(B). Permissive intervention requires "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

**1.      CBAA Meets Jurisdictional Concerns.**

In federal question cases, the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff, and therefore an independent jurisdictional basis is not required. *See Geithner*, *supra,* 644 F.3d at 844; 28 U.S.C. § 1331; *Blake v. Pallan*, 554 F.2d 947, 956–57 (9th Cir. 1977); 7C Wright, Fed. Prac. & Proc. § 1917 (3d ed. 2010)  ("In federal question cases there should be no problem of jurisdiction with regard to an intervening defendant nor is there any problem when one seeking to intervene as a plaintiff relies on the same federal statute as does the original plaintiff."). This Court is exercising federal question jurisdiction over Plaintiffs' claims, and CBAA's proposed defenses (and sole counterclaim for declaratory relief, should that become necessary) pertain to the same federal questions raised by Plaintiffs. As such, no independent jurisdictional showing is necessary.



1

2          **2.   CBAA's Motion Is Timely.**

3          As discussed above, CBAA has timely filed this Motion in accordance with the Court's

4   order, and has not caused any delay to these proceedings, let alone delay that would prejudice the

5   existing parties. Indeed, only on the day this motion is being filed, was it first established that the

6   sole remaining defendant in this case, the Sheriff, refuses to defend the Bail Law. Accordingly,

7   CBAA's motion is timely.

8          **3.   A Common Question of Law and Fact Exists Between CBAA's Claim or
                  Defense and the Main Action.**

9          Whether there is a common question of law or fact, is an issue liberally construed by the

10  courts. *Kootenai Tribe*, *supra,* 313 F.3d at 1111.  Unless there are no questions of law or fact

11  common to the main action and a proposed intervenor's claim or defense, the court has discretion

12  to permit the intervention. *Id*.   Here, Plaintiffs' claims will remain unchanged if the Court grants

13  this motion. CBAA intends to assert legal defenses that will not be raised by the Sheriff, and if

14  necessary later, to assert a single counterclaim for declaratory judgment concerning the same

15  question posed by the Plaintiffs (namely, the constitutionality of the California Bail Law), and to

16  submit industry expertise on the integral nature of the surety bail system in the criminal justice

17  system, to aid this Court in making a fully informed and accurate decision. CBAA's intervention

18  will not prejudice any of the existing parties or delay the proceedings, and it "will significantly

19  contribute ... to the just and equitable adjudication of the legal questions presented."  *Spangler v.*

20  *Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

21         **C.      CBAA Submits A Separate Pleading under Rule 24(c).**

22         Though Rule 24(c) refers to a "pleading that sets out the claim or defense for which

23  intervention is sought," it does not specify what type of pleading is permitted or required. Should

24  CBAA be permitted to intervene, CBAA requests that it be allowed to file the attached, proposed

25  Rule 12 Motion to dismiss, as a first responsive pleading. Should the Court permit any part of

26  Plaintiffs' case to go forward, CBAA is prepared to file an Answer and Counterclaim for

27  declaratory relief, seeking a judicial determination that the California Bail Law is legal and

28  constitutional in its current form.



THIRD MOTION BY CBAA TO INTERVENE                    Case No. 4:15-CV-04959-YGR

III.    IF CBAA'S INTERVENTION IS DENIED AT THIS TIME, DENIAL SHOULD BE
WITHOUT PREJUDICE

Should the Court determine that the Motion to Intervene is premature at this time, CBAA requests that the Court deny the motion without prejudice. *Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engineers*, 101 F.3d 503, 509 (7th Cir. 1996) (suggesting deferral of the decision on intervention if the adequacy of the existing representation has not yet been shown).

IV.    CONCLUSION

For the foregoing reasons, CBAA respectfully requests that the Court grant an order allowing it to intervene as a defendant in this action, and to file the proposed Rule 12 Motion to Dismiss Plaintiffs' 3AC.

Respectfully submitted,

Date: November 1, 2016                    DHILLON LAW GROUP INC.


By:    _/s/ Harmeet K. Dhillon_____
       Harmeet K. Dhillon (SBN: 207872)
       Krista Baughman (SBN: 264600)
       Attorneys for Proposed Defendant Intervenor
       California Bail Agents Association



THIRD MOTION BY CBAA TO INTERVENE                    Case No. 4:15-CV-04959-YGR