UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**RIANA BUFFIN, *et al.*,**

    Plaintiffs**,**

    v.

**THE CITY AND COUNTY OF SAN FRANCISCO, *et al.*,**

    Defendants.

Case No. 15-cv-04959-YGR

**ORDER GRANTING MOTION TO INTERVENE**

Re: Dkt. No. 110

The allegations of this action are well-known. Since plaintiffs filed their Third Amended Complaint ("3AC"), the Court has dismissed the following defendants: the State of California, the City and County of San Francisco, and the California Attorney General.[1] Additionally, the last remaining defendant, Sheriff Vicki Hennessy, has announced she will not defend this action.

In this context, the California Bail Agents Association ("CBAA") filed a fourth motion to intervene. Having carefully considered the papers submitted and for the reasons discussed below, the Court **DENIES** CBAA's motion to intervene as of right and **GRANTS** CBAA's motion for permissive intervention subject to the conditions outlined in this Order.

**I.  BACKGROUND**

The 3AC fundamentally challenges the San Francisco Sheriff's use of a bail schedule to detain a person prior to being seen by a judicial officer. In California, state law imposes a duty on

---

[1] Plaintiff's Complaint names Kamala Harris as California's Attorney General. However, Kamala Harris is now a Senator and was replaced as Attorney General by Xavier Becerra. Thus, any future references in this action to the Attorney General shall now apply to Mr. Becerra. *See* FED. R. CIV. P. 25(d) ("[W]hen a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party.")

superior court judges to "prepare, adopt, and annually revise a uniform countywide schedule of bail" for all bail-eligible offenses except Vehicle Code infractions. Cal. Pen. Code. § 1269b(c). The County Sheriff then determines a particular arrestee's bail amount by referencing the bail schedule. Cal. Pen. Code. § 1269b(a).

Plaintiffs allege section 1269b has the effect of requiring secured money bail and causes San Francisco to detain individuals solely because they cannot afford the cost of release. (*See* 3AC ¶ 18.) They therefore allege that section 1269b is unconstitutional because it requires or permits "wealth-based detention without an inquiry into an individual's ability to make a monetary payment." (*See id*. at ¶¶ 21–26.)

Under the current procedural posture, the only remaining defendant has refused to defend the statute. CBAA—an "association of approximately 3,300 surety bail agents who facilitate the posting of surety bail bonds by arrestees in California"—moves to intervene as a defendant, and seeks to defend the constitutionality of section 1269b. (Fourth Motion to Intervene, "4MTI.")

CBAA filed its first motion to intervene on December 21, 2015. (Dkt. No. 41.) However, the Court found CBAA's first motion premature. (Dkt. No. 55 at 3.) CBAA then filed its second motion to intervene, which the Court denied without prejudice for failing to comply with Federal Rule of Civil Procedure 24(c). (Dkt. No. 99 at 23.) Next, CBAA filed its third motion to intervene, but it was taken off calendar after the Attorney General indicated she would also seek to intervene. (Dkt. No. 106.) Ultimately, however, the Attorney General decided not to intervene. (Dkt. No. 109.) Finally, on December 20, 2016, CBAA filed its fourth motion to intervene, which is now pending before the Court. (Dkt. No. 110.)

**II.    CBAA'S MOTION TO INTERVENE**

CBAA moves to intervene as a defendant pursuant to Rule 24(a) as a matter of right or, in the alternative, for permissive intervention under Rule 24(b).

The Sheriff, the last remaining defendant, does not oppose CBAA's motion to intervene.

**A.  Intervention as of Right – Rule 24(a)**

Intervention under Rule 24(a)(2) is appropriate upon satisfaction of a four-factor test: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that

is the subject of the action; (2) the applicant's interest must be represented inadequately by the parties to the action; (3) the applicant must be situated such that disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. Fed. R. Civ. P. 24(a); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998) (citing *Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997)). Failure to satisfy any one of the requirements is fatal to the application, and a court need not reach the remaining elements if one of the elements is not satisfied. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Whether intervention as of right is warranted here turns primarily on the first factor. A movant has a "significantly protectable" interest if that asserted interest is protected under some law and is related to the plaintiff's claims. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (citing *Donnelly*, 159 F.3d at 409). When evaluating a proposed intervenor's alleged interest, the Ninth Circuit has made clear that Rule 24(a)(2) does not require a specific legal or equitable interest. *Fresno Cty. v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). Rather, "a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Lockyer*, 450 F.3d at 441. For example, the Ninth Circuit has held that a party may seek to intervene as of right when it is the intended beneficiary of a challenged law. *See, e.g.*, *Lockyer*, 450 F.3d at 442 (finding a significantly protectable interest where the proposed intervenors were the intended beneficiaries of the challenged legislation); *Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) (concluding that native Hawaiians had a significantly protectable interest in their exclusive, government-funded benefits, which were the subject of the plaintiffs' challenge). Further, a non-speculative, economic interest may be sufficient to support intervention if the interest is concrete and related to the action's underlying subject matter. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). However, an economic stake in the outcome of the litigation—even if significant—does not, by itself, qualify as a significantly protectable interest. *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). Thus, in *Alisal*, the Ninth Circuit declined to find a significant protectable interest where a judgment creditor sought to intervene in an environmental enforcement action in which he

