1  Phil Telfeyan (CA Bar No. 258270)
2  Attorney, Equal Justice Under Law
3  400 7th Street NW, Suite 602
4  Washington, D.C. 20004
5  (202) 505-2058
6  ptelfeyan@equaljusticeunderlaw.org
7  *Attorney for Plaintiffs Riana Buffin and Crystal Patterson*

8                 **THE UNITED STATES DISTRICT COURT**
9              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10                        **OAKLAND DIVISION**
11   _____
12                                      )
13   RIANA BUFFIN and CRYSTAL          )      15-CV-4959 (YGR)
14   PATTERSON, on behalf of themselves and )
15   others similarly situated,         )      PLAINTIFFS' DAUBERT MOTION TO
16                                      )      LIMIT THE TESTIMONY OF JUDGE
17        Plaintiffs,                   )      QUENTIN KOPP
18                                      )
19             v.                       )
20                                      )      Hearing:      December 12, 2017, 2:00pm
21   VICKI HENNESSY in her official capacity )  Department:  Courtroom 1, Fourth Floor
22   as the San Francisco Sheriff, *et al.*, )  Judge:       The Honorable Yvonne
23                                      )                    Gonzalez Rogers
24        Defendants.                   )
25   _____)

26             **PLAINTIFFS' *DAUBERT* MOTION TO PARTIALLY EXCLUDE**
27             **THE OPINION TESTIMONY OF JUDGE QUENTIN KOPP**

28        Plaintiffs hereby notice their motion to exclude the opinion testimony of Quentin Kopp,

29   scheduled to be heard at 2pm on December 12, 2017.

30        Plaintiffs seek entry of an Order excluding the testimony of Quentin Kopp at trial or in a

31   submitted report.

32   **I.     Introduction and Statement of Facts**

33        This case will determine whether the use of money bail in San Francisco violates equal

34   protection and due process.  The arguments will turn on whether money-secured release is

35   narrowly tailored and the least restrictive means to achieve important government interests in

36   promoting pretrial liberty, preserving public safety, ensuring court appearances, and stopping jail

1  overcrowding.  The Intervening Defendant, California Bail Agents Association, seeks to qualify
2  Retired Judge Quentin Kopp as an expert witness.

3       Judge Kopp spent eleven years as a Superior Court judge in San Mateo County and two
4  and a half years as the San Mateo County Grand Jury Judge.  Exp. Rep. ¶ 6.  He is currently Of
5  Counsel at the law firm of Furth, Salem, Mason and Li. *Id.*  He received his law degree from
6  Harvard Law School in 1952.  Before taking the bench, Judge Kopp was a trial lawyer,
7  representing clients in California state and federal courts. *Id.*  Judge Kopp is an experienced jurist,
8  but he is not an economic analyst or researcher.  Because Judge Kopp's economic opinions lack
9  "a reliable basis in the knowledge and experience of his discipline," Plaintiffs request that this
10  Court strike the portions of his testimony that offer opinions on the costs of implementing
11  alternatives to money bail but which have no data or discernible methodology to support the
12  conclusions.  *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. at 579, 591 (1993); *U.S. v.*
13  *Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006).

14       **A.       Judge Kopp's Economic Analysis Does Not Satisfy the *Daubert* Standard**
15
16       The quality of expert opinion in this case must be of the highest caliber because the
17  outcome will have far-reaching effects on all current and future criminal defendants in San
18  Francisco County.  An expert witness must have "scientific, technical, or other specialized
19  knowledge that will help the trier of fact to understand the evidence or determine a fact in issue[.]
20  Fed. R. Evid. 702(a).  That expertise must produce "testimony . . . based on sufficient facts or data
21  . . . [that is] the product of reliable principles and methods" which have been reliably applied. Fed.
22  R. Evid. 702(b)–(d).  Furthermore, such testimony is considered reliable only if the expert's
23  methods can be tested, have a low error rate, and the resulting theory has been subject to peer
24  review and is generally accepted within the scientific community.  *Daubert v. Merrill Dow*

1   *Pharmaceuticals*, 509 U.S. 579, 593–95 (1993); *see Kumho Tire Co. v. Carmichael*, 526 U.S. 137,

2   147 (1999) (requiring similar vetting for non-scientific expert testimony).

3         It is "critically important" that the trial court ensures experts are qualified to give reliable

4   opinions that will assist the trier of fact. *Jinro America v. Secure Investments Inc.,*266 F.3d 993,

5   1005 (9th Cir. 2001).   Proper qualification of an expert is particularly important where the

6   proffered expert is someone like a former judge, whose testimony "carries an aura of special

7   reliability and trustworthiness." *United States v. Gutierrez*, 995 F.2d 169, 172 (9th Cir. 1993).

