HARMEET K. DHILLON (SBN: 207872)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendant Intervenors
California Bail Agents Association

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*<br><br>Defendants. | Case No. 4:15-cv-04959-YGR<br><br>**CALIFORNIA BAIL AGENTS ASSOCIATION'S REPLY IN SUPPORT OF DAUBERT MOTION TO EXCLUDE OPINION TESTIMONY OF TRUMAN MORRISON III**<br><br>Date:   December 12, 2017<br>Time:   2:00 p.m.<br>Place:  Courtroom 1, Fourth Floor<br>Judge:  Hon. Yvonne Gonzalez Rogers |

## I. INTRODUCTION

In opposing CBAA's Daubert Motion to Exclude the Opinion Testimony of Truman Morrison III ("Motion"), Plaintiffs argue that Mr. Morrison's testimony should be admitted because his "specialized legal knowledge allows him to opine about the efficacy of alternatives to money bail to assist the trier of fact." Dkt. 154, p. 2. Yet it is undisputed that Morrison has no knowledge of whether *any* "alternatives to money bail" would be "effective" in San Francisco County, and it is further undisputed that his "specialized legal knowledge" is confined narrowly to Washington, D.C. Morrison's testimony is unreliable, irrelevant, and based on insufficient facts or data to enable it to have any use to the trier of fact, and should be excluded from consideration in this case.

## II. ARGUMENT

Plaintiffs first argue that Morrison is "qualified to offer expert testimony," based on his experience as a sitting judge of the Superior Court of the District of Columbia. Dkt. 154, p. 2. While Morrison may arguably be qualified to offer expert testimony in *some context*, he lacks the qualifications to be an expert in this case, as neither his experience with the D.C. court system (Dkt. 71-6, ¶3), nor his review of "data from the DC Pretrial Service Agency" (Dkt. 135-1, p. 3), has any bearing on the constitutionality of California's bail laws or the application of a bail schedule in San Francisco County in the pre-arraignment period. Morrison's testimony patently is not "based on sufficient facts or data" that enable competent opinions to be rendered about the issues in *this case,* as required by FRE 702(c).

Next, Plaintiffs argue that Morrison's report is reliable "because his expertise enables him to analyze the bail system." Dkt. 154, p. 2. Plaintiffs fail to specify *which* bail system, and Morrison conceded at deposition that his knowledge was confined solely to Washington D.C.'s pretrial release and detention practices, and that he lacks any knowledge concerning either San Francisco County's bail system, or the viability of any alternatives that may be implemented here. As Plaintiffs acknowledge, "[e]xpert opinion is reliable when the knowledge underlying it has a reliable basis in the knowledge and experience of [the relevant] discipline" (Dkt. 154, p.2, *citing U.S. v. Sandoval-Mendoza,* 472 F.3d 645, 656 (9th Cir. 2006) (internal citations omitted)), and the "relevant

discipline" in this case is the bail system as it exists in San Francisco County, of which Morrison has no knowledge. *See* Dkt. 135-1, pp. 12-13 ("Q: Are you offering your expert opinion in this case about whether alternatives to San Francisco County's current system for pretrial release would be effective or practicable in San Francisco County? A: No. And let me state, Counsel, that I am not offering an expert opinion about anything in this litigation outside of the practices of the District of Columbia."). Morrison lacks a proper foundation from which to testify on the constitutionality of San Francisco County's bail system or the potential alternatives that would be viable in this jurisdiction, just as an expert on domestic markets "lack[s] a proper foundation from which to testify on foreign markets." *Mac Sales, Inc. v. E.I. du Pont de Nemours & Co,* 24 F.3d 747, 753 (5th Cir. 1994).

Finally, Plaintiffs argue that Morrison's testimony is relevant because it "demonstrates that San Francisco's bail system is not narrowly tailored to a substantial government interest." Dkt. 154, p. 3. But Morrison himself concedes that his testimony cannot establish whether viable, less-restrictive alternatives to San Francisco County's use of money bail exist (*see* Dkt. 135-1, pp. 12-13), and therefore his testimony does not tend to make this fact – which is "of consequence," in any case, only if the Court applies strict scrutiny to Plaintiffs' claims – more or less probable under FRE 401. Nor does Morrison's testimony concerning the alleged success of Washington D.C.'s system of pretrial release have any tendency to make more or less probable the fact that San Francisco County's detention of a criminal arrestee prior to arraignment bears a rational relationship to ensuring the appearance of the arrestee, which is the only inquiry of consequence to a rational basis review standard. [1] For these same basic relevancy reasons, CBAA disagrees with Plaintiffs' assertion that Morrison's testimony is alternatively admissible as fact testimony, and argues that the testimony should be excluded for all purposes.

The fact that a foreign jurisdiction (Washington D.C.) with different resources, budgetary restraints, population sizes, and crime rates has altered its use of money bail, does not demonstrate that San Francisco County could implement similar changes in a way that would allow San

---

[1] Ironically, while arguing that Morrison's testimony is relevant to whether San Francisco's bail scheme is rational, Plaintiffs cite exclusively to the testimony of Michael Jones, thereby further demonstrating that Morrison's testimony has no application to this case. *See* Dkt. 154, pp. 5-6.

Francisco County to meet its compelling government interests – the comparison is "apples and oranges." *See, e.g., Quinones v. Pennsylvania General Ins. Co.*, 804 F.2d 1167 (10th Cir. 1986) (testimony based on statistics for hourly wage figures for production workers in jewelry manufacturing was irrelevant in computing lost income of a self-employed watch repairmen). Indeed, the only similarities Plaintiffs cite between San Francisco and Washington D.C. is that they are both "major metropolitan area[s]" (Dkt. 154, p. 4), which hardly suffices for relevance purposes.

Plaintiffs use the remainder of their Opposition, improperly, as a vehicle to argue the merits of their case by repeating findings set forth in the reports of Morrison and Plaintiffs' other expert witness, Michael Jones, and discussing case law. These recitals bear no relation to whether Morrison's testimony is admissible, waste judicial resources, and should be ignored.

### III.  CONCLUSION

For the foregoing reasons and those set forth in its Motion, Defendant Intervenor CBAA respectfully requests that this Court issue an order excluding from consideration all opinion testimony by Morrison, including any and all references thereto, in the Motions for Summary Judgment or at trial.

Respectfully submitted,

Date: November 21, 2017                    DHILLON LAW GROUP INC.

By:   /s/ Krista L. Baughman
Harmeet K. Dhillon (SBN: 207872)
Krista Baughman (SBN: 264600)
Attorneys for Defendant Intervenors
California Bail Agents Association