UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANA BUFFIN, ET AL.,**<br><br>Plaintiffs**,**<br><br>vs.<br><br>**CITY AND COUNTY OF SAN FRANCISCO, ET AL.,**<br><br>Defendants**.** | CASE NO. 15-cv-04959-YGR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AS MODIFIED BY THE COURT**<br><br>Re: Dkt. No. 140 |

Now before the Court is plaintiffs' motion for class certification. (Dkt. No. 140 ("Motion").) Having carefully considered the papers submitted, the pleadings in this action, the oral arguments held on December 12, 2017, and the parties' comments to the Court's proposed class definition, and for the reasons set forth below, the Court **GRANTS AS MODIFIED BY THE COURT** plaintiffs' Motion.[1]

**I. RELEVANT BACKGROUND**

The facts at issue in this case are well known to the parties and the Court. The Court adopts in full the background section of its order denying plaintiffs' and CBAA's motions for summary judgment. (*See* Dkt. No. 191.) The Court summarizes the procedural background pertinent to the instant motion below.

In response to CBAA's opposition to the motion for class certification,[2] plaintiffs Riana Buffin and Crystal Patterson redefined the proposed class as follows:

---

[1] With respect to the various *Daubert* motions filed by plaintiffs and California Bail Agents Association ("CBAA") (Dkt. Nos. 134, 137, 138, & 139), the Court **DENIES** these motions **WITHOUT PREJUDICE** to resubmitting them after a revised trial order has been issued. In so doing, the Court reiterates its concerns as to the evidentiary foundation for the experts' opinions.

[2] The Court granted CBAA leave to file an opposition to plaintiffs' motion. (*See* Dkt. No. 142.)

> [A]ll pre-arraignment arrestees who are or who will be in the custody of the City and County of San Francisco who have the option of monetary release under current state law but remain in custody for any amount of time because they cannot afford their bail amount.

(Plaintiffs' Reply Brief in Support of Motion for Class Certification, Dkt. No. 168 at 1 ("Plaintiffs' Reply").) In light of the oral arguments on the motion, the Court proposed for comment the following modified class definition:

> All pre-arraignment arrestees (i) who are, or will be, in the custody of the City and County of San Francisco; (ii) whose bail amount is determined by the Felony and Misdemeanor Bail Schedule as established by the Superior Court of California, County of San Francisco; (iii) whose arrest has not been reviewed by a judicial officer; and (iv) who remain in custody for any amount of time because they cannot afford to pay their set bail amount.

(Order re: Class Certification and Plaintiffs' Requested Relief, Dkt. No. 178 at 2 ("Court's Inquiry").) The Court also asked plaintiffs' counsel, Mr. Phil Telfeyan of Equal Justice Under Law, to supplement the record with information regarding his adequacy to represent the proposed class and to clarify the relief sought by plaintiffs.[3]

Plaintiffs, CBAA, and Sheriff Vicki Hennessy (the "Sheriff") (collectively, the "parties") responded timely to the Court's inquiry. Plaintiffs principally approved of the Court's proposed definition but questioned whether the limitation in subsection (iii) was necessary. (Plaintiffs' Response to Inquiry at 2.) The Sheriff proposed two revisions. First, she suggested that "the City and County of San Francisco" in subsection (i) be changed to "the San Francisco Sheriff" to reflect that the Sheriff is the proper defendant, and that she acts in her capacity as a state official when enforcing the Bail Schedule. (Dkt. No. 182.) Second, the Sheriff proposed that subsection (iii) be revised to delete the reference to those "whose arrest" has not been reviewed by a judicial officer and to substitute instead "whose terms of pretrial release" have not been reviewed by a

---

[3] In this regard, Mr. Telfeyan indicated that plaintiffs seek "an order declaring unconstitutional and enjoining the use of the bail schedule for the class . . . . In addition, Plaintiffs believe that an injunction that outlines the framework for a replacement, non-monetary process for the class would be helpful." (Plaintiffs' Response to Court's Inquiry, Dkt. No. 181 at 2 ("Plaintiffs' Response to Inquiry").) The response contributed further to the Court's continuing concern regarding Mr. Telfeyan's adequacy.

