HARMEET K. DHILLON (SBN: 207872)
harmeet@dhillonlaw.com
BRANDON BAUM (SBN: 121318)
bbaum@dhillonlw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendant Intervenor
California Bail Agents Association

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> VICKI HENNESSY in her official capacity as the San Francisco Sheriff, *et al.* <br><br> Defendants. | Case No. 4:15-cv-04959-YGR <br><br> **CBAA'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING NEGATIVE OUTCOMES ALLEGEDLY RESULTING FROM PROLONGED PRETRIAL DETENTION** <br><br> Trial Date: September 17, 2018 <br> Time: 8:30 a.m. <br> Place: Courtroom 1, Fourth Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

## I.     INTRODUCTION

In considering this motion *in limine*, it is important to remember what this case is *not* about. This is not a case about whether the San Francisco Sheriff should use a risk assessment tool (e.g. the "PSA"[1]) in its pretrial release processes – in fact, San Francisco already uses both the PSA and secured money bail, in conjunction with one another, to provide two independent options for pre-arraignment release.

Nor is this a case about potential consequences of long-term pretrial incarceration, because "this action concerns the 48 hours between arrest and arraignment." Order Denying MSJs (Dkt. 191), p. 18, FN 27.[2]

Rather, this case is about whether the Court should eliminate for class members one of the two presently available pre-arraignment release options – the secured money bail option – leaving class members with only the option for pre-arraignment release under the PSA.

Plaintiffs intend to submit evidence that "negative outcomes" result from prolonged pretrial detention. Such evidence is irrelevant to this case; rather, the only relevant inquiry would be as to any "negative outcomes" resulting from the amount of additional time a person who secures release under the PSA is detained beyond a person who secures release by bail (which the data shows is 12-15 hours, as discussed below). Because there is no evidence that addresses the timeframe of detention that is relevant to this case, CBAA respectfully submits that evidence and argument concerning "negative outcomes" of pretrial detention should be excluded.

---

[1] Plaintiffs have proposed the use of a "risk assessment tool" without specifying which tool should be used by the Sheriff in lieu of the Bail Schedule. *See* Dkt. 221, FN 2. The Public Safety Assessment ("PSA") is the risk assessment tool actually used in San Francisco County at present.

[2] Any Fourteenth Amendment concerns stemming from detention *after* arraignment are not only irrelevant to this case, but have been fully addressed in *In re Humphrey,* 19 Cal. App. 5th 1006 (2018), which ensures defendants with a full hearing regarding financial ability to post bail and less restrictive conditions of release at arraignment.

## II. FACTUAL BACKGROUND AND ARGUMENT

Pursuant to San Francisco County's existing pretrial release and detention system[3] and California's Penal Code ("PC"), the OR Project administers to all "eligible[4]" arrestees the Public Safety Assessment ("PSA"), which generates a release recommendation based on the risk score generated by the PSA and a decision-making framework ("DMF"). Dkt. 133-1 (Stipulated Facts), ¶¶22-23. The OR Project then prepares an OR Workup, which includes the PSA release recommendation and other information about the arrestee, and presents the OR Workup either: a) to the duty judge for those arrestees eligible for pre-arraignment release,[5] or b) to the court at arraignment, for those arrestees who are not eligible for pre-arraignment release, under state law. Stipulated Facts, ¶¶ 23-24.

Arrestees are also constitutionally entitled to pre-arraignment release by posting "sufficient sureties"[6] in the form of bail, in an amount specified by the Felony and Misdemeanor Bail Schedule.

Thus, under San Francisco's current pretrial release and detention system, there are two separate and independent options to obtain pre-arraignment release:

(1) **the PSA Option:** allowing the OR Project staff to present the OR Workup to the duty judge; and

(2) **the Bail Option:** the Constitutionally-guaranteed right to release by posting "sufficient sureties" (bail), either by paying the full scheduled bail amount, or paying a commercial surety's deposit (typically, 10% of the scheduled amount).

