HARMEET K. DHILLON (SBN: 207872)
harmeet@dhillonlaw.com
BRANDON BAUM (SBN: 121318)
bbaum@dhillonlw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Defendant Intervenor
California Bail Agents Association

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, *et al.*<br><br>Defendants. | Case No. 4:15-cv-04959-YGR<br><br>**CALIFORNIA BAIL AGENTS ASSOCIATION'S DAUBERT MOTION TO EXCLUDE OPINION TESTIMONY OF ROBERT I. WEISBERG**<br><br>Trial Date: September 17, 2018<br>Time:       8:30 a.m.<br>Place:      Courtroom 1, Fourth Floor<br>Judge:     Hon. Yvonne Gonzalez Rogers |

CBAA Daubert Motion Re Weisberg                                               Case No. 4:15-CV-04959-YGR

## I.  INTRODUCTION

Plaintiffs bear the "initial burden as to the existence of a less restrictive alternative to achieve the government's interests" as compared to the San Francisco Sheriff's use of a bail schedule to set presumptive amounts for pre-arraignment release on bail (the "Current System"). Dkt. 191 (MSJ Order), p. 18. The proposed alternative must be shown to be "plausible," "less restrictive," and "at least as effective" as the Current System. *Id.* at p. 19. Plaintiffs have proposed three alternatives. *See* Dkt. 221.

Plaintiffs have designated as an expert witness Robert I. Weisberg ("Mr. Weisberg"), a Professor of Law at Stanford University and the faculty co-director of the Stanford University Criminal Justice Center. Mr. Weisberg's testimony falls into two main buckets: 1) opining as a legal scholar on the application of the Equal Protection and Due Process clauses to San Francisco County's pretrial bail system; and 2) offering general opinions on the utility of the commercial bail business and describing, in general terms, the parameters of some "alternative bail systems" in other jurisdictions. *See* Exhibit A (Weisberg report). Mr. Weisberg's testimony does not consider Plaintiffs' proposed alternatives or any data pertaining to San Francisco County, nor is Mr. Weisberg an expert in quantitative analysis, a trained social scientist, or research methodologist. Rather, his testimony is based on his experience as a legal scholar.

As Mr. Weisberg has no special expertise in anything but law, his testimony is excludable under *inter alia, Daubert* and Federal Rule of Evidence 702 ("Rule 702").

## II.  LEGAL STANDARDS

Federal Rules of Evidence, Rule 702 governs the admissibility of expert testimony and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

"[T]he Rules of Evidence ... assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merril Dow Pharms., Ins.,* 509 U.S. 579, 591 (1993); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999); *Primiano v. Cook,* 598 F.3d 558, 564-566 (9th Cir. 2010). Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert,* 509 U.S at 591 (internal citations omitted).

### III.     Mr. Weisberg's Legal Conclusions Are Unlikely To Assist the Trier of Fact

The first bucket of Mr. Weisberg's testimony – his opinions about the constitutionality of pretrial detentions under the Fourteenth Amendment, and his analysis of Supreme Court jurisprudence on the subject – is unlikely to assist the trier of fact in this case. The constitutional issues posed are "matters of law for the court's determination," are thus "inappropriate subjects for expert testimony," and will be "utterly unhelpful" to the trier of fact. *Aguilar v. International Longshoremen's Union* 15 *Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992); *see also United States v. Ortland*, 109 F.3d 539, 545 (9th Cir. 1997) (discussing subjects that do not need expert illumination."). CBAA respectfully submits that the Court is well suited to make decisions on the legal issues without expert testimony on the law.

### IV.     Mr. Weisberg's Testimony is Not Relevant, is Not Based on Sufficient Facts or Data, and is Not the Product of Reliable Principles or Methods Reliably Applied

Mr. Weisberg's remaining testimony is not based on or tied to "facts or data in the case that [he] has been made aware of or personally observed." Rule 702. In fact, many of his opinions seem not to relate to this case in any way, and he appears not to be familiar with Plaintiffs' proposed alternatives to the County's existing pretrial release system.

For instance, Mr. Weisberg opines that "a lower bail schedule would be an improvement over the current system" (Weisberg report, ¶16), but Plaintiffs have conceded that they do not challenge the specific amounts set out in the Bail Schedule. *See* Dkt. 191, p.7; Dkt. 153, p. 22. Further, the "alternatives to a commercial bail system" that he articulates are not even the same "plausible alternatives" that Plaintiffs propose in this case. *Compare* Dkt. 221 (Plaintiffs' proposal to replace

bail with a risk assessment test, an interview process, or a hybrid) *with* Weisberg report, ¶¶ 19-23 (discussing, *inter alia,* cash-deposit bonds, unsecured bonds, and assignment of counsel as alternatives to a commercial bail system). Mr. Weisberg opines that "the court can employ a reliable risk-assessment tool to get the best possible information in order to fashion the best arrangement for each defendant," (Weisberg report, ¶22) – a contested factual issue in this case – but neither identifies which tool he refers to, nor cites to any data to support this conclusion.

Further, Mr. Weisberg has consulted no data and has conducted no research specific to San Francisco County's pretrial release and detention system. Instead, Mr. Weisberg merely summarizes and relies on scholarly articles and news sources, the majority of which were published by pretrial reform advocacy groups. *See, e.g.,* Weisberg report, ¶¶ 26-27, 30 (relying on a "report card" compiled by the "advocacy organization" Pretrial Justice Institute to score "how well the states are doing in moving from traditional cash bail to…alternatives."). In opining that pretrial reform alternatives that have been enacted in other jurisdictions could be feasible for San Francisco County, Mr. Weisberg resorts to "[a]ssuming some validity to the evidence of their [the alternatives'] success." Weisberg report, ¶35. He states that "[g]iven the difficulty of getting even state-wide reliable data, we can only guess what county variations there are in terms of success," but nonetheless opines that "[t]he inference is that any jurisdiction can successfully commit itself to abolishing commercial bail if there is political will." *Id.,* ¶36. Such testimony is not the product of reliable principles or methods reliably applied to the facts of the case under Rule 702.

In sum, Mr. Weisberg offers no value to the trier of fact in determining whether Plaintiffs' proposed plausible alternatives – which Mr. Weisberg does not even directly mention or address – are sufficient to allow a judicial ruling regarding the constitutionality of the Sheriff's use of a bail schedule.

### V. CONCLUSION

For the foregoing reasons, Defendant Intervenor CBAA respectfully submits that because Mr. Weisberg has no special expertise in anything but law, his testimony is excludable under Federal Rule of Evidence 702.

Respectfully submitted,

Date: August 17, 2018                    DHILLON LAW GROUP INC.

By:   /s/ Krista L. Baughman
Harmeet K. Dhillon (SBN: 207872)
Brandon Baum (SBN: 121318)
Krista Baughman (SBN: 264600)
Attorneys for Defendant Intervenor
California Bail Agents Association