DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JEREMY M. GOLDMAN, State Bar #218888
TARA M. STEELEY, State Bar #231775
NEHA GUPTA, State Bar #308864
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6762 (Goldman)
               (415) 554-4655 (Steeley)
               (415) 554-4665 (Gupta)
Facsimile:     (415) 554-4699
E-Mail:        jeremy.goldman@sfcityatty.org
               tara.steeley@sfcityatty.org
               neha.gupta@sfcityatty.org

Attorneys for Defendant
SHERIFF VICKI HENNESSY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SHERIFF VICKI HENNESSY, in her official capacity,<br><br>Defendant.<br><br>vs.<br><br>CALIFORNIA BAIL AGENTS ASSOCIATION,<br><br>Defendant Intervenor. | Case No. C15-04959 YGR<br><br>**SHERIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE AND ARGUMENT ABOUT PRACTICES OF THE SAN FRANCISCO SUPERIOR COURT AND/OR SAN FRANCISCO CRIMINAL JUSTICE AGENCIES CONCERNING BAIL STACKING AND CHARGING DECISIONS**<br><br>Trial Date:  September 17, 2018<br>Time:        8:30 a.m.<br>Place:       Courtroom 1, Fourth Floor<br>Judge:       Hon. Yvonne Gonzalez Rogers |

## INTRODUCTION

The Sheriff did not anticipate filing a motion in limine in this case. However, at 5:00 p.m. on August 13, the evening before the parties were scheduled to meet and confer, Plaintiffs circulated draft portions of a Pretrial Conference Statement in which they disclosed for the first time that they would call Deputy Public Defender Tal Klement to testify that "the charging practices in San Francisco City and County amplify the harmful effects of the bail schedule," that "San Francisco has a practice of stacking charges in order to increase a detainee's total bail amount, whereas other jurisdictions in California do not permit charge stacking," and that "California criminal offenses that can be charged as felonies or misdemeanors—'wobbler offenses'—are consistently charged as felonies so that the corresponding bail amount under the Bail Schedule is higher." None of these allegations appear in the Third Amended Complaint ("TAC"); they appear to concern practices of entities not before this Court; and they are irrelevant to Plaintiffs' claim. This Court has repeatedly held that this case is a facial challenge to the constitutionality of California law. The Court gave Plaintiffs ample opportunity to refine their claims, and dismissed claims (along with defendants on those claims) that purported to allege a "policy and practice" in San Francisco distinct from the requirements of California law. Based on those decisions, the Sheriff elected not to defend the case. To allow Plaintiffs to assert new and different claims now would cause severe prejudice and delay.

We do not know whether Plaintiffs intend to offer this testimony as a basis for the imposition of liability. If so, the Court should grant this motion on the ground that Plaintiffs are asserting claims not within the scope of the action, and that effectively implicate non-parties. If not, the Court should grant this motion because the evidence is irrelevant and would create a sideshow about whether the San Francisco Superior Court, District Attorney, and whomever else Plaintiffs would seek to blame for these practices, are bad actors—in a forum in which they are not here to defend themselves and respond to evidence that they may consider inaccurate, misleading, or incomplete.

## ARGUMENT

Plaintiffs cannot assert claims based on the practices about which Mr. Klement will testify, if that is Plaintiffs' intent, because those claims were not alleged in the TAC. *See* ECF No. 71. This Court has already found that the Sheriff is the defendant here only because and insofar as she enforces

the bail schedule, as she is required to do by state law. The claims against San Francisco, and the *Monell* claim against the Sheriff, were dismissed because the TAC did not allege any unconstitutional local policies or practices. ECF No. 99 at 10-15. This Court has never referred to such practices in its orders setting forth the relevant facts of the case. *See, e.g.*, ECF Nos. 55, 99, 119, 191, 214. The Sheriff does not know even now whom Plaintiffs believe to be responsible for these practices—whether the San Francisco Superior Court, District Attorney, Police Department, Sheriff's Department, or others. That question would have been a subject for exploration had Plaintiffs alleged them in the TAC and asserted claims on that basis, and those entities would have had to have been joined as defendants, or at a minimum, could have sought to intervene to defend themselves once they realized they were under attack. But the TAC was silent on these matters.

Plaintiffs have stipulated that the Sheriff assigned bail to Plaintiffs in accordance with the requirements of California law and the Superior Court's bail schedule. ECF No. 136-1 ¶ 42. In certifying the class, the Court found that Plaintiffs satisfied the commonality requirement "because the resolution of one question, that is, whether the Sheriff's use of the Bail Schedule prior to arraignment violates the Equal Protection or Due Process clauses of the Fourteenth Amendment, will resolve 'in one stroke' all class members' claims." ECF No. 214 at 6. It found that the typicality requirement was satisfied because "[a]ll class members had their bail amounts set by the Bail Schedule and were unable to afford their set bail amounts." *Id.* at 7. This and this alone is the factual predicate of Plaintiffs' claim. By contrast, there are doubtless members of the class who were charged with only a single offense, and thus could not have had charges stacked; there are also likely members of the class who did not have "wobblers" charged as felonies or who were not subject to other charging decisions that Plaintiffs consider inappropriate. Those differences cannot matter to the resolution of the class-wide legal question here; if they do, the class may have been inappropriately certified.

