**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RIANA BUFFIN, ET AL.,**<br>Plaintiffs,<br>vs.<br>**CITY AND COUNTY OF SAN FRANCISCO, ET AL.,**<br>Defendants. | CASE NO. 15-cv-04959-YGR<br><br>**ORDER RE: PLAINTIFFS' MOTION TO STRIKE AND FOR CLARIFICATION REGARDING CBAA'S SEPARATELY FILED CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 297 |

The Court is in receipt of plaintiffs Riana Buffin's and Crystal Patterson's Motion to Strike and for Clarification Regarding the California Bail Agents Association's ("CBAA") Separately Filed Cross-Motion for Summary Judgment (Dkt. No. 297), and CBAA's opposition thereto (Dkt. No. 298). Having carefully considered the papers submitted, and for the reasons set forth below, the Court **GRANTS** plaintiffs' motion.

This Court's Standing Order in Civil Cases ("Standing Order") provides, in relevant part, as follows:

> Any cross-motion for summary judgment shall be contained within the opposition to any motion for summary judgment [and] shall contain twenty-five (25) pages or less . . . . The reply to a motion may contain up to fifteen (15) pages [and] shall include the opposition to any cross-motion . . . .

(Standing Order ¶ 9(e).) In accordance therewith, the Court instructed CBAA at the pretrial conference held on September 7, 2018 not to file a separate cross-motion simultaneously with plaintiffs' motion so as to avoid extra briefing. (Pretrial Conference Transcript ("Tr.") at 53:11–14, Dkt. No. 280.)

Despite the Court's Standing Order and instruction at the pretrial conference, CBAA filed *two* briefs on October 19, 2018: (i) a 24-page opposition to plaintiffs' motion for summary judgment (Dkt. No. 294); and (ii) a 25-page cross-motion for summary judgment (Dkt. No. 295).

In justification thereof, CBAA points to the prior round of cross-motions for summary judgment in this case, in which plaintiffs and CBAA each filed their own 25-page motion, 25-page opposition, and 15-page reply, totaling six briefs. However, the *prior* summary judgment motion practice in this case does not excuse *present* nonconformance with the Court's Standing Order.[1]

Accordingly, CBAA's opposition to plaintiffs' motion for summary judgment and its cross-motion for summary judgment are **STRICKEN**. CBAA is hereby Ordered to file a *single* brief, of no more than twenty-five (25) pages, which contains *both* their opposition and cross-motion, pursuant to ¶ 9(e) of the Standing Order. Such brief must be filed by no later than **Thursday, November 1, 2018**. Plaintiffs will have until **Tuesday, November 20, 2018** to file their single fifteen (15)-page brief consisting of both their reply in support of their motion for summary judgment and their opposition to CBAA's cross-motion. CBAA's fifteen (15)-page reply in support of its cross-motion shall be due on **Tuesday, December 4, 2018**. The briefing schedule regarding plaintiffs' motion to revoke CBAA's intervenor status (Dkt. No. 287) shall remain unchanged. However, the hearing on *all* motions is **CONTINUED** to **Tuesday, January 8, 2018** at **2:00 p.m.** in the Federal Courthouse, 1301 Clay Street, Oakland, California in Courtroom 1.

As for plaintiffs' request for clarification regarding arguments previously ruled on by the Court, plaintiffs are incorrect that CBAA was required to seek leave to file a motion for reconsideration pertaining to the appropriate standard of review in this case. Indeed, the Court explained at the pretrial conference with respect to the recent Fifth and Eleventh Circuit decisions in *ODonnell* and *Walker*: "It's not binding authority. . . . So it doesn't fall within the administrative motion because there is no change in the law in the Ninth Circuit. But certainly it can be raised as additional authority in opposition – or your – your own cross-motion." (*See* Tr. at 54:24–55:5.) While the Court is not inclined to revisit the governing standard of review absent

---

[1] CBAA correctly notes that plaintiffs were required to file either a stipulation pursuant to Civil Local Rule ("L.R.") 7-12 or a declaration explaining why a stipulation could not be obtained. L.R. 7-11(a). Plaintiffs' counsel should know better. However, given the high likelihood that CBAA would have refused to strike one of its two briefs voluntarily, the Court declines to strike plaintiffs' motion. Plaintiffs' counsel is advised that in the future, the Court may strike plaintiffs' filings for failure to comply with the Local Rules.

2

binding authority on the issue, the Court leaves to CBAA the choice to use its limited pages as it sees fit.

This Order terminates Docket Number 297.

**IT IS SO ORDERED.**

Dated: October 26, 2018

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**