UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RIANA BUFFIN, ET AL.,**<br>　　　Plaintiffs,<br><br>　　vs.<br><br>**CITY AND COUNTY OF SAN FRANCISCO, ET AL.,**<br>　　　Defendants. | CASE NO. 15-cv-04959-YGR<br><br>**FINAL JUDGMENT AND INJUNCTION** |

On March 4, 2019, this Court issued its Order Granting Plaintiffs' Motion for Summary Judgment holding that Sheriff Vicki Hennessy's use of the San Francisco Felony and Misdemeanor Bail Schedule ("Bail Schedule") to determine pretrial release violates the Due Process and Equal Protection Clauses of the United States Constitution ("March 4 Order"). (Dkt. No. 314.)

Thereafter, and based upon the real parties-in-interest's request and considerations of federalism, the Court allowed those parties time to resolve the action with a global comprehensive solution. On Friday, August 30, 2019, the parties notified the Court that they had reached a settlement as to the appropriate remedy to be imposed in this case except for two outstanding issues. (Dkt. No. 368.) Attaching a heavily-negotiated "Stipulated Final Judgment Remedying Constitutional Violations," the parties agreed, in summary, to an injunction prohibiting the use of the Bail Schedule, detailed modifications of the procedures for pretrial release as a plausible alternative to the current use of the Bail Schedule, and to monitoring for an effective period of eighteen (18) months. (*Id.*)

On Tuesday, September 03, 2019, the parties appeared before the Court regarding the settlement and the outstanding issues. First, plaintiffs argued that the Court should include the

1   proposed provision which allows arrestees charged with offenses enumerated in California Penal
2   Code section 1270.1(a) to have the right to submit an application under section 1269c seeking own
3   recognizance release prior to arraignment. The Sheriff took no position on the issue. Second, the
4   parties confirmed that an award of attorneys' fees and costs should come later after a motion and
5   further negotiation.

6   Accordingly, to effectuate the March 4 Order, and based upon previous briefing, principles
7   of federalism, good cause, and pursuant to stipulation by the parties, the Court **FINDS** that the
8   additional proposed procedures are appropriate as part of a plausible alternative to the
9   constitutional violation and the Court **HEREBY ADJUDGES** as follows:

10  (I)  The San Francisco Sheriff's Department (hereafter "Sheriff") is enjoined from
11       using the Bail Schedule, or any form or derivative thereof that requires or has as its
12       effect that the existence and duration of pre-arraignment detention is determined by
13       an arrestee's ability to pay.

14  (II) For all arrestees booked on an offense not enumerated in California Penal Code
15       § 1270.1(a), and who are arrested without a warrant and are not otherwise ineligible
16       for pre-arraignment OR release under state law:

17       (A)  The arrestee's PSA Report, along with all other portions of the OR Workup
18            reasonably available to the OR Project, shall be submitted to the San
19            Francisco Superior Court within eight (8) hours from the time of booking.[1]

20       (B)  The Sheriff shall release the arrestee at eighteen (18) hours from the time of
21            booking if: (1) the Superior Court has not rendered a decision on OR release

---

[1] For purposes of this Stipulated Judgment, "Own Recognizance" or "OR" release refers to any release not conditioned on payment of bail, and includes releases subject to any non-financial conditions. The OR Workup refers to the report created by the OR Project of the San Francisco Pretrial Diversion Project (hereafter, "OR Project") which contains the arrestee's criminal history, the police report, a cover sheet, and the PSA Report. "Booking" refers to the time that ID confirmation for an arrestee is received. The Sheriff shall maintain all reasonable procedures to ensure that ID confirmation is received as swiftly as possible. To the extent circumstances beyond the OR Project's or the Sheriff's control render the completion of the PSA Report impossible within eight (8) hours, the OR Project will exercise best efforts to complete the PSA Report as soon as feasible. The automatic release provision of Section II does not apply in cases where the OR Project has been unable to complete the PSA Report for reasons beyond the OR Project's or the Sheriff's control.

|   |   |   |
|---|---|---|
| | | at that time (which decision shall otherwise control) and (2) the PSA Report for the arrestee does not indicate "release not recommended." |
| | (C) | Release pursuant to this Section shall treat as binding the recommendation of the PSA Report as to any conditions of release, and release procedures shall be carried out as if the release recommendations in the PSA Report had been adopted by the Superior Court. No arrestee shall be entitled to release without signing an agreement to be bound by the conditions of release contained in the PSA Report's recommendation. An arrestee who is being released subject to recommended Assertive Case Management (ACM) procedures by the OR Project shall not be released from custody before completing any procedures necessary to implementing the release conditions. |
| (III) | | For all arrestees booked on an offense enumerated in California Penal Code § 1270.1(a), for whom pre-arraignment OR release is not available under current law, the provisions of Section II shall not apply. |
| (IV) | | The procedures for seeking alterations on release, as currently reflected in California Penal Code § 1269c, shall be modified as follows: |
| | (A) | For all arrestees booked on an offense not enumerated in California Penal Code § 1270.1(a), a peace officer who (1) has reasonable cause to believe that an arrestee may not appear at arraignment, or poses a threat to public safety, or (2) expects that specific information not yet provided will be delivered within the next twelve (12) hours and will probably provide reasonable cause to believe that an arrestee may not appear at arraignment, or poses a threat to public safety, shall prepare a declaration under penalty of perjury setting forth the facts and circumstances in support of his or her belief and file it with a magistrate or commissioner. Such a declaration may be filed at any point throughout the 18-hour period referenced in Section II, and will, without further judicial action, serve to extend the 18-hour period |

