LATHAM & WATKINS LLP
  Robert E. Sims (CA Bar No. 116680)
  Sadik Huseny (CA Bar No. 224659)
  Tyler P. Young (CA Bar No. 291041)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: +1.415.391.0600
Facsimile: +1.415.395.8095
Email: Bob.Sims@lw.com
Email: Sadik.Huseny@lw.com
Email: Tyler.Young@lw.com

EQUAL JUSTICE UNDER LAW
  Phil Telfeyan (CA Bar No. 258270)
Equal Justice Under Law
400 7th Street NW, Suite 602
Washington, D.C. 20004
Telephone: +1.202.505.2058
Email: Ptelfeyan@equaljusticeunderlaw.org

Attorneys for Plaintiffs
*Riana Buffin and Crystal Patterson*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RIANA BUFFIN and CRYSTAL PATTERSON, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VICKI HENNESSY in her official capacity as the San Francisco Sheriff, *et al.*,<br><br>Defendants. | CASE NO. 4:15-cv-04959-YGR<br><br>**NOTICE OF AGREEMENT AND PROPOSED ORDER REGARDING PLAINTIFFS' ATTORNEYS' FEES AND COSTS PURSUANT TO 42 U.S.C. § 1988** |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

Plaintiffs and Defendant the San Francisco Sheriff are pleased to inform the Court that, in an effort to avoid additional motion practice in this case, they have reached agreement as to the appropriate award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Because this case involves a certified class, the parties present a brief description of the relevant issues below, and present the Proposed Order Awarding Attorneys' Fees and Costs, attached as **Exhibit A**, for the Court's approval.

## I. The Parties' Agreed-Upon Award for Attorneys' Fees and Costs

After four years of litigation, Plaintiffs achieved an order from this Court granting summary judgment and finding that "the Sheriff's use of the Bail Scheduled significantly deprive[d] plaintiffs of their fundamental right to liberty, and a plausible alternative exist[ed] which [wa]s at least as effective and less restrictive for achieving the government's compelling interests in protecting public safety and assuring future court appearances." Dkt. 314 at 40. And following substantial negotiations between Plaintiffs and the Sheriff regarding a resolution as to the appropriate judgment and injunction to remedy the Constitutional violation found, the Court "enjoined [the Sheriff] from using the Bail Schedule, or any form or derivative thereof," and imposed an injunction securing "release [of an] arrestee at eighteen (18) hours from the time of booking if [] the Superior Court has not rendered a decision on OR release at that time" and other criteria are met. Dkt. 372 at 2–3.

Having obtained relief that "material[ly] alter[ed] [] the legal relationship of the parties," Plaintiffs are prevailing parties. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601, 604 (2001).

Counsel from Equal Justice Under Law (who researched and initiated this action) and class counsel from Latham & Watkins have spent a combined total of over 8,000 hours litigating this case since its inception, including through motions to dismiss, motions to intervene, two rounds of discovery, trial preparations, two summary judgment motions, and ultimately a highly negotiated relief stage. In particular, the time devoted to this matter reflected that fact that the case involved (1) substantial early motion practice; (2) intervention by the California Bail Agents Association, which aggressively defended the case after the San Francisco Sheriff, the sole remaining

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

government defendant, elected not to defend the constitutionality of the San Francisco Bail Schedule; (3) two rounds of extensive fact and expert discovery; (4) trial preparation up to the eve of trial; (5) renewed summary judgment briefing; and (6) an extensive relief stage, which required designing a heavily negotiated constitutional pretrial release system.

Were Plaintiffs to seek full payment for all hours spent on this case at their customary rates, the total fees charged would be $6,136,120.28. Even had the parties agreed to lower rates, for example, the *Laffey* matrix[1] which has been used as an approximation of reasonable attorneys' fees in similar matters (though certainly not a ceiling), the combined fees charged would be $3,360,725.37. Counsel have also incurred significant out-of-pocket costs over the course of this litigation, totaling at least $157,449.77. Nevertheless, the parties have agreed that a total settlement, encompassing both attorneys' fees and costs of **$1,950,000** is a reasonable award in this matter. This settlement figure represents a 42% reduction from the total calculated under the *Laffey* matrix rates and a 68% reduction of the total calculated using full market rates.

