1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

7    RIANA BUFFIN, ET AL.,                              CASE NO. 15-cv-04959-YGR

8              Plaintiffs,                              **ORDER GRANTING PARTIES' STIPULATED**
                                                        **REQUEST TO ENTER FEES AGAINST STATE**
9         vs.                                           **OF CALIFORNIA**

10   CITY AND COUNTY OF SAN FRANCISCO, ET               Re: Dkt. No. 382
     AL.,
11
              Defendants.
12

13        The Court assumes familiarity with the lengthy procedural history of this action.  On

14   November 22, 2019 (Dkt. No. 382), plaintiffs and defendant the San Francisco Sheriff ("Sheriff")

15   filed a joint Notice of Agreement as to an award to plaintiffs of attorneys' fees and costs pursuant

16   to 42 U.S.C. section 1988, based upon the parties' agreement that plaintiffs are prevailing parties

17   in this litigation.  They seek Court approval of their agreement given that the case granted

18   injunctive relief to a certified class.  The parties stipulated to an award of $1,950,000.00

19   encompassing attorneys' fees and costs, a significant reduction from the lodestar they represent

20   plaintiffs accrued in the course of the litigation.  The only remaining issue for the Court to decide

21   is whether the award of attorneys' fees should be paid by the State of California. The parties

22   contend that, because the Sheriff enforced the Bail Schedule in accordance with state law the

23   Sheriff was a state actor and the State is responsible for the attorneys' fees and costs incurred in

24   the litigation.

25        The Court issued an order on December 3, 2019, inviting the State to submit a brief on its

26   position as to the propriety of an order directing the State to pay the attorneys' fees and permitting

27   the parties to respond.  (Dkt. No. 383.)  Having considered the State's position statement and the

28   responses of the parties, and for the reasons stated herein, the Court **ORDERS** that the State is

1  required to pay reasonable attorneys' fees and costs to plaintiffs in the amount of $1,950,000.00

2  pursuant to section 1988.

3  The United States Supreme Court in *Hutto v. Finney*, 437 U.S. 678 (1978), held that an

4  award under section 1988 may be directed against the State even though the State or one of its

5  departments was not named as a party when a plaintiff's suit is "for all practical purposes,

6  (brought) against the State itself." 437 U.S. at 700.  While the Eleventh Amendment may bar an

7  action under 42 U.S.C. section 1983 directly against a state, it does not bar an attorneys' fee award

8  against a state under section 1988 when the defendant's actions were as an agent of the state.  *Id.*

9  Subsequent to *Hutto*, the Supreme Court has confirmed that Eleventh Amendment

10  immunity does not apply to an award of attorneys' fees ancillary to a grant of prospective relief.

11  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 280 (1989).  While liability against a government

12  official in their personal capacity or legislative capacity will not permit an award of attorneys' fees

13  to run against the state, where state actors are sued in their official capacity, an award of fees may

14  run against the state.  *See Kentucky v. Graham*, 473 U.S. 159, 170–71 (1985) (no state liability for

15  fees where official sued in personal capacity is "fully consistent with *Hutto*"); *Supreme Court of*

16  *Virginia v. Consumers Union of U. S., Inc.*, 446 U.S. 719, 736–38 (1980) ("enforcement

17  authorities against whom § 1983 judgments have been entered would ordinarily be charged with

18  attorney's fees" but not officials who are immune because they are acting in in their legislative

19  capacity).

20  Relying on *Hutto*, the Ninth Circuit has affirmed a district court's authority to add state

21  officials as parties post-judgment in order to compel a state to pay attorneys' fees to a prevailing

22  party under section 1988.  *Spain v. Mountanos*, 690 F.2d 742, 743-45, 746 (9th Cir. 1982).

23  Similarly, the Fifth and Seventh Circuits have held that a fee award properly may be entered

24  against the state alone when both state and county enforcement officials are sued for their actions

25  enforcing a challenged state law.  *Herbst v. Ryan*, 90 F.3d 1300, 1302, 1306 (7th Cir. 1996)

26  (affirming district court order directing payment by State of Illinois of attorneys' fees incurred in

27  litigation naming two state officials and 102 county district attorneys as defendants); *Echols v.*

28  *Parker*, 909 F.2d 795, 800 (5th Cir. 1990) (affirming order directing State of Mississippi to pay

1    attorney fee award though state was not a party where action of local officials "much like that of a

2    county sheriff in enforcing a state law, may more fairly be characterized as the effectuation of the

3    policy of the State … embodied in that statute, for which the citizens of a particular county should

4    not bear singular responsibility," *quoting Familias Unidas v. Briscoe,* 619 F.2d 391, 404 (5th Cir.

5    1980)).

6            Early in this litigation, the Court determined the State and the Attorney General must be

7    dismissed because they were not proper parties under the Supreme Court's authority in *Ex Parte*

8    *Young*, 209 U.S. 123 (1908). (*See* Order at Docket No. 55.) As stated in *Ex Parte Young*, the

9    Eleventh Amendment prohibits a civil rights plaintiff from suing the state or its agencies directly

10   when seeking to enjoin enforcement of a challenged law, but instead requires such plaintiffs to

11   name the officials responsible for enforcement of the challenged law as defendants. *See id.* at 157

12   (in order to qualify for exception from Eleventh Amendment immunity, suit must be against

13   official who has "some connection with the enforcement of the act"); *Ass'n des Eleveurs de*

14   *Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) ("Plaintiffs are plainly

15   barred by the Eleventh Amendment from suing the State of California in federal court" but not

16   from suing Attorney General who directly supervises every district attorney charged enforcement

17   of the challenged state law). In its rulings, the Court concluded that the official who acted on

18   behalf of the State in enforcing the challenged bail schedule—and thus the proper defendant under

19   *Ex parte Young*—was the Sheriff. (*See* Dkt. No. 99.) At the same time, the Court dismissed the

20   City and County of San Francisco because "[t]he State is the relevant actor when the Sheriff

21   detains a person who does not pay bail," the bail schedule being a product of state law, not an

22   alleged "municipal policy or practice for which the County may be held liable." (*id.* at 15; *see also*

23   *id.* at 14 ["The Sheriff is not acting on behalf of the County."].) In other words, the Court found

24   that the Sheriff acts on behalf of the State when enforcing the Superior Court's bail schedule by

25   detaining those who are unable to pay the applicable amount. (*Id*. at 15.) Thus, the enforcement

26   actions challenged here were undertaken by the Sheriff as an agent of the State.[1]

27

28       [1] On November 23, 2016, the Court granted the Attorney General leave to intervene. The Attorney General declined to do so. (Dkt. No. 109.)

3

1  Under *Hutto* and its progeny, the State of California is liable for the reasonable attorneys'

2  fees incurred by the prevailing parties here in their action against the Sheriff sued for enforcement

3  of the State policy embodied in the bail schedule.  The State's response offers no authority or

4  analysis to undermine this conclusion.  That the State could not be liable on the merits due to

5  Eleventh Amendment immunity and *Ex Parte Young*, and was dismissed by this Court for that

6  reason, is of no moment.

7  The State's response raised no objection to the stipulated amount of attorneys' fees and

8  costs agreed upon by plaintiffs and the Sheriff.  Therefore, based upon the stipulation of the

9  parties, good cause appearing, and in accordance with 42 U.S.C. section 1988, the Court **ORDERS**

10  the State of California to pay plaintiffs' attorneys' fees and costs in the total amount of

11  **$1,950,000.00**.

12  **IT IS SO ORDERED.**

13  Dated: March 23, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4