**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RIANA BUFFIN, ET AL.,** <br>     Plaintiffs, <br><br>   vs. <br><br> **CITY AND COUNTY OF SAN FRANCISCO, ET AL.,** <br>     Defendants. | CASE NO. 15-cv-04959-YGR <br><br> **ORDER STAYING JUDGMENT UNDER RULE 62 AND IMPOSING BOND REQUIREMENT** <br><br> Re: Dkt. No. 400 |

On March 23, 2020, the Court entered an order granting plaintiffs and defendant Sheriff of San Francisco's stipulated request for entry of attorneys' fees against the State of California. The State appealed. Now before the Court is the State's motion to stay the March 23, 2020 order pending appeal without requiring the State to post a supersedeas bond.

Federal Rule of Civil Procedure 62(b) allows for a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. District courts have "inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). District courts also have discretion to waive the bond requirement. *See Int'l Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985). Courts typically consider five factors in determining whether waiver is appropriate: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *Dillon v. City of Chicago*, 866 F.2d 902, 904-905 (7th Cir. 1988).[1]

---

[1] The parties agree that the fifth *Dillon* factor is not applicable here.

The State, which "has the burden to 'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond," *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012), primarily argues that it has sufficient funds to pay the judgment and thus a bond would serve no purpose. The State's financial resources alone, however, do not warrant waiver of the bond requirement.[2] Nor is the Court persuaded by the State's assertion that it routinely pays judgments and has an established process for doing so. The *existence* of a process, even if routinely used, does not answer the question of whether that process is *expedient*. Here, evidence indicates the State's process for collecting plaintiffs' fee award likely may require a complex and time-consuming legislative appropriation or the passage of bills through the California legislature. Delay imposes a particularly acute hardship on a small public interest law firm like Equal Justice Under Law, which depends on fee awards for its continued operations and which faces challenges in light of the current public health and economic crisis.

*Pauma Band of Luiseno Mission Indians of Pauma & Yuima Reservation v. California*, No. 3:09-CV-1955-CAB-MDD, 2014 WL 12669557 (S.D. Cal. Aug. 28, 2014) highlights the importance of exercising caution in waiving the supersedeas bond requirement. There, the district court granted the State's request for a waiver of the bond requirement. It took two years for the State to complete the appellate process, and another several months for the State to complete a legislative appropriation allowing plaintiffs to collect their judgment. *Pauma Band of Luiseno Mission Indians of the Pauma & Yuima Reservation v. California*, 136 S. Ct. 2512, 2513 (2016) (denying *cert*. on June 27, 2016); S.B. 1187 (CA 2016) (appropriating funds to *Pauma* plaintiffs on Sept. 9, 2016). The Court anticipates the process here similarly will unfold laboriously, even if plaintiffs prevail through appeal after a period of years. On balance, the *Dillon* factors do not weigh in favor of waiving the bond requirement.

---

[2] The State provides evidence that it has a specific statutory process for a legislative apportionment and an alternative process by way of writ of execution. However, the State has not "guarantee[d]" its ability and willingness to pay as of date the appeals process concludes. COVID-19's effect on the state budget introduces additional uncertainty to the process. "[U]ntil there is absolute certainty that the [entity] has agreed unconditionally to pay the judgment in th[e] case, the mere existence of such possibility is an unacceptable substitute for the guarantees provided by a supersedeas bond." *McClure*, 680 F. Supp. 2d at 1028.

For the foregoing reasons, the Court hereby **STAYS** the March 23, 2020 order pending appeal. Further, the Court **DENIES** the request for waiver of the bond requirement and **ORDERS** the State to post a bond at 1.25 times the judgment. In light of potential procedural issues, the bond shall be posted no later than **October 30, 2020**. Failure to timely post the bond shall result in automatic lift of the stay.

This Order terminates Docket Number 400.

**IT IS SO ORDERED.**

Dated: June 30, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**