# EXHIBIT 1




**OFFICE OF THE SHERIFF**

**CITY AND COUNTY OF SAN FRANCISCO**

1 DR. CARLTON B. GOODLETT PLACE
ROOM 456, CITY HALL
SAN FRANCISCO, CALIFORNIA  94102

PAUL MIYAMOTO
SHERIFF

## San Francisco Sheriff's Office Implementation of Pre-Arraignment Release Timelines per the *Buffin* Injunction

This report summarizes data produced to Plaintiffs' counsel in accordance with Section VII of the Injunction. The Sheriff notes that the data summarized in this report reflects the impact of the COVID-19 pandemic, including a drop in the number of bookings following the Health Officer's Shelter-in-Place Order on March 16, 2020. The data also reflects a reduction in the number of cases presented for judicial review (and increase in the number of releases) following the Judicial Council's establishment of the Emergency Bail Schedule (Zero Bail) on April 13, 2020.

**Section 1 Historical Data**

  A.   **Bookings and Releases**



Phone: 415 554-7225    Fax: 415 554-7050
Website: sfsheriff.com    Email: sheriff@sfgov.org

The information presented below on average length of stay is calculated for *all* persons released during the time period, regardless of their original booking date. During the COVID-19 crisis, the criminal justice stakeholders worked together to reduce the jail population to allow for social distancing. These efforts included the early release of sentenced persons and the focused resolution of cases that had been in the pretrial phase for multiple years. The increase in average length of stay is a reflection of those additional releases (otherwise those people would not likely have been released during that period).

| Quarter | Total Bookings | Total Releases | Average Length of Stay in Days All Releases |
|---|---|---|---|
| 2019 Q1 | 4311 | 4428 | 29 |
| 2019 Q2 | 4615 | 4608 | 28 |
| 2019 Q3 | 4486 | 4537 | 24 |
| 2019 Q4 | 4171 | 4322 | 26 |
| Pre-Buffin: Jan 1 – Feb 19, 2020 | 2268 | 2269 | 30 |

B. **Pre-Arraignment Review**

The Public Safety Assessment (PSA) presented to the Judicial Officer includes a Decision Making Framework (DMF) with a recommendation for supervision: No Active Supervision (NAS); Minimum Supervision (MS); Assertive Case Management (ACM) or Release Not Recommended (RNR).





"OR-Not Filed" occurs when a separate criminal justice intervention results in the booked individual's release from custody. Under these circumstances, OR program staff identify someone as pre-arraignment eligible, and process the case for judicial review. Before the individual is reviewed or released by the judge, a separate intervention occurs. Examples include a "No Probable Cause" decision by the duty judge or case dismissal by the District Attorney's rebooking unit, which both effectively amount to a termination of the individual's charges. "OR-Not Filed" might also occur because the individual in question refused to agree to comply with conditions of pretrial release.



Release concurrence describes when the PSA's DMF recommends any of the three supervision levels and the judicial decision includes any of the release categories. The Release Not Recommended (RNR) concurrence describes the percentage of RNR recommendations that were denied release by the court.

| DMF Recommendation | Eligible | OR - Minimum | OR - NAS | SFPDP - ACM | Release Not Recommended |
|---|---|---|---|---|---|
| Q1 2019 | 351 | 63 | 169 | 62 | 57 |
| Q2 2019 | 370 | 71 | 173 | 54 | 72 |
| Q3 2019 | 394 | 63 | 189 | 62 | 80 |
| Q4 2019 | 394 | 57 | 182 | 60 | 95 |
| Pre-Buffin: Jan 1 - Feb 19 2020 | 222 | 36 | 107 | 33 | 46 |

4

| Judicial Decisions | Eligible | OR - MINIMUM | OR - NAS | SFPDP - ACM | DENIED | OR - NOT FILED |
|---|---|---|---|---|---|---|
| Q1 2019 | 351 | 73 | 75 | 51 | 148 | 4 |
| Q2 2019 | 370 | 75 | 77 | 61 | 153 | 4 |
| Q3 2019 | 394 | 70 | 97 | 58 | 169 | 0 |
| Q4 2019 | 394 | 70 | 107 | 73 | 138 | 6 |
| Pre-Buffin: Jan 1 - Feb 19 2020 | 222 | 45 | 56 | 32 | 87 | 2 |



ID confirmation times were not tracked prior to implementation of the *Buffin* procedures. The length of time in custody described above is for the number of hours from booking to release. The Sheriff is unable to determine the average hours to release for those released at arraignment because the Sheriff's Jail Management System (JMS) does not accurately track arraignment data.

**Section 2 Initial 3 months of Implementation 2/20/20 – 5/31/20**

A. **Bookings and Releases**

|  | Total Bookings | Total Releases | Average Length of Stay in Days All Releases |
|---|---:|---:|---:|
| 2020 Post Buffin Feb 20 to May 31 2020 | 3189 | 3505 | 46 |

The information presented on average length of stay is calculated for *all* persons released during the time period, regardless of their original booking date.