3

had no interest except for the prospect that an award of penalties in the remedial phase might impair his ability to collect the debt. 370 F.3d at 920–21. In short, the "significantly protectable" interest test is not a bright-line rule and requires a case-by-case, fact-based analysis.

Here, CBAA asserts a "significantly protectable" interest in the survival of (1) its members' already-existing surety bail bond contracts and (2) its industry as a whole going forward. First, with respect to its current bail bond contracts, the Court disagrees that CBAA will "suffer a practical impairment of [this particular] interest as a result of the pending litigation." *Lockyer*, 450 F.3d at 441. CBAA claims that plaintiffs' requested relief—a declaration that section 1269b is unconstitutional—would necessarily invalidate all outstanding surety bail bond contracts. Not so. Section 1269b merely concerns a discrete portion of the bail system used in California. Though section 1269b(a) authorizes government officials to accept surety bonds in exchange for an arrestee's pre-arraignment release, plaintiffs do not challenge this provision. Nor do plaintiffs mount an independent challenge to the current contracts themselves. Thus, even if the Court did grant plaintiffs' requested relief, it is the bail-setting method used by San Francisco County that would be deemed unconstitutional—not the ability of surety bail agents to enforce already-existing bail bond contracts or enter into new ones.

Second, CBAA's argument that it has a "significantly protectable" interest in the continued viability of its industry because the bail bond industry was established by the California Constitution and/or the Eighth Amendment fails to persuade. At most, the cited provisions approve of the use of surety bail bonds to secure an arrestee's pre-arraignment release. They do not guarantee the industry's existence. Moreover, neither CBAA nor its members are the intended beneficiaries of section 1269b. Thus, CBAA's interest in defending section 1269b is distinguishable from the intervenors in either *Lockyer* or *Arakaki*. CBAA's interest in continuing to profit from the provision of bail bonds is more akin to the interest of the judgment creditor in *Alisal*, which was rejected by the Ninth Circuit as being "too remote from the core issues involved in the litigation." *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 986 (9th Cir. 2008) (discussing *Alisal*, 370 F.3d 915). Finally, CBAA's assertion that its industry will be necessarily destroyed should plaintiffs' claims succeed is similarly unavailing. Plaintiffs' challenge

is limited to the method San Francisco County uses to set bail for pre-arraignment arrestees, a period of time that is typically only 48 hours. CBAA overstates the limited scope of the action.

For the foregoing reasons, the Court finds that CBAA does not have a significantly protectable interest in this litigation and **DENIES** the motion to intervene as of right.[2]

### B.  Permissive Intervention – Rule 24(b)

The Court next addresses permissive intervention under Rule 24(b). With respect to permissive intervention, the applicant for intervention must show that (1) independent grounds for jurisdiction exist; (2) the motion is timely; and (3) the applicant's claim or defense shares a common question of law or fact with the main action. Fed. R. Civ. P. 24(b); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997). Even where all prerequisites are met, a district court has considerable discretion in ruling on a motion for permissive intervention. *In re Benny*, 791 F.2d 712, 721–22 (9th Cir. 1986). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

*1.  Independent Jurisdictional Grounds*

Permissive intervention first requires independent grounds for jurisdiction. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). Permissive intervention's jurisdictional requirement is primarily concerned with avoiding the inappropriate expansion of the district courts' jurisdiction. *Id.* For instance, in a diversity case, a proposed intervenor may not use permissive intervention "to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction." *Id.* In federal question cases, however, "the district court's jurisdiction is grounded in the federal question(s) raised by the plaintiff," and the requirement does not apply when the proposed intervenor is not raising new claims. *Id.* at 844.

Here, the Court has federal question jurisdiction over plaintiffs' constitutional challenges to section 1269b. In the parties' Joint Statement Regarding Proposed Intervention and Case

---

[2] Because the Court finds that CBAA does not have a significantly protectable interest, it does not address the remaining factors for intervention as of right.