8         Plaintiffs respectfully request that this Court exclude Judge Kopp's testimony about the

9   cost of alternatives to money bail as he does not support his economic analysis with evidence or

10   explain a verifiable methodology that could produce his results.   His economic projections about

11   the costs of pretrial services implementation in San Francisco use undisclosed data, principles and

12   methodology and thus risk confusing the trier of fact.   *Daubert*, 509 U.S. at 595 ("the focus, of

13   course, must be solely on principles and methodology, not on the conclusions they generate.").

14         Judge Kopp's unsupported statements about the cost of implementing alternatives to

15   money bail include:

16   - It will manifestly be too expensive and onerous for California to implement a
17     pretrial services program of the type which exists in D.C. or New Jersey. Exp. Rep.
18     ¶ 19.
19   - [S]hifting more than 300,000 defendants from privately funded bail to taxpayer-
20     funded pretrial release programs will strain California's already underfunded court
21     system." Exp. Rep. ¶ 21 (internal citations to the record omitted);
22   - By most conservative estimates, alternative pretrial release conditions that end
23     reliance on money bail will cost the state and counties (and taxpayers) an additional
24     $2,000,000,000 to $4,000,000,000 each year. Exp. Rep. ¶ 26.
25

26         Because Judge Kopp offers no basis for his testimony, his economic analysis amounts to

27   "[professional] judgment that does not provide an adequate basis for an opinion on an issue foreign

28   to [his professional] practice," which *Daubert* prohibits.   *Nelson v. Matrixx Initiatives, Inc*, No. C

1    09-02904 WHA, 2012 WL 3627399, at *12 (N.D. Cal. Aug. 21, 2012), *aff'd sub nom. Nelson v.*

2    *Matrixx Initiatives, Inc.*, 592 Fed. App'x 591 (9th Cir. 2015).  Judge Kopp's expertise is limited

3    to judicial matters rather than economic analysis or calculation of costs to implement public policy

4    innovations.  Judge Kopp offers no "reasoning or methodology that can be properly applied to the

5    facts in issue," and therefore his economic projections are misleading and prejudicial. *Daubert,*

6    509 U.S. at 592.

7         Judge Kopp's methodology appears to be no more than simple mathematics.  He calculates

8    the cost of a pretrial services program by taking the cost of pretrial services in a different

9    jurisdiction and multiplying it by a factor that represents that jurisdiction's population in

10    comparison to that of California.  For instance, he claims it would cost California roughly fifty-

11    eight times as much as D.C. to implement a pretrial program, because California's population is

12    fifty-eight times larger.  Exp. Rep. ¶¶ 17–18.  This calculation method cannot be considered "the

13    product of reliable principles and methods" required by Rule 702 or one that would be generally

14    accepted among economists.  It assumes that pretrial services programs increase exponentially

15    with population without justifying that premise or addressing economies of scale or other cost-

16    saving factors.  By simply multiplying data in an unverified manner and presenting as economic

17    analysis, Judge Kopp "unjustifiably extrapolate[s] from an accepted premise to an unfounded

18    conclusion." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (noting that in some cases a

19    trial court "may conclude that there is simply too great an analytical gap between the data and the

20    opinion proffered").  Judge Kopp's unexplained methods and unverifiable conclusions pose a high

21    risk of prejudicial effect because he is an accomplished judicial officer, and thus his opinions carry

22    an aura of reliability and trustworthiness. *See Gutierrez*, 995 F.2d at 172.  Plaintiffs therefore

23    request that this Court exclude all portions of Judge Kopp's testimony that make economic

1    projections using no discernible economic methodology.

2    **II.     Conclusion**

3          For the reasons above, Plaintiffs respectfully request the Court enter an Order excluding

4    all portions of Judge Kopp's testimony that purport to provide reliable economic analysis with no

5    citation to verifiable data, principles, or methodology.

6                                          Respectfully submitted,

7                                          /s/ Phil Telfeyan
8                                          Phil Telfeyan (California Bar No. 258270)
9                                          400 7th Street NW, Suite 602
10                                         Washington, D.C. 20004
11                                         (202) 505-2058
12                                         ptelfeyan@equaljusticeunderlaw.org
13                                         *Attorney for Plaintiffs*

14                              **CERTIFICATE OF SERVICE**

15         I certify that on October 31, 2017, I electronically filed the foregoing document with the

16    Clerk of the Court using the CM/ECF system, which will send notice of such filing to all attorneys-

17    of-record in this case.

18                                         */s/ Phil Telfeyan*
19                                         *Attorney for Plaintiffs*