2

judicial officer in light of the fact that judicial officers' review of arrests for probable cause occurs independently of any individualized judicial determination of the terms of pretrial release. (*Id.*) Next, CBAA suggested that subsection (iii) be modified in order to exclude from the class "those arrestees who are *eligible* to make a §1269c application, but who either have chosen not to . . . or who have done so and are still awaiting review by a judicial officer." (Dkt. No. 185 (emphasis in original).) Moreover, CBAA expressed concerns that the Court's proposed definition would not satisfy ascertainability by virtue of its inclusion of the terms "cannot afford" and "because." (*Id.*)

In its January 16, 2018 scheduling order, after denying plaintiffs' and CBAA's motions for summary judgment, the Court expressed lingering concerns over the adequacy of counsel and gave Mr. Telfeyan until February 8, 2018 to identify additional counsel to represent the proposed class jointly. (Dkt. No. 192.) Mr. Telfeyan notified the Court on February 2, 2018 that Equal Justice Under Law is now joined by Robert E. Sims and Steven M. Bauer from Latham & Watkins LLP as co-counsel. (Dkt. No. 203.)

In light of the parties' submissions, and for the reasons discussed below, the Court **CERTIFIES** the following class:

> All pre-arraignment arrestees (i) who are, or will be, in the custody of the San Francisco Sheriff; (ii) whose bail amount is determined by the Felony and Misdemeanor Bail Schedule as established by the Superior Court of California, County of San Francisco; (iii) whose terms of pretrial release have not received an individualized determination by a judicial officer; and (iv) who remain in custody for any amount of time because they cannot afford to pay their set bail amount.

## II. LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 23(a), the Court may certify a class only where "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Courts refer to these four requirements as "numerosity, commonality, typicality[,] and adequacy of representation." *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

Once the threshold requirements of Rule 23(a) are met, plaintiffs must then show "through

3

evidentiary proof" that a class is appropriate for certification under one of the provisions of Rule 23(b). *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). Here, plaintiffs seek certification under Rule 23(b)(2), which requires plaintiffs to establish that the "party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) ("Class certification under Rule 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive.") (internal quotation marks omitted).

"[A] court's class-certification analysis must be 'rigorous' and may 'entail some overlap with the merits of the plaintiff's underlying claim[.]'" *Amgen, Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *see also Mazza*, 666 F.3d at 588. The court considers the merits to the extent they overlap with the Rule 23 requirements. *Ellis*, 657 F.3d at 983. Nevertheless, "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen*, 133 S. Ct. at 1194–95. If a court concludes that the moving party has met its burden of proof, then the court has broad discretion to certify the class. *Zinser v. Accufix Research Inst.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

### III. DISCUSSION

Plaintiffs contend that they have established all requirements for certification of an injunctive relief class under Rule 23(b)(2). CBAA challenges the typicality and adequacy of representation elements of Rule 23(a).[4] Moreover, CBAA argues that the proposed class is not ascertainable.[5] The Court will first address the Rule 23(a) and 23(b)(2) requirements followed by

---

[4] With respect to numerosity, CBAA stated at oral argument that "if the class is clearly defined, there is likely not to be a dispute over that particular aspect of class cert." (*See* Transcript of Proceedings Held on December 12, 2017, Dkt. No. 186 at 52:14–16 ("Transcript").) Moreover, it indicated that it opposed commonality only to the extent that the definition "would include arrestees who already received an individualized determination and weren't subject to the bail schedule . . . ." (*Id.* at 53.) The Court's certified class definition assuages both of these concerns.

[5] In its opposition to plaintiffs' motion, CBAA objects to plaintiffs' citation to, and reliance on, certain articles by *Newsweek* and the *United Way Bay Area*. (CBAA's Opposition to Plaintiffs' Motion for Class Certification, Dkt. No. 158 at 13 ("CBAA's Opposition").) CBAA

4

ascertainability.[6]

### A. Numerosity

Rule 23(a) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As indicated at oral argument, neither CBAA nor the Sheriff contests that the numerosity requirement is met in the instant case. The Court concurs that the numerosity requirement is satisfied.

### B. Commonality

Commonality requires that the class members' claims "depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal quotation marks omitted). "Rule 23(a)(2) has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "[T]he key inquiry is not whether the plaintiffs have raised common questions . . . but rather, whether class treatment will 'generate common *answers* apt to drive the resolution of the litigation.'" *Abdullah*, 731 F.3d at 957 (quoting *Dukes*, 564 U.S. at 350) (emphasis in original). "This does not, however, mean that *every* question of law or fact must be common to the class; all that Rule 23(a)(2) requires is 'a single *significant* question of law or fact.'" *Id.* (quoting *Mazza*, 666 F.3d 581 at 589) (emphasis in original). "[F]or purposes of Rule 23(a)(2), even a single common question will do." *Dukes*, 564 U.S. at 359 (alteration and quotation marks omitted).