---

[3] The current system, which utilizes the risk assessment tool proposed by Plaintiffs (the "PSA" tool), was not yet in place at the time named Plaintiffs Buffin and Patterson were arrested.

[4] To be eligible to receive the PSA, an arrestee must have one of the following: an onview charge as denoted by M99 or M97, a District Attorney Warrant (felony or misdemeanor), a Ramey Warrant, or a Grand Jury Indictment. *See* SHF000022.

[5] Cases eligible for pre-arraignment release are those that have an eligible charge (does not require a Penal Code §1270.1 hearing) and no holds or other booked matters precluding release, no felony probation or parole or PRCS supervision, and does not have 3 or more FTAs issued within 3 years. SHF000022.

[6] Cal. Const. Art. I, §12 ("A person shall be released on bail by sufficient sureties, except for … [reciting exceptions].")

Plaintiffs' proposed alternatives to the current system would eliminate the Bail Option for class members. *See* Dkt. 221 (setting forth proposed alternatives). Specifically, Plaintiffs propose as alternatives to the bail schedule that "the Sheriff's Department could: (1) rely solely on a computerized risk assessment process (such as the current San Francisco Public Safety Assessment ("PSA")) for all members of the plaintiff class; (2) reinstitute the San Francisco interview process for all members of the plaintiff class; and (3) use a combination computerized risk assessment and interview process, as has been done in other jurisdictions." Dkt. No. 221, p. 2.

The Sheriff has provided data regarding the duration of detention for defendants booked into the San Francisco jail in 2016. *See* SHF00235. This data enabled an analysis establishing the full context of the pre-arraignment detentions at issue, which concluded: 1) defendants released via surety bond spent an average of 12.6 hours in jail, with half being released within 9 hours (the median) and 90 percent being released within 25 hours; and 2) defendants released as a result of the OR Project and PSA spent an average of 24.5 hours in jail with half being released within 23 hours and 90 percent being released within 40 hours.[7]

Thus, arrested persons who exercise the Bail Option procure release, on average, 12.8 to 15 hours faster than those who obtain release through the PSA Option. Therefore, Plaintiffs must persuade the Court that providing pre-arraignment arrestees with the Bail Option that could *shorten* their detention by 12.8 to 15 hours is unconstitutional.[8]

Evidence of the "negative outcomes" resulting from prolonged pretrial detention is irrelevant to this case; rather, the only relevant inquiry would be as to "negative outcomes" resulting from remaining in custody an additional 12-15 hours, and obviously nothing beyond arraignment. *See*

---

[7] *See* Morris Opening Expert Report, pp. 3-4, assessing pretrial detention duration of both bail release and OR Project release based on the mean (average), 50th percentile (median), and 90th percentile statistics, based on the Sheriff's production of San Francisco-specific jail data; finding that defendants utilizing the bail option spend less time in jail as follows: 12.8 less hours based on the mean (average); 14 less hours based on the 50th percentile (median); 15 less hours based on the 90th percentile.

[8] CBAA will urge at trial that a 12-15 hour difference does not constitute a "significant deprivation" of plaintiffs' fundamental right to liberty, particularly where taking away the Bail Option for earlier release will only harm class members who opt for bail (*e.g.,* Plaintiff Patterson), without helping class members who don't.

*In re Humphrey,* 19 Cal. App. 5th 1006 (2018) (providing all defendants a full judicial consideration at arraignment). Because there is no evidence that addresses that particular 12-15 hour timeframe, evidence and argument concerning "negative outcomes" of pretrial detention should be excluded.

### III.   CONCLUSION

For the foregoing reasons, CBAA respectfully requests that Plaintiffs be precluded at trial from presenting any evidence or argument regarding the "negative outcomes" of prolonged pretrial detention.

Respectfully submitted,

Date: August 17, 2018                     DHILLON LAW GROUP INC.

By:   /s/ Krista L. Baughman_____
Harmeet K. Dhillon (SBN: 207872)
Brandon Baum (SBN: 121318)
Krista L. Baughman (SBN: 264600)
Attorneys for Defendant Intervenor
California Bail Agents Association