Mr. Klement's testimony about these subjects cannot be rendered proper if Plaintiffs simply disclaim an intent to impose liability based on them. That disclaimer would confirm that the subjects are an irrelevant distraction. Moreover, his testimony alone is an inadequate basis for reliable fact-finding by this Court. Mr. Klement could describe what he has seen, but since neither the bail schedule nor charging decisions are made by public defenders, there are surely other actors in those

processes who have seen different things and may have a different understanding of them. Those people, however, will not be at the trial to provide the Court with their perspective, because they did not know that their practices were on trial.[1]

Based on Plaintiffs' comments during the meet-and-confer on August 14, we understand that Plaintiffs intend to make two arguments. First, they contend that the absence of any allegations concerning these practices in the TAC does not matter because they can conform the pleadings to the evidence. *See* Fed. R. Civ. P. 15(b)(1). But Rule 15(b)(1) does not allow for amendment where there is "bad faith, undue delay, prejudice to the opposing party, [and/or] futility of amendment." *See Trinh v. Santa Clara Valley Water Dist.*, No. 5:13-CV-05913-EJD, 2016 WL 1212642, at *1–3 (N.D. Cal. Mar. 29, 2016) (quoting *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)); *Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010). The Sheriff will suffer significant prejudice should allegations concerning local practices be entertained at this stage: She decided not to defend this action based on her understanding, confirmed by this Court in numerous prior orders, that the action concerned only the constitutionality of state law and not any local practices. An amendment under Rule 15(b)(1) that would permit what is effectively a new claim, potentially implicating non-parties, is obviously prejudicial, and no brief continuance could solve the problem. *See Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 767 (9th Cir. 2015).

Second, Plaintiffs contend their counsel asked questions about bail stacking (if not the other subjects) at one or more depositions of CBAA witnesses. But it is the complaint, not questions at depositions, that provides notice of the claim being asserted. Fed. R. Civ. P. 8; *see also* ECF No. 55 at 8 (granting San Francisco's motion for a more definite statement because Plaintiffs had not specified "whether they challenge a statewide law imposing a duty on superior court judges to 'prepare, adopt, and annually revise a uniform countywide schedule of bail,' Cal. Penal Code § 1269b(c), or whether

---

[1] Plaintiffs amended their initial disclosures on May 3, 2018 to identify Mr. Klement, but said only that "he may either have knowledge or information regarding relevant facts or be in possession of discoverable information that Plaintiffs may use to support its claims or defenses including the operation of money bail and alternatives for pretrial justice." CBAA did not depose him; the Sheriff did not notice any depositions in the case, consistent with her statement that she would not defend the constitutionality of state law—which this Court's prior decisions established as the only question.

1  they challenge the City's application of this state law").[2]  Mr. Klement's proposed testimony would
2  return this case to the state of confusion that led this Court to grant the City's motion for a more
3  definite statement two and half years ago.
4       Finally, Plaintiffs told us they object to this motion procedurally because we did not circulate it
5  on August 10 as required by this Court's Standing Order.  But they did not tell us until the evening of
6  August 13 that they intended to offer testimony on these subjects.  We have done everything we can
7  under the circumstances.  At the next morning's meet-and-confer, we told them we would move to
8  exclude the testimony if Plaintiffs intended to proceed with it; we began drafting the motion
9  immediately afterwards; we served it on Plaintiffs before noon the next day, August 15, and offered to
10 discuss it further; we told them we would file it on August 17 when the other motions in limine were
11 due; and we told them we had no objection to an opposition by August 24, giving them nine days to
12 respond to a motion we drafted in one.  The circumstances of this motion exemplify the prejudice from
13 allowing Plaintiffs to change course now:  The Sheriff drafted a motion overnight in response to
14 Plaintiffs' belated disclosure of testimony on new subjects, and Plaintiffs claim this Court should not
15 consider it because the Sheriff did not serve it "on time"—*i.e.*, before Plaintiffs disclosed the
16 testimony.  The Court should not permit Plaintiffs to conduct the litigation this way.

17 Dated:  August 17, 2018

18
                              DENNIS J. HERRERA
19                               City Attorney

20                             By:    /s/*Jeremy M. Goldman*
                              JEREMY M. GOLDMAN
21
22

---

23    [2] Objections to relevance are rarely, if ever, made at a deposition, because they are not waived by failure to do so.  Fed. R. Civ. P. 32(d)(3)(A); *Fitbit, Inc. v. P-Cove Enterprises*, No. 3:17-CV-
24 00079-EMC(KAW), 2018 WL 2215465, at *2 (N.D. Cal. May 15, 2018) ("relevancy is generally not an appropriate objection during a deposition"); *Haiping Su v. United States*, No. C09-02838 EJD
25 HRL, 2012 WL 1094642, at *1 n.2 (N.D. Cal. Mar. 29, 2012).  They are not a basis for instructions not to answer.  *Robinson v. Chefs' Warehouse*, No. 3:15-CV-05421-RS(KAW), 2017 WL 4509142, at
26 *3 (N.D. Cal. Oct. 10, 2017).  As a result, depositions frequently, if lamentably, include the exploration of irrelevant subjects.  Unsurprisingly, then, deposition questions also do not support an
27 amendment under Rule 15(b).  *Ryan*, 786 F.3d at 767 n.5; *see also Consol. Data Terminals v. Applied Digital Data Sys., Inc.*, 708 F.2d 385, 396 (9th Cir. 1983).  And putting that aside, Plaintiffs did not
28 ask questions about the other matters they identify as the subject of Mr. Klement's testimony.