3

|   |   |   |
|---|---|---|
| | | by an additional twelve (12) hours. |
| | (B) | For all arrestees booked on an offense not enumerated in California Penal Code § 1270.1(a), the arrestee or their attorney, friend or family member shall have the right to submit an application under California Penal Code § 1269c to the magistrate or commissioner seeking a swifter judicial decision than the automatic 18-hour release provision provided for in Section II.  Such an application shall not alter the obligation in Section II.A. |
| | (C) | For all arrestees booked on an offense enumerated in California Penal Code § 1270.1(a), the arrestee or their attorney, friend or family member shall have the right to submit an application under California Penal Code § 1269c to the magistrate or commissioner seeking OR release prior to arraignment. |
| (V) | | The obligations of this Stipulated Judgment are conditioned on the enactment of legislation by the City and County of San Francisco approving the Stipulated Judgment and providing additional funding to enable the OR Project to operate twenty-four (24) hours a day, seven (7) days a week.  The Sheriff shall expend all reasonable efforts to seek a final vote on the enactment of such legislation within ninety (90) days of entry of this Stipulated Judgment.  The Stipulated Judgment shall take full effect ninety (90) days after the enactment of such legislation.  If the City and County of San Francisco has, notwithstanding the Sheriff's efforts, not enacted such legislation within ninety (90) days of entry of this Stipulated Judgment, the Stipulated Judgment shall be vacated, and unless the parties jointly notify the Court that they have agreed to extend the time, the Court shall issue its own final judgment in this matter. |
| (VI) | | The parties shall separately file, and the Court shall separately rule, on the issue of attorneys' fees and costs. |
| (VII) | | The Court shall retain jurisdiction over this matter until eighteen (18) months after the terms of this injunction go into full effect pursuant to Section V, and Plaintiffs shall be provided comprehensive reports every three (3) months in order to monitor |

the Sheriff's compliance with this Stipulated Judgment and its efficacy at remedying the constitutional harm, and to bring matters to the Court's attention as appropriate.  The parties shall meet and confer in good faith so as to ensure the reports provided are sufficient for such monitoring purposes.  The Sheriff will make good faith efforts to begin to gather data regarding time of arraignment for all arrestees.  The reports are currently expected to include:

- Data regarding arrestees' initiation of booking, charges, time of ID Confirmation, and time of PSA Report submission and OR Workup submission(s);
- Data regarding PSA Report recommendations;
- Data regarding the operation of Section II, including but not limited to data regarding the arrestees deemed ineligible for pre-arraignment release pursuant to Section II.B;
- Data regarding OR judicial decisions;
- Data regarding all automatic releases pursuant to Section II;
- Data regarding individual arrestees' total length of incarceration and the manner and timing of any release;
- Data regarding the number of affidavits submitted by peace officers pursuant to Section IV.A, including information on timing;
- Data regarding the number of applications submitted on behalf of arrestees pursuant to Sections IV.B and IV.C, including information on timing and ultimate determinations, to the extent such information (if any) is available.

The first report shall include data from the year prior, including and up to the first three months from the date the provisions of this Order become operative and shall be due thirty (30) days after the expiration of that period, with additional reports to be filed every three months thereafter.  This provision imposes no obligation except as to data in the possession of the Sheriff or the OR Project, or reasonably available to them, and shall not require the provision of data other than is maintained or will

5

|   |   |
|---|---|
| (VIII) | This Stipulated Judgment is intended to address the timing of release decisions pre-arraignment and is not otherwise intended to interfere with changes to the processes by which the Superior Court makes release determinations, including changes to the way in which risk assessments are conducted or by which entity they are conducted.  Nothing in this Stipulated Judgment shall prevent the Sheriff from releasing any person subject to terms of pretrial release who has received an individualized determination by a judicial officer. |
| (IX) | To the extent the Superior Court, California legislature, or any other entity seeks to implement material changes that may implicate the terms of this Stipulated Judgment or the pre-arraignment processes set forth herein, including to the manner in which high risk arrestees may be identified by the PSA Report for the purposes of the exception to the automatic release provisions of Section II.B, the parties shall meet and confer over potential alterations to the terms of this Stipulated Judgment and thereafter notify this Court of any joint proposal or inability to reach agreement, which may include petitioning the Court to dissolve or modify the Stipulated Judgment. |

be maintained in the ordinary course of business.

A compliance hearing shall be held on the Court's **9:01 a.m.** calendar on **Friday, November 22, 2019**, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California.  Five (5) business days prior to the date of the compliance hearing, the parties shall file a joint statement providing the Court with a status update.  If compliance is complete, the parties need not appear, and the compliance hearing will be taken off calendar.[2]

**IT IS SO ORDERED.**

Dated: September 3, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[2] Defendant-Intervenor California Bail Agents Association's request for entry of judgment (Dkt. No. 326) is hereby **TERMINATED** as **MOOT**.