The parties agree that this substantially discounted sum is reasonable both in light of the substantive and procedural complexities involved in litigating this case and because of the relief obtained on behalf of the class. The amount will also adequately cover all of Plaintiffs' out-of-pocket costs.

Consistent with its general practice in pro bono engagements, upon the receipt of an award of fees and costs, Latham & Watkins intends to cover its costs and donate the full amount of attorneys' fees it receives in support of public interest causes.

## II. Payment of the Award

The Sheriff was sued in this case solely in her official capacity. Dkt. 71. An official-capacity suit is treated as one against the governmental entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Pistor v. Garcia*, 791 F.3d 1104, 1112 (9th Cir.

---

[1] *See* USAO Attorney's Fees Matrix – 2015-2019, https://www.justice.gov/usao-dc/file/796471/download (last accessed Nov. 18, 2019). The *Laffey* Matrix has been used as an approximation of reasonable attorneys' fees in similar matters, but it is not the ceiling, and courts in this District have found hourly rates costlier than those provided for in the *Laffey* matrix to be reasonable. *See, e.g.*, *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010); *GemCap Lending I, LLC v. Unity Bank Minnesota*, No. 18-CV-05979-YGR, 2019 WL 3842010, at *5 (N.D. Cal. Aug. 15, 2019).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

2015) ("official capacity suits ultimately seek to hold the entity of which the officer is an agent liable, rather than the official himself"). Because the Sheriff was acting as a State actor in enforcing the Bail Schedule in accordance with State law, *see* Dkt. 99 at 15, an award of attorneys' fees and costs under 42 U.S.C. § 1988 operates as a charge against the State of California.[2] *See Hutto v. Finney*, 437 U.S. 678, 693–94 (1978) (fee awards are "payable by the States when their officials are sued in their official capacities."); *Echols v. Parker*, 909 F.2d 795, 797 (5th Cir. 1990) (finding county officials are state actors and awarding fees against the state where their actions were "more comparable to the duty of a county sheriff in enforcing a state law than to any county administrative decision or policy implementation.") (internal quotation marks omitted); *McGee v. Cole*, 115 F.Supp.3d 765, 773 (S.D. W.Va. 2015) (if the clerks were sued for enforcing state law, any fees are "to be paid by the State of West Virginia"); *Veasey v. Wilkins*, No. 5:14-CV-369-BO, 2015 WL 4622694, at *3 (E.D.N.C. July 31, 2015) (where Sheriff was following state law, any fees awarded must be paid by the State of North Carolina); *Laudermilk v. Fordice*, No. CIV. A.1:95CV161-D-D, 1997 WL 786776, at *12 (N.D. Miss. Nov. 14, 1997) (award charged to the State of Mississippi when county officials were pursuing their duties as state agents); *Herbst v. O'Malley*, No. 84 C 5602, 1995 WL 55252, at *9 (N.D. Ill. Feb. 8, 1995), *aff'd sub nom. Herbst v. Ryan*, 90 F.3d 1300 (7th Cir. 1996) (finding that Illinois State's Attorneys are state officials when sued in their official capacity in an action to enjoin the enforcement of an unconstitutional state statute, and consequently ordering the State of Illinois to pay Plaintiffs' attorneys' fees). An award of attorneys' fees and costs under § 1988 is properly directed against the State, "even though the State or one of its departments was not named as a party." *Spain v. Mountanos*, 690 F.2d 742, 744 (9th Cir. 1982) (citing *Hutto v. Finney*, 437 U.S. at 700).

Though initially named in this litigation, the Court dismissed the California Attorney General because "the Sheriff is the actor responsible for enforcing the challenged state law." Dkt. 99 at 20. The Attorney General never took any issue with the Sheriff being held to be the state actor with respect to these issues. Moreover, when the Sheriff declined to defend the

---

[2] At the time, then-Attorney General Kamala Harris agreed that the Sheriff was the party who "enforce[es] California Penal Code section 1269b" and therefore was acting on behalf of the state. Dkt. 77 at 6–7.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

constitutionality of the State law, the Attorney General informed Plaintiffs' counsel that she might seek to intervene to defend the State law at issue, but ultimately declined to do so (*see* Dkts. 105, 109).