Bookings by Legal Proceedings
- Zero Bail; 318; 10%
- Pre-Arraignment Review Eligible; 306; 10%
- Citations Releases (within 18 hours); 316; 10%
- Pre-Arraignment Review Ineligible; 1477; 46%
- Warrants and Other Bookings; 772; 24%

Of the 3,189 bookings, Pretrial staff prepared PSA and OR-workups for 1,477 bookings for review by the arraignment court. These bookings were for individuals charged with an on view; no warrant arrest; or Ramey or District Attorney (DA) warrant and ineligible for citation, Zero Bail release or pre-arraignment review. Of these bookings, 940 were either discharged, dismissed with a motion to revoke either parole or probation, or reduced to misdemeanors

during the District Attorney's rebooking process and subsequently released on a citation. An additional five arrested on DA or Ramey warrants posted bail. The remaining 532 were arraigned after an average of 76 hours in custody.[1]

The category labeled as "Warrants and Other Bookings" includes a variety of bookings such as persons arrested for warrants from both local and other jurisdictions; state hospital returns; court remands; and persons held and released when sober.

B. **Number eligible for pre-arraignment review**

Between February 20 thru May 31, 2020, 306 bookings into the county jail were eligible for pre-arraignment review, or approximately 10% of all bookings. Without the introduction of the Emergency Bail Schedule on April 13th, the number eligible would have increased to 624, or approximately 20% of all bookings. Pretrial staff uploaded 291 of the OR workups including the PSA within the eight-hour deadline, a 95% compliance rate. There were fifteen instances when Pretrial staff uploaded the PSA and OR packets after the eight hours. Most of these occurred within the initial two weeks of implementation and were related to issues with the monitoring of the ID Confirmation log. The San Francisco Sheriff's Office (SFSO) addressed these challenges by instituting a shared electronic ID confirmation log accessible by SFSO and Pretrial staff.

| Metrics | |
|---|---:|
| count of workups | 306 |
| average time to upload (in hours) | 4 |
| late workups | 15 |
| average time to upload late workups (in hours) | 10 |

---

[1] On March 24, 2020, the Presiding Judge of the San Francisco Superior Court issued an Implementation Order increasing the time within which a defendant must be arraigned from 48 hours to seven days.

C.  **Charge Category Breakdown for those Eligible for Pre-Arraignment Review**

Charge category breakdown was determined by the most serious offense per booking.



D.  **Judicial Review**

There were two law enforcement agency requests for an extension received for pre-arraignment eligible arrestees.  Both of those matters were heard at hour 27.  Not all Pretrial data as it pertains to Law Enforcement Extensions (LEA) was uploaded at the time of the preliminary report. These two extensions applied to the same case with two co-defendants. The remaining 304 cases were all heard within the 18-hour deadline.

| Metrics | |
|---|---|
| count of OR-workups reviewed by duty judge within 18 hours absent a LEA declaration | 304 |
| average number of hours between ID confirmation and judicial decision | 7 |

8

The Public Safety Assessment (PSA) presented to the Judicial Officer includes a Decision Making Framework (DMF) with a recommendation for supervision: No Active Supervision (NAS); Minimum Supervision (MS); Assertive Case Management (ACM) or Release Not Recommended (RNR).



| | DMF | | | | | Judicial Decisions | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | OR - NAS | OR - Minimum | SFPDP - ACM | Release Not Recommended | Grand Total | OR - NAS | OR - Min | OR - ACM | Denied | Total |
| Post Buffin | 144 | 49 | 39 | 74 | 306 | 76 | 61 | 55 | 110 | 302 |

There were four cases where the OR paperwork was not filed after judicial decision. Two involved individuals who refused to sign an agreement to obey release conditions, one was released due to a no Probable Cause finding, and one was released through the rebooking process.

|  | RNR Denied Release | Percent RNR Concurrence | Recommended for Release with Release Decisions | Percent Release Concurrence |
|---|---|---|---|---|
| Post-Buffin: Feb 20 - May 31 2020 | 64 | 86% | 182 | 78% |

Release concurrence describes when the PSA's DMF recommends any of the three supervision levels and the judicial decision includes any of the release categories.  The Release Not Recommended (RNR) concurrence describes the percentage of RNR recommendations that were denied release by the court.

E. **Number and Time in hours from ID confirmation to Release**

| Metrics |  |
|---|---|
| count of judicial decisions for OR-NAS & MIN | 137 |
| average number of hours from ID-confirmation to release | 11 |

SFSO provides a Voluntary Late Release waiver for any person who wishes to defer a nighttime release until the next morning.  One OR-MIN client during the reporting period availed himself of this option.  This client had tested positive for COVID-19 during the booking process and was offered housing through the Department of Public Health that was not available until the following morning.  This client was in custody for 21 hours from ID confirmation to release which had some minimal impact on the average above.

Persons who are released with a supervision level of Assertive Case Management are met at release by Pretrial case management staff.  Depending on the time of the judicial review, this could occur the following morning.

| Metrics |  |
|---|---|
| count of judicial decision for ACM | 55 |
| average number of hours from ID-confirmation to release | 29 |

    F.  **1270.1 Petitions**

To date, we are aware of four defendants or their family or friends who have filed petitions for defendants not eligible for pre-arraignment review due to Penal Code Section 1270.1(a). Three were denied by the Court and the fourth involved charges that were discharged by the District Attorney prior to the Court's review.

*Reported Completed June 18, 2020*