5

Management (Dkt. No. 117), CBAA agreed not to assert any counterclaims. Accordingly, CBAA does not seek, and will not be permitted, to inject any new issues into the litigation over which the Court would not otherwise have jurisdiction.

Therefore, the Court finds that the jurisdictional requirement is satisfied.

### 2. *Timeliness*

CBAA's motion must also be timely. Fed. R. Civ. P. 24(b). When assessing timeliness, the Ninth Circuit considers three factors: (1) the stage of the proceedings; (2) any prejudice to existing parties; and (3) the length of, and reason for, any delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (citing *Orange Cty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986)).

Here, timeliness is not an issue. CBAA filed its initial motion to intervene less than two months after plaintiffs filed their complaint. (Dkt. No. 41.) CBAA's motion is timely.

### 3. *Common Question of Law or Fact*

The final factor "requires only that [the proposed intervenor's] claim or defense and the main action have a question of law or fact in common." *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011). Unlike intervention as of right, a proposed intervenor need not specify any particular personal or pecuniary interest in the subject of the litigation. *Id.*

Here, the fundamental question raised by plaintiffs is whether section 1269b violates the Fourteenth Amendment. At least two of CBAA's proposed affirmative defenses, as articulated in its Proposed Answer to Plaintiffs' 3AC, require resolution of this same legal question. Thus, resolution of CBAA's proposed affirmative defenses are interconnected with the fundamental legal question posed by plaintiffs.

Therefore, CBAA has asserted a defense that shares a question of law with the main action.

### 4. *Permissive Intervention—with Conditions—is Warranted*

In sum, the Court finds that CBAA satisfies the three requirements for permissive intervention. However, the Court still maintains discretion to grant or deny the motion to intervene. Here, given the absence of any defendant willing to defend the constitutionality of section 1269b,

6

the Court finds intervention appropriate. Without zealous advocates—on both sides—the Court risks deciding an important constitutional question without two sets of well-crafted legal arguments and a fully-vetted factual record. CBAA's intervention alleviates these concerns. Moreover, allowing CBAA to intervene will result in minimal delay and cause no prejudice to plaintiffs.[3]

Accordingly, the Court **GRANTS** CBAA's motion to intervene. That said, the Court also finds that limits should be placed on CBAA's participation in this action, consistent with the Supreme Court's discussion in *Stringfellow v. Concerned Neighbors in Action*. 480 U.S. 370, 375–78 (1987). Thus, in accordance with the parties' Joint Statement Regarding Proposed Intervention and Case Management (Dkt. No. 117), the Court limits CBAA's intervention as follows:

First, CBAA may not expand the scope of this action or raise new issues. Thus, CBAA may not file any motion to dismiss or seek to assert any counterclaims. CBAA may only file its proposed answer, any opposition(s) to plaintiffs' motion(s), a motion for summary judgment, and/or a trial brief. All filings must also be in accordance with this Court's Standing Order.

Second, all discovery must be shared. To the extent possible, factual presentation to the Court shall be based on stipulated facts. Plaintiffs shall first propose a list of facts upon which they intend to rely, and CBAA shall then propose additional facts for stipulation within ten days of receiving plaintiffs' list. Only those facts that cannot be established through stipulation will be the subject of formal discovery. After plaintiffs' initial round of discovery is complete, CBAA may propound its own discovery only to the extent necessary to fill any gaps left by plaintiffs, correct any inaccuracies, or fully vet the factual record. Such discovery may include depositions of parties, third-parties, and experts. All discovery requests should be crafted so as to minimize discovery costs, and must be relevant to the issues raised in plaintiffs' claims and any corresponding defenses. CBAA shall not propound duplicate discovery. If any discovery requested by plaintiffs was not provided by defendant or a third party, however, CBAA may request the material in its own discovery requests. If necessary, CBAA may also file motions concerning its own discovery

---

[3] The Court also rejects plaintiffs' request to relegate CBAA to *amicus curiae* status. *Amicus curiae* status, under these unique circumstances, is inadequate and does not assure sufficient adversarial participation necessary for resolution of the issues presented.

7

requests after meeting-and-conferring, and in accordance with this Court's Standing Order, but it may not file any motions with respect to plaintiffs' discovery requests.

Third, CBAA may seek leave to file an opposition to plaintiffs' motion for class certification within seven days of said filing. Plaintiffs will have seven days to respond to any such request.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** CBAA's motion to intervene as of right and **GRANTS** CBAA's motion for permissive intervention subject to the conditions outlined in this Order.

**IT IS SO ORDERED**.

This Order terminates Docket Number 110.

Date:  March 6, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**