The Court finds that plaintiffs have demonstrated sufficient commonality to satisfy Rule 23(a)(2) because the resolution of one question, that is, whether the Sheriff's use of the Bail

---

does so on three grounds: (1) neither article is properly authenticated pursuant to Federal Rule of Evidence 901; (2) neither article is supported by the declaration testimony of a witness with knowledge that the articles are what they claim to be; and (3) the content of the articles is inadmissible hearsay. (*Id.*) The Court agrees with the substance of CBAA's objections, sustains the objections, and has not incorporated the contents of the articles into its analysis.

[6] To the extent plaintiffs' and CBAA's initial arguments still apply to the Court's certified class definition, the Court addresses them herein. The Court does not address arguments that have been mooted by changes made to plaintiffs' proposed class definition or by concessions made by the parties at oral argument or in subsequent filings.

Schedule prior to arraignment violates the Equal Protection or Due Process clauses of the Fourteenth Amendment, will resolve "in one stroke" all class members' claims. *Abdullah*, 731 F.3d at 957; *see also Rodriguez v. Hayes*, 591 F.3d 1105, 1122–24 (9th Cir. 2010) (finding commonality even though class members were detained pursuant to different statutes and under different factual circumstances because a single question, namely, whether a bond hearing was required for individuals detained longer than six months, was "posed by the detention of every member of the class and their [individual claims would] largely be determined by its answer"). Further, in keeping with the purpose of class action litigation, settling this common question would "render management of [proposed members'] claims more efficient for the court" and "would also benefit many of the putative class members by obviating the severe practical concerns that would likely attend them were they forced to proceed alone." *Rodriguez*, 591 F.3d at 1123.[7]

### C. Typicality

"The typicality requirement looks to whether the claims of the class representatives [are] typical of those of the class, and [is] satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Rodriguez*, 591 F.3d at 1124 (internal quotation marks omitted). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named

---

[7] CBAA's primary concern with respect to commonality—that plaintiffs' proposed class is over-inclusive to the extent it would include (i) arrestees who received an individualized determination pursuant to California Penal Code section 1269c and whose bail amount, as a result, was set at an amount different from the scheduled amount; and/or (ii) arrestees detained after arraignment—is moot in light of the Court's certified class definition. The Sheriff "agrees that this case presents questions of law that are common to members of the class . . . ." (Sheriff Vicki Hennessy's Response to Plaintiffs' Motion for Class Certification, Dkt. No. 157 at 3 ("Sheriff's Response to Motion").)

plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon*, 976 F.2d at 508 (internal quotation marks omitted). "Where the challenged conduct is a policy or practice that affects all class members, . . . the cause of the injury is the same"; thus, the analysis requires "comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class." *Armstrong v. Davis*, 275 F.3d 849, 868–69 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005).

The Court finds the typicality requirement satisfied. All class members had their bail amounts set by the Bail Schedule and were unable to afford their set bail amounts. CBAA's argument that plaintiffs are not typical of the class because neither of them remained in custody due to her inability to afford bail is unavailing. CBAA points to the fact that plaintiff Patterson was ultimately, after having spent approximately 29 hours in jail, able to pay the surety bail agent a deposit amount of $1,500 with the help of family members. As to plaintiff Buffin, CBAA argues that she made a "personal choice" to not attempt to obtain financial help from family members or friends so that she could post a bail bond. (CBAA's Opposition at 11.) Given these circumstances, CBAA avers that plaintiffs lack a common interest in representing the class and do not even appear to be members of the proposed class. However, CBAA's focus on plaintiffs' potential ability to obtain money from third parties does not persuade: plaintiffs were *personally* unable to pay their set bail amounts, and as a result spent longer periods in jail than they otherwise would have.[8] The Court is not willing to exclude individuals from the class based on whether or not they could ask friends and family members for bail money.

CBAA's additional argument that plaintiffs' claims are not typical because plaintiffs' detentions predated the implementation of the Public Safety Assessment ("PSA") Tool is also unavailing. As the Sheriff noted and plaintiffs confirmed, "Plaintiffs claim that California's statutory scheme is unconstitutional notwithstanding the current or past operation of the OR Project, and . . . [CBAA's] arguments for the scheme's constitutionality likewise do not depend on

---

[8] Plaintiffs have both stated that if they had personally been able to pay their set bail amounts they "would immediately pay for [their] freedom." (Dkt. No. 136-7 ¶ 6; Dkt. No. 136-12 ¶ 6.)

the OR Project's existence or manner of operation . . . ." (Plaintiffs' Reply at 13; *see also* Sheriff's Response to Motion at 4.) Thus, the typicality of plaintiffs' claims is unaffected by the implementation of the PSA Tool on April 30, 2016.[9]

The Court finds that plaintiffs' claims are typical of those of the certified class members, as both plaintiffs' claims and those of the class members arise from the Sheriff's use of the Bail Schedule. The injury alleged is the same injury suffered by all of the certified class members, that is, the violation of the class members' Due Process and Equal Protection rights through the Sheriff's use of the Bail Schedule. Similarly, all class members share the remedy sought, namely, an order declaring unconstitutional and enjoining the Sheriff's use of the Bail Schedule.