Because the Sheriff is the relevant state actor in this litigation as found by the Court—and in fact, the only remaining defendant—the Sheriff is fully authorized to enter into this settlement. Nevertheless, because the State is ultimately the entity obliged to pay the award of fees and costs under § 1988, the City Attorney's Office reached out to the Office of the Attorney General and invited them to join the parties' negotiations regarding an agreement regarding Plaintiffs' award of fees and costs. The Office of the Attorney General declined to participate, but apparently does not believe that the State is responsible for the payment of a fees award.

In these circumstances, the parties believe there is no legal impediment to this Court's entry of the attached Proposed Order. Nevertheless, we will separately email this filing to Jose A Zelidon-Zepeda, Maria Otanes, and Melissa Mendiola with the Office of the Attorney General. Each of these individuals is already on ECF notification for this case, but the separate delivery will further highlight the filing to afford the Attorney General one additional opportunity to seek to weigh in on this matter.

If the Court deems it appropriate, the parties would not oppose providing the Attorney General two weeks' notice on this final issue. However, if no submission is made within two weeks—by December 6, 2019—the parties jointly request that the Court enter the Proposed Order Awarding Attorneys' Fees and Costs at that time. To the extent the Attorney General seeks leave to be heard and the Court grants it, the parties request an opportunity to respond to any filing by the Attorney General.

Plaintiffs reserve all rights to enforce the award once entered by the Court. In addition, although Plaintiffs have reached an agreement with the Sheriff on a negotiated fee and cost award for purposes of avoiding motion practice, should the Office of the Attorney General seek to oppose this agreement and award for any purpose whatsoever, and the Court ultimately declines to enter the parties' proposed order, Plaintiffs reserve all rights to seek the larger, full amount of their reasonable attorneys' fees and costs, including an appropriate multiplier, recoverable under

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

42 U.S.C. § 1988 and prevailing law, and the Sheriff reserves all rights to oppose any application that Plaintiffs may submit, including concerning Plaintiffs' entitlement to any fee award.[3]

As always, we would be pleased to address any questions the Court may have.

Dated: November 22, 2019                     Respectfully submitted,

                                                                LATHAM & WATKINS LLP
                                                                    Robert E. Sims
                                                                    Sadik Huseny
                                                                    Tyler P. Young

                                                                  By: /s/ Sadik Huseny
                                                                      Sadik Huseny

                                                                 *Attorneys for Plaintiffs*
                                                                 *Riana Buffin and Crystal Patterson*

Dated: November 22, 2019                     Respectfully submitted,

                                                                DENNIS J. HERRERA
                                                                 City Attorney

                                                                By: /s/ Jeremy M. Goldman
                                                                      Jeremy M. Goldman

                                                                 *Attorneys for Defendant*
                                                                 *Sheriff Vicki Hennessy*

---

[3] In the interest of resolving this issue via stipulated agreement, Plaintiffs have to date declined to pursue a multiplier, even though the "novelty and difficulty of the questions presented," the "results obtained," the "contingent" nature of the fee, as well as other factors, *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) justify a large multiplier. *See id.*; *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 n.6 (9th Cir. 2002) (customary range for multipliers in common fund cases is between 1.0 and 4.0). Plaintiffs intend to pursue an appropriate multiplier should the Office of the Attorney General seek to oppose this agreement and award for any purpose whatsoever. The Sheriff disagrees that any multiplier would be appropriate and would oppose such a request.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR

**SIGNATURE ATTESTATION**

I, Sadik Huseny, am the ECF user whose ID and password are being used to file this Notice of Stipulated Final Judgment Remedying Constitutional Violation.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from each of the other Signatories.

Dated:  November 22, 2019         /s/ Sadik Huseny
                                  Sadik Huseny

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

NOTICE OF AGREEMENT & PROPOSED ORDER RE:
PLAINTIFFS' ATTORNEYS' FEES & COSTS
CASE NO. 4:15-CV-04959-YGR