### D. Adequacy of Representation

Rule 23(a)(4) permits the certification of a class only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In this regard, the Court must consider: "(1) [whether] the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) [if] the representative plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, CBAA has not raised any potential conflicts of interest, and the Court cannot discern any in this case.[10] While the Court previously harbored concerns regarding plaintiffs' counsel's adequacy to represent the proposed class, the Court is now satisfied in light of his recent filing that plaintiffs' counsel, now joined by and Robert E. Sims and Steven M. Bauer of Latham & Watkins LLP as co-counsel, will prosecute this action vigorously moving forward and adequately represent the interests of the class members.

---

[9] CBAA would appear to agree in light of this clarification by plaintiffs on reply. Specifically, CBAA noted in its opposition that "[t]o the extent that Plaintiffs' . . . claims *will depend upon the role and/or use of the Public Safety Assessment Tool in San Francisco*, the Plaintiffs' claims are not typical of the class claims." (CBAA's Opposition at 11) (emphasis supplied).

[10] Rather, CBAA's argument against adequacy mirrors its argument against typicality—that plaintiffs are not members of the proposed class because neither of them remained in custody due to her inability to afford bail. Because the Court addressed this argument previously, it need not do so again here.

8

### E. Rule 23(b)(2)—Injunctive Relief Class

CBAA does not dispute the propriety of an injunctive relief class under Rule 23(b)(2). Accordingly, and because a "single injunction or declaratory judgment would provide relief to each member of the class," the Court finds that the certified class meets the requirements of Rule 23(b)(2). *Dukes*, 564 U.S. at 360.

### F. Ascertainability

CBAA argues that the proposed class is not ascertainable because the phrase "cannot afford" is ambiguous. (CBAA's Opposition at 6.) According to CBAA, "the class must be sufficiently definite so that it is feasible for the court to determine the membership by reference to objective criteria." (*Id*. at 5 (internal quotation marks omitted).) CBAA does not persuade. The Ninth Circuit has not adopted an ascertainability requirement. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 n.4 (9th Cir. 2017).[11] Moreover, it has specifically held that "Rule 23 does not impose a freestanding administrative feasibility prerequisite to class certification." *Id*. at 1126. Accordingly, the Court finds that plaintiffs' inclusion of the phrase "cannot afford" in its proposed class definition does not preclude certification.

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiffs' Motion is **GRANTED AS MODIFIED BY THE COURT**. The Court **CERTIFIES** the following class:

\\

\\

\\

---

[11] With respect to 23(b)(2) classes specifically, the logic of *Briseno* is particularly apt given that the focus of such classes is on the indivisible nature of the remedy sought. *See Cole v. City of Memphis*, 839 F.3d 530, 542 (6th Cir. 2016) ("The decisions of other federal courts and the purpose of Rule 23(b)(2) persuade us that ascertainability is not an additional requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief."); *Shelton v. Bledsoe*, 775 F.3d 554, 563 (3d Cir. 2015) ("The nature of Rule 23(b)(2) actions, the Advisory Committee's note on (b)(2) actions, and the practice of many of [sic] other federal courts all lead us to conclude that ascertainability is not a requirement for certification of a (b)(2) class seeking only injunctive and declaratory relief . . . .").

All pre-arraignment arrestees (i) who are, or will be, in the custody of the San Francisco Sheriff; (ii) whose bail amount is determined by the Felony and Misdemeanor Bail Schedule as established by the Superior Court of California, County of San Francisco; (iii) whose terms of pretrial release have not received an individualized determination by a judicial officer; and (iv) who remain in custody for any amount of time because they cannot afford to pay their set bail amount.

2. The Court **APPOINTS** lead plaintiffs Riana Buffin and Crystal Patterson as class representatives of the certified class.

3. The Court **APPOINTS** Phil Telfeyan, Catherine Sevcenko, Rebecca Ramaswamy, and Marissa Hatton of Equal Justice Under Law, and Robert E. Sims and Steven M. Bauer of Latham & Watkins LLP as class counsel.

This Order terminates Docket Numbers 134, 137, 138, 139, and 140.

**IT IS SO ORDERED.**

Dated